UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FEN Z. CHEN, JIN L. DONG, DE Q. LIAN, DIAN LIN,
GONG Y. WANG, ZHU K. YONG, JIN D. YOU, and
CONG D. ZHENG,

                          Plaintiffs,

        - against -

REPUBLIC RESTAURANT CORP., REPUBLIC GC,
LLC, ME'KONG DELTA, INC., HUY CHI LE, LINH
HUE LE, and LIANG JIN LIN,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

07cv03307

**AMENDED COMPLAINT**

**ECF CASE**

      Plaintiffs Fen Z. Chen, Jin L. Dong, De Q. Lian, Dian Lin, Gong Y. Wang, Zhu K. Yong, Jin D. You, and Cong D. Zheng (collectively, "Plaintiffs"), by their undersigned attorneys, bring this action to recover damages arising out of their employment as take-out food delivery personnel at Republic, a restaurant located at 37A Union Square West, New York, New York, 10003 ("Republic").

## NATURE OF THE ACTION

      1.     Plaintiffs are current employees of defendants Republic Restaurant Corp., Republic GC, LLC, Me'Kong Delta, Inc., Huy Chi Le, Linh Hue Le and Liang Jin Lin (collectively, "Defendants"). Plaintiffs worked for Defendants at various times between 1997 through the present.

      2.     Throughout the course of their employment, Plaintiffs regularly worked for Defendants as many as six days a week, and more than sixty-five hours each week, for wages that fell below the legal minimum wage and without receiving overtime premiums as required by law.

3. As stated herein, Plaintiffs state claims for Defendants' failure to pay the minimum wage, failure to pay overtime, failure to pay "spread of hours" compensation, failure to pay for the cost of purchasing and maintaining required equipment, and unauthorized deductions, in violation of the Fair Labor Standards Act and New York State Labor Law.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), 29 U.S.C. § 216 and 28 U.S.C. §§ 1331 and 1337.

5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) in that the unlawful actions complained of occurred in, and the records relevant to such practices are maintained in, this District.

### PARTIES

PLAINTIFFS

7. Plaintiffs have been employed as take-out order delivery personnel by Defendants from 1997 through the present. Plaintiffs' family names are written as their last name, although in Chinese their family name would be the first name.

8. Plaintiff Fen Z. Chen has been employed as a delivery person at Republic from approximately March 1997 to the present.

9. Plaintiff Jin L. Dong has been employed as a delivery person at Republic from approximately June 2000 to the present.

2

10.   Plaintiff De Q. Lian has been employed as a delivery person at Republic from approximately July 2004 to the present.

11.   Plaintiff Dian Lin has been employed as a delivery person at Republic from approximately June 2005 to the present.

12.   Plaintiff Gong Y. Wang has been employed as a delivery person at Republic from approximately January 2005 to the present.

13.   Plaintiff Zhu K. Yong has been employed as a delivery person at Republic from approximately October 2001 to the present.

14.   Plaintiff Jin D. You has been employed as a delivery person at Republic from approximately October 2004 to the present.

15.   Plaintiff Cong D. Zheng has been employed as a delivery person at Republic from approximately January 2005 to the present.

## DEFENDANTS

16.   Upon information and belief, defendant Republic Restaurant Corp. is a corporation organized and existing under the laws of the State of New York, with a principle executive office located at 37A Union Square West, New York, New York, 10003. At all times relevant to this action, Republic Restaurant Corp. owned and operated a restaurant in New York City doing business under the trade name of Republic.

17.   Upon information and belief, defendant Republic GC, LLC is a limited liability corporation organized and existing under the laws of the State of New York, with a principal executive office located at 37 Union Square West, New York, New York, 10003. At all times relevant to this action, Republic GC, LLC owned and operated a restaurant in New York City doing business under the trade name of Republic.

18.   Upon information and belief, defendant Me'Kong Delta, Inc. is a corporation organized and existing under the laws of the State of New York, with a principal executive office located at 37 Union Square West, New York, New York, 10003. At all times relevant to this action, Me'Kong Delta, Inc. owned and operated a restaurant in New York City doing business under the trade name of Republic.

19.   Upon information and belief, defendant Huy Chi Le is the chairman and/or chief executive officer of Republic Restaurant Corp., Republic GC, LLC and Me'Kong Delta, Inc. He is sued individually and in his capacity as officer and/or agent of defendants Republic Restaurant Corp., Republic GC, LLC, and Me'Kong Delta, Inc.

20.   Upon information and belief, at all times relevant to this action, defendant Huy Chi Le was an employer who had the power to hire and fire Plaintiffs who worked for Republic Restaurant Corp., Republic GC, LLC and Me'Kong Delta, Inc., control the terms and conditions of their employment, determine the rate and method of any compensation provided to Plaintiffs, and maintain employment records.

