UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
FEN Z. CHEN, JIN L. DONG, DE Q. LIAN,       :
DIAN LIN, GONG Y. WANG, ZHU K. YONG,
JIN D. YOU and CONG D. ZHENG               :

       Plaintiffs,                :        07CV03307 (LTS)(RLE)

    -against-                             :        **ANSWER TO AMENDED COMPLAINT**

REPUBLIC RESTAURANT CORP., REPUBLIC         :        **ECF CASE**
GC, LLC, ME'KONG DELTA, INC., HUY CHI
LE, LINH HUE LE and LIANG JIN LIN,

       Defendants.
------------------------------------- x

    Defendants Republic Restaurant Corp., Republic GC, LLC, Me'kong Delta, Inc., Huy Chi Le, Linh Hue Le and Liang Jin Lin, (hereinafter collectively referred to as "Defendants"), by their attorneys, McDermott Will and Emery LLC, for their answer to the Amended Complaint ("Amended Complaint") filed May 15, 2007 by Plaintiffs Fen Z. Chen, Jin L. Dong, De Q. Lian, Dian Lin, Gong Y. Wang, Zhu K. Yong, Jin D. You And Cong D. Zheng (hereinafter collectively referred to as "Plaintiffs"):

## NATURE OF THE ACTION

    1.    Deny each and every allegation contained in paragraph 1 of the Amended Complaint, except aver that, upon information and belief, Plaintiffs are current employees of Me'Kong Delta, Inc. ("Me'Kong Delta"), and Plaintiffs have worked for Me'Kong Delta at various times between 1997 through the present.

    2.    Deny each and every allegation contained in paragraph 2 of the Amended Complaint.

3. Aver that the allegations contained in paragraph 3 of the Amended Complaint state legal conclusions to which no response is required, except aver that Plaintiffs purport to bring this action for alleged violations of the Fair Labor Standards Act ("FLSA") and New York State Labor Law.

## JURISDICTION AND VENUE

4. Aver that the allegations contained in paragraph 4 of the Amended Complaint state legal conclusions to which no response is required.

5. Aver that the allegations contained in paragraph 5 of the Amended Complaint state legal conclusions to which no response is required.

6. Aver that the allegation contained in paragraph 6 of the Amended Complaint state a legal conclusion to which no response is required, except aver that Defendants conduct business in this District.

## PARTIES

## PLAINTIFFS

7. Deny each and every allegation contained in paragraph 7 of the Amended Complaint, except aver that, upon information and belief, Plaintiffs have been employed by Me'Kong Delta as delivery personnel at various times through the present.

8. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Amended Complaint, except aver that Plaintiff Fen Z. Chen is currently employed as a delivery personnel by Me'Kong Delta.

9. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Amended Complaint, except aver that Plaintiff Jin. L. Dong is currently employed as a delivery personnel by Me'Kong Delta.

10. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Amended Complaint, except aver that Plaintiff De. Q. Lian is currently employed as a delivery personnel by Me'Kong Delta.

11. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Amended Complaint, except aver that Plaintiff Dian Lin is currently employed as a delivery personnel by Me'Kong Delta.

12. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Amended Complaint, except aver that Plaintiff Gong Y. Wang is currently employed as a delivery personnel by Me'Kong Delta.

13. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Amended Complaint, except aver that Plaintiff Zhu K. Yong is currently employed as a delivery personnel by Me'Kong Delta.

14. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Amended Complaint, except aver that Plaintiff Jin D. You is currently employed as a delivery personnel by Me'Kong Delta.

15. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Amended Complaint, except aver that Plaintiff Cong D. Zhen is currently employed as a delivery personnel by Me'Kong Delta.

**DEFENDANTS**

16. Deny each and every allegation contained in paragraph 16 of the Amended Complaint, except aver that Republic Restaurant Corporation is an entity that owns the trade name "Republic Restaurant."

17. Deny each and every allegation contained in paragraph 17 of the Amended Complaint, except aver that Republic GC, LLC no longer exists.

18. Admit the allegations contained in paragraph 18 of the Amended Complaint.

19. Deny the allegations contained in paragraph 19 of the Amended Complaint, except admit that Plaintiffs purport to bring this action individually against Huy Chi Le.

20. Deny each and every allegation contained in paragraph 20 of the Amended Complaint, except aver that Huy Chi Le had the power to hire and fire Plaintiffs who worked for Me'Kong Delta, control the terms and conditions of their employment, determine the rate and method of any compensation provided to Plaintiffs and maintain employment records.

21. Deny each and every allegation contained in paragraph 21 of the Amended Complaint, except aver that Linh Hue Le, a.k.a. "Jenny," is Huy Chi Le's sister, and she supervises the kitchen staff at Republic.

22. Deny each and every allegation contained in paragraph 22 of the Amended Complaint, except aver that Linh Hue Le supervises the delivery personnel and is employed by Me'Kong Delta.

23. Deny each and ever allegation contained in paragraph 23 of the Amended Complaint, except aver that Me'Kong Delta is an enterprise engaged in interstate commerce within the meaning of the FLSA.