21.   Upon information and belief, defendant Linh Hue Le is Huy Chi Le's sister, a.k.a. "Jenny," who supervises the kitchen staff, including all take-out delivery personnel, at Republic. At all times relevant to this action, defendant Linh Hue Le was an employer who had the power to hire and fire Plaintiffs who worked for Republic Restaurant Corp., Republic GC, LLC, and Me'Kong Delta, Inc., control the terms and conditions of their employment, determine the rate and method of any compensation provided to Plaintiffs, and maintain employment records.

22.   Upon information and belief, defendant Liang Jin Lin works as the foreman at Republic who supervises the take-out delivery personnel, including Plaintiffs.

4

At all times relevant to this action, defendant Liang Jin Lin was an employer who had the power to hire and fire Plaintiffs who worked for Republic Restaurant Corp., Republic GC, LLC, and Me'Kong Delta, Inc., control the terms and conditions of their employment, and determine the rate and method of any compensation provided to Plaintiffs.

23.    Upon information and belief, Republic Restaurant Corp., Republic GC, LLC, and Me'Kong Delta, Inc. have been, at all times relevant to the allegations in the amended complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that they (i) have had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) have had an annual gross volume of sales of not less than $500,000.

## STATEMENT OF FACTS

24.    Defendants Republic Restaurant Corp., Republic GC, LLC, Me'Kong Delta, Inc., and Huy Chi Le own and operate a restaurant in New York City doing business under the trade name of Republic.

25.    Republic serves food to customers on the premises and provides take-out service and delivery service.

26.    Republic is part of the "restaurant industry" within the meaning of New York Labor Law because it is an eating and drinking place that prepares and offers food and beverages for human consumption on its premises with catering and delivery services available to the public. 12 NYCRR 137–3.1.

27.  At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. 29 U.S.C. § 203(d); N.Y. Lab. Law § 651(6).

28.  At all times relevant to this action, Plaintiffs have each been employed at Republic, and were Defendants' employees within the meaning of the FLSA and New York Labor Law. 29 U.S.C. § 203(e); N.Y. Lab. Law § 651(5).

29.  Plaintiffs have held the position of "delivery person" while employed by the Defendants. Delivery persons at Republic normally deliver orders of food from the restaurant premises to locations off of the premises, such as customers' homes and places of business.

30.  At all times relevant to this action, Plaintiffs were "tipped employees" under the FLSA, which defines a "tipped employee" as an employee "engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(t).

31.  At all times relevant to this action, Plaintiffs were engaged in commerce in that Plaintiffs handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce. All employees at Republic, including Plaintiffs, are engaged in an industry affecting commerce.

## MINIMUM WAGE

32.  Both the FLSA and New York State Labor Law require that employees be paid a minimum wage. 29 U.S.C. § 206; N.Y. Lab. Law § 652.

33.  Plaintiffs regularly worked for Defendants as many as six days a week, and more than sixty-five hours each week, during most or all of their employment.

34. Plaintiffs normally worked a shift of eleven and one-half hours to as many as twelve and one-half hours per day. The typical shifts Plaintiffs worked were 11:30 AM to 11:00 PM or 11:30 AM to 12:00 AM, during which times Defendants did not permit Plaintiffs to take breaks.

35. During non-meal times, when Plaintiffs were not delivering orders of food, Defendants required Plaintiffs either to deliver menus to customers' homes and/or places of business or engage in "sidework" at the restaurant, which included, among other things, filling sauces and preparing bags for delivery.

36. Before July 2006, Defendants compensated Plaintiffs by paying them a salary at bi-monthly intervals; after July 2006, Defendants compensated Plaintiffs by paying them a salary at weekly intervals.

37. The weekly salary that Defendants paid to many or all of the Plaintiffs was as low as approximately $175 per week. This salary effectively resulted in an hourly wage as low as approximately $2.43 per hour, which was well below the minimum wage required under the FLSA and New York Labor Law.

38. Defendants would pay a portion of Plaintiffs' compensation by check and the remaining portion in cash.

39. Defendants willfully and intentionally understated the number of hours Plaintiffs worked per pay period on Plaintiffs' paycheck to give the appearance that Plaintiffs were compensated in compliance with the FLSA and New York Labor Law when, in fact, Defendants failed to satisfy their obligation to pay the minimum wage required by both the FLSA and New York Labor Law.