## STATEMENT OF FACTS

24. Deny each and every allegation contained in paragraph 24 of the Amended Complaint, except aver that Me'Kong Delta owns and operates a restaurant in New York City doing business under the trade name of Republic ("Republic") and Republic Restaurant Corporation owns the trade name "Republic."

25. Admit the allegations contained in paragraph 25 of the Amended Complaint.

26. Aver that the allegations contained in paragraph 26 of the Amended Complaint state legal conclusions to which no response is required.

27.   Aver that the allegations contained in paragraph 27 of the Amended Complaint state legal conclusions to which no response is required; to the extent paragraph 27 contains factual allegations, Defendants deny each and every allegation contained in paragraph 27, except aver that Me'Kong Delta was Plaintiffs' employer.

28.   Aver that the allegations contained in paragraph 28 of the Amended Complaint state legal conclusions to which no response is required; to the extent paragraph 28 contains factual allegations, Defendants deny each and every allegation contained in paragraph 28, except aver that Plaintiffs were employees of Me'Kong Delta.

29.   Deny each and every allegation contained in paragraph 29 of the Amended Complaint, except aver that Plaintiffs were employed by Me'Kong Delta as delivery personnel.

30.   Aver that the allegations contained in paragraph 30 of the Amended Complaint state legal conclusions to which no response is required; to the extent paragraph 30 contains factual allegations, Defendants admit the factual allegations contained in paragraph 30 of the Amended Complaint.

31.   Aver that the allegations contained in paragraph 31 of the Amended Complaint state legal conclusions to which no response is required; to the extent paragraph 31 contains factual allegations, Defendants admit the allegations contained in paragraph 31 of the Amended Complaint.

## MINIMUM WAGE

32.   Aver that the allegations contained in paragraph 32 of the Amended Complaint state legal conclusions to which no response is required.

33.   Deny each and every allegation contained in paragraph 33 of the Amended Complaint.

34. Deny each and every allegation contained in paragraph 34 of the Amended Complaint.

35. Deny each and every allegation contained in paragraph 35 of the Amended Complaint.

36. Admit the allegations contained in paragraph 36 of the Amended Complaint, except aver that only Me'Kong Delta employed and compensated Plaintiffs.

37. Aver that the allegations contained in paragraph 37 of the Amended Complaint state legal conclusions to which no response is required; to the extent paragraph 37 contains factual allegations, Defendants deny each and every allegation contained in paragraph 37 of the Amended Complaint.

38. Deny each and every allegation contained in paragraph 38 of the Amended Complaint.

39. Deny each and every allegation contained in paragraph 39 of the Amended Complaint.

40. Aver that the allegations contained in paragraph 40 of the Amended Complaint state legal conclusions to which no response is required; to the extent paragraph 40 contains factual allegations, Defendants deny each and every allegation contained in paragraph 40 of the Amended Complaint.

## OVERTIME

41. Aver that the allegations contained in paragraph 41 of the Amended Complaint state legal conclusions to which no response is required.

42. Deny each and every allegation contained in paragraph 42 of the Amended Complaint.

43. Deny each and every allegation contained in paragraph 43 of the Amended Complaint.

## SPREAD OF HOURS

44. Aver that the allegations contained in paragraph 44 of the Amended Complaint state legal conclusions to which no response is required.

45. Deny each and every allegation contained in paragraph 45 of the Amended Complaint.

46. Deny each and every allegation contained in paragraph 46 of the Amended Complaint.

## UNLAWFUL DEDUCTIONS

47. Aver that the allegations contained in paragraph 47 of the Amended Complaint state legal conclusions to which no response is required.

48. Aver that the allegations contained in paragraph 48 of the Amended Complaint state legal conclusions to which no response is required.

49. Aver that the allegations contained in paragraph 49 of the Amended Complaint state legal conclusions to which no response is required; to the extent paragraph 49 contains factual allegations, Defendants admit the factual allegations contained in paragraph 49, except aver that Me'Kong Delta paid for any legal violations incurred by Plaintiffs during the course of their work as delivery personnel for Me'Kong Delta.

50. Aver that the allegations contained in paragraph 50 of the Amended Complaint state legal conclusions to which no response is required; to the extent paragraph 50 contains factual allegations, Defendants deny the factual allegations contained in paragraph 50, except aver that Me'Kong Delta required a sixty dollar deposit for the jackets that Me'Kong Delta provided to its delivery personnel to ensure that the delivery personnel did not steal the jacket,

and the sixty dollar deposit was returned to the delivery personnel when the he and/or she left the employ of Me'Kong Delta.

51. Deny each and every allegation contained in paragraph 51 of the Amended Complaint.

52. Deny each and every allegation contained in paragraph 52 of the Amended Complaint.

### FAILURE TO POST THE NOTICES AND KEEP RECORDS REQUIRED BY LAW.

53. Aver that the allegations contained in paragraph 53 of the Amended Complaint state legal conclusions to which no response is required.