40. Defendants were not legally entitled to claim a tip credit under the FLSA in order to meet their minimum wage obligations to Plaintiffs because Defendants did not notify Plaintiffs of the FLSA's tip credit provisions. Under the FLSA, employers are permitted to credit the tips received by tipped employees to satisfy their obligation to pay the minimum wage only if employers notify the tipped employees of the FLSA provisions regarding payment of minimum wage to tipped employees. 29 U.S.C. § 203(m).

## OVERTIME PAY

41. FLSA and New York Labor Law require that Defendants pay an overtime rate of one-and-a-half times the regular rate of pay for each hour of work over forty hours a week. 29 U.S.C. § 207; N.Y. Lab. Law § 650 et seq.; 12 NYCRR § 137 – 1.3.

42. Plaintiffs regularly worked between sixty-five and seventy-two hours each week during most or all of their employment.

43. Despite the fact that Plaintiffs regularly worked in excess of forty hours a week, Defendants willfully and intentionally failed to pay Plaintiffs overtime compensation as required by both the FLSA and New York Labor Law.

## SPREAD OF HOURS

44. The "spread of hours" is the number of hours from the time that an employee started working on a particular day until the time that he or she stopped working for the day. 12 NYCRR § 137-1.7 New York State Department of Labor Regulations § 137-1.7 provides that if an employee is at work for 10 hours per day, then the employer is required to pay the employee an extra hour of pay at the minimum wage.

12 NYCRR § 137-1.7. This "spread of hours" regulation is applicable even if there is a split shift.

45.  Plaintiffs routinely worked a "spread of hours" of approximately eleven and one-half hours to as many as twelve and one-half hours per day.

46.  Despite the fact that Plaintiffs routinely worked a "spread of hours" greater than ten hours per day, Defendants willfully and intentionally failed to pay Plaintiffs an extra hour's pay at the minimum wage as required by New York Labor Law.

## UNLAWFUL DEDUCTIONS

47.  The FLSA prohibits employers from requiring minimum wage employees to purchase the tools of their trade or give any money back to his or her employer. 29 U.S.C. § 201 et seq.; 29 C.F.R. § 531.35.

48.  In addition, New York Labor Law prohibits employers from making any deductions from an employee's wages except for those permitted by law. N.Y. Lab. Law § 193(1). Deductions for employer cash shortages and losses are prohibited deductions under New York Labor Law. 12 NYCRR § 137–2.5.

49.  Defendants required Plaintiff delivery personnel to purchase and maintain a bicycle in order to make deliveries. Plaintiffs had to pay for their own repairs to the bicycle and for any legal violations incurred during the course of their work as delivery personnel for Defendants. Defendants did not reimburse Plaintiffs for these costs in violation of the FLSA and New York Labor Law.

50.  Plaintiffs had to provide a sixty dollar deposit for, and pay for the washing and drying of, the uniforms that Defendants required Plaintiffs to wear during their

employment. Defendants did not reimburse Plaintiffs for these costs in violation of the FLSA and New York Labor Law.

51. Defendants would fine Plaintiffs thirty dollars if they did not turn on the safety light attached to their bicycle helmets prior to making a delivery. Such fines were imposed in violation of the FLSA and New York Labor Law.

52. Defendants willfully and intentionally deducted these expenses from Plaintiffs' wages in violation of the FLSA and New York Labor Law.

FAILURE TO POST THE NOTICES AND KEEP RECORDS REQUIRED BY LAW

53. The FLSA and New York Labor Law require employers to maintain in the workplace a display containing notices of employee rights to receive the minimum wage and overtime at a rate of one-and-a-half their regular rate. 29 C.F.R. § 516.4;. 12 NYCRR § 137–2.3.

54. Upon information and belief, at all times relevant to this action, Defendants willfully failed to display, in a place accessible to employees and in a visually conspicuous manner, the notices of employee rights to receive the minimum wage and overtime pay as required under the FLSA and New York Labor Law. In addition, Defendants failed to display a copy of §§ 193 and 196–d of New York Labor Law regarding the prohibition on illegal deductions from wages and the illegality of employers demanding or accepting any portion of employees' tips in violation of New York Labor Law. N.Y. Lab. Law § 198–d.

55. Upon information and belief, Defendants also failed to keep full and accurate records of Plaintiffs' hours and wages in order to avoid liability in violation of the FLSA and New York Labor Law. 29 U.S.C. § 211(c); N.Y. Lab. Law § 661.

## KNOWING AND INTENTIONAL ACTS

56. Defendants knowingly, intentionally and willfully committed the acts alleged herein.

57. Defendants knew that the nonpayment of minimum wage, overtime pay and spread-of-hours pay would financially injure Plaintiffs.