54. Deny each and every allegation contained in paragraph 54 of the Amended Complaint.

55. Deny each and every allegation contained in paragraph 55 of the Amended Complaint.

### KNOWING AND INTENTIONAL ACTS

56. Deny each and every allegation contained in paragraph 56 of the Amended Complaint.

57. Deny each and every allegation contained in paragraph 57 of the Amended Complaint.

58. Deny each and every allegation contained in paragraph 58 of the Amended Complaint.

### CAUSE OF ACTION

### COUNT I
*Federal Minimum Wage and Overtime Violations*

59. Incorporate the responses made to paragraphs 1 through 58 of the Amended Complaint as if fully set forth herein.

60. Deny each and every allegation contained in paragraph 60 of the Amended Complaint.

61. Deny each and every allegation contained in paragraph 61 of the Amended Complaint.

62. Deny each and every allegation contained in paragraph 62 of the Amended Complaint.

## COUNT II
*New York State Minimum Wage, Overtime and "Spread of Hours" Violations*

63. Incorporate the responses made to paragraphs 1 through 62 of the Amended Complaint as if fully set forth herein.

64. Deny each and every allegation contained in paragraph 64 of the Amended Complaint.

65. Deny each and every allegation contained in paragraph 65 of the Amended Complaint.

66. Deny each and every allegation contained in paragraph 66 of the Amended Complaint.

## COUNT III
*Equipment Purchase & Maintenance Under The Fair Labor Standards Act*

67. Incorporate the responses made to paragraphs 1 through 66 of the Amended Complaint as if fully set forth herein.

68. Deny each and every allegation contained in paragraph 68 of the Amended Complaint.

69. Deny each and every allegation contained in paragraph 69 of the Amended Complaint.

70. Deny each and every allegation contained in paragraph 70 of the Amended Complaint.

## COUNT IV
*New York State Unlawful Deductions*

71. Incorporate the responses made to paragraphs 1 through 70 of the Amended Complaint as if fully set forth herein.

72. Deny each and every allegation contained in paragraph 72 of the Amended Complaint.

73. Deny each and every allegation contained in paragraph 73 of the Amended Complaint.

74. Deny each and every allegation contained in paragraph 74 of the Amended Complaint.

## PRAYER FOR RELIEF

Deny that Plaintiffs are entitled to any of the relief requested in the "WHEREFORE" clause of the Amended Complaint, or to any relief at all, against Defendants.

## AFFIRMATIVE DEFENSE

### First Affirmative Defense

The Amended Complaint fails to state any claim upon which relief may be granted.

### Second Affirmative Defense

The Amended Complaint is barred, in whole or in part, by the applicable statute of limitations.

### Third Affirmative Defense

No liquidated or punitive damages should be awarded in this case because the manner in which Plaintiffs were paid by Defendants was established in good faith and based upon

reasonable grounds that the pay arrangement was not in violation of the FLSA within the meaning of the Portal-to-Portal Act, 29 U.S.C.§260 and New York Labor Law.

### Fourth Affirmative Defense

With respect to some or all of the claims brought by Plaintiffs, Defendants affirmatively plead that any act(s) or omission(s) which may be found to be in violation of the FLSA or New York Labor Law were not willful but occurred in good faith with reasonable grounds for believing that they were in full compliance with the FLSA and the New York Labor Law.

### Fifth Affirmative Defense

The Amended Complaint is barred because recovery from Defendants would result in Plaintiffs' unjust enrichment.

### Sixth Affirmative Defense

Any claim for additional compensation by Plaintiffs must be reduced by compensation already paid to Plaintiffs.

### Seventh Affirmative Defense

Any claim for additional compensation by Plaintiffs must be reduced by compensation already paid to Plaintiffs for periods not compensable under the FLSA.

### Eighth Affirmative Defense

Plaintiffs waived their right to recover damages for their alleged injuries, if any.

### Ninth Affirmative Defense

The Amended Complaint is barred in whole or in part by the equitable doctrine of laches, waiver, estoppel and/or unclean hands.

### Tenth Affirmative Defense

The Amended Complaint, in whole or in part, fails to state a claim for which punitive and/or compensatory damages may be granted.

### Eleventh Affirmative

Plaintiffs' claims are barred, in whole or in part, by their failure to make reasonable efforts to mitigate their alleged damages.

### Twelfth Affirmative Defense

To the extent that Plaintiffs seek to assert claims for physical or emotional injuries, such claims are barred, in whole or in part, by the exclusive remedies provisions of the New York Workers' Compensation Law.

WHEREFORE, Defendants respectfully request that this Court:

(a)     Dismiss the entire Amended Complaint against Defendants with prejudice;

(b)     Award Defendants their costs and attorneys' fees; and

(c)     Award Defendants such other and further relief as this Court deems just and proper.

Dated: New York, New York
       June 5, 2007

McDERMOTT WILL & EMERY LLP

By: _____
    Joel Cohen (JEC 5312)
    Leslie J. New (LN 4522)

340 Madison Avenue
New York, New York 10173
212.547.5400

*Attorneys for Defendants*

NYK 1096884-1.009900.0010