58. Defendants knowingly and intentionally took unlawful deductions from Plaintiffs.

## **CAUSES OF ACTION**

### COUNT I

*Federal Minimum Wage and Overtime Violations*

59. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

60. Defendants willfully and intentionally failed to compensate Plaintiffs the applicable minimum hourly wage and to pay overtime for their hours over forty hours a week, in violation of 29 U.S.C. § 201 et seq.

61. Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiffs.

62. Due to Defendants' violations of the FLSA, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages, unpaid overtime compensation, and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## COUNT II

*New York State Minimum Wage, Overtime and "Spread of Hours" Violations*

63.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

64.     Defendants willfully and intentionally failed to compensate Plaintiffs the applicable minimum hourly wage, including overtime pay and spread of hours pay, in violation of N.Y. Lab. Law §§ 650 et seq. and supporting regulations and orders of the New York State Department of Labor.

65.     Defendants have failed to make a good faith effort to comply with New York Labor Law with respect to compensation of Plaintiffs.

66.     Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages, unpaid overtime and "spread of hours" compensation, and an amount equal to one quarter of their unpaid compensation in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, all in an amount to be determined at trial, pursuant to New York Labor Law. N.Y. Lab. Law § 663.

## COUNT III

*Equipment Purchase & Maintenance Under The Fair Labor Standards Act*

67.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

68.     Defendants willfully and intentionally required Plaintiffs to purchase and maintain bicycles required for Defendants' work and provide a sixty dollar deposit for, and pay for the washing and drying of, the uniforms that Defendants required Plaintiffs to

wear during their employment such that Plaintiffs' compensation was below the minimum wage, in violation of 29 U.S.C. § 201 et seq. and 29 C.F.R. § 531.35.

69. Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiffs.

70. Due to Defendants' violations of the FLSA, Plaintiffs are entitled to recover from Defendants, jointly and severally, damages equal to the amount paid for the purchase and maintenance of bicycles and uniforms required for Defendants' work, to the extent such payments cut into the minimum or overtime wages required, and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## COUNT IV

*New York State Unlawful Deductions*

71. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

72. Defendants willfully and intentionally made unauthorized deductions from Plaintiffs' wages by requiring Plaintiffs to purchase and maintain bicycles required for Defendants' work and provide a sixty dollar deposit for, and pay for the washing and drying of, the uniforms that Defendants required Plaintiffs to wear during their employment, in violation of N.Y. Lab. Law §§ 193(1) and 198–b and 12 NYCRR § 137–2.5.

73. Defendants have failed to make a good faith effort to comply with New York Labor Law with respect to compensation of Plaintiffs.

13

74. Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unauthorized deductions and an amount equal to one quarter of their unauthorized deductions in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, all in an amount to be determined at trial, pursuant to New York Labor Law. N.Y. Lab. Law § 198.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs respectfully request that a judgment be granted as follows:

(a) Declaring Defendants' conduct complained of herein to be in violation of Plaintiffs' rights under the FLSA and New York Labor Law;

(b) Awarding Plaintiffs unpaid minimum wages due under the FLSA and New York Labor Law;

(c) Awarding Plaintiffs unpaid overtime compensation due under the FLSA and New York Labor Law;

(d) Awarding Plaintiffs compensation for all "spread of hours" violations due under New York Labor Law;

(e) Awarding Plaintiffs compensation for all unauthorized deductions under the FLSA and New York Labor Law;

(f) Awarding Plaintiffs liquidated damages;

(g) Awarding Plaintiffs pre-judgment and post-judgment interest;

(h) Awarding Plaintiffs the costs of this action, together with reasonable attorneys' fees; and

      (i)    Awarding such other relief as this Court deems is just and proper.

Dated: May 15, 2007

                                  Respectfully submitted,

                                  Jonathan L. Adler (JA-7424)
                                  **DAVIS POLK & WARDWELL**
                                  450 Lexington Avenue
                                  New York, NY 10017
                                  212-450-4190

                                  Kenneth Kimerling (KK-5762)
                                  **ASIAN AMERICAN LEGAL DEFENSE AND EDUCATION FUND**
                                  99 Hudson Street
                                  New York. New York 10013
                                  212-966-5932

                                  *ATTORNEYS FOR PLAINTIFFS*

## CERTIFICATE OF SERVICE

Jonathan L. Adler, an attorney admitted to practice in this District, hereby certifies that on May 16, 2007, I caused a true copy of the foregoing Amended Complaint to be served by hand upon Joel E. Cohen, McDermott Will & Emery, 340 Madison Avenue, New York, NY, 10173, attorney for defendants Republic Restaurant Corp., Republic GC, LLC, Me'Kong Delta, Inc., Huy Chi Le, Linh Hue Le, and Liang Jin Lin.

Dated:  New York, New York
        May 16, 2007

_____
Jonathan L. Adler