UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
FEN Z. CHEN, JIN L. DONG, DE Q. LIAN, DIAN LIN,
GONG Y. WANG, ZHU K. YONG, JIN D. YOU, and
CONG D. ZHENG,                                                        07 CV 3307 (LTS)(RLE)

                  Plaintiffs,

            - against -                                    **PRELIMINARY**
                                                  **PRE-TRIAL STATEMENT**
REPUBLIC RESTAURANT CORP., REPUBLIC GC,
LLC, ME'KONG DELTA, INC., HUY CHI LE, LINH                            ECF CASE
HUE LE, and LIANG JIN LIN,

                  Defendants.

------------------------------------------------------------x

      WHEREAS, the Court issued an Initial Conference Order on May 16, 2007 (the "Order"); and

      WHEREAS, the Order requires that the parties jointly prepare and sign a Preliminary Pre-Trial Statement in accordance with Fed. R. Civ. P. 26(f);

      NOW, THEREFORE, the parties hereby submit the following information as required by the Order;

a. A concise statement of the nature of this action.

    1. Plaintiffs are eight delivery personnel currently employed by Me'Kong Delta, Inc., which owns and operates a restaurant in New York City under the trade name Republic, and are bringing claims for violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law for failure to pay the minimum wage, failure to pay overtime, failure to pay "spread of hours" compensation, failure to pay for the cost of purchasing and maintaining required equipment, and unauthorized deductions.

b. A concise statement of each party's position as to the basis of this Court's jurisdiction of the action, with citations to all statutes relied upon and relevant facts as to citizenship and jurisdictional amount.

   1. The Court has subject matter jurisdiction over the Plaintiffs' federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq., 29 U.S.C. § 216 and 28 U.S.C. §§ 1331 and 1337. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

c. A concise statement of all material uncontested or admitted facts.

   1. Plaintiffs have been employed as take-out order delivery personnel by Me'Kong Delta, Inc. ("Me'Kong Delta") at various times between 1997 through the present.

   2. Plaintiffs at all times relevant to this action were "employees" within the meaning of the FLSA.

   3. All employees at Me'Kong Delta, including Plaintiffs, are engaged in an industry affecting commerce.

   4. Defendant Me'Kong Delta, Inc. is a corporation organized and existing under the laws of the State of New York and at all relevant times owned and operated a restaurant in New York City doing business under the trade name of Republic. Me'Kong Delta is, at all relevant times, an enterprise engaged in interstate commerce within the meaning of the FLSA.

   5. Defendant Huy Chi Le has the power to hire and fire Plaintiffs who worked for Me'Kong Delta, Inc., control the terms and conditions of their employment, determine the rate and method of any compensation provided to Plaintiffs, and maintain employment records.

    6. Defendant Linh Hue Le is Huy Chi Le's sister and supervises the kitchen staff at Me'Kong Delta.

    7. Plaintiffs are "tipped employees" within the meaning of the FLSA. Before July 2006, Me'Kong Delta compensated Plaintiffs by paying them a salary at bi-monthly intervals; after July 2006, Me'Kong Delta compensated Plaintiffs by paying them a salary at weekly intervals. Me'Kong Delta required Plaintiffs to purchase and maintain a bicycle in order to make deliveries. Plaintiffs had to pay for their own repairs to the bicycle and Me'Kong Delta did not reimburse Plaintiffs for these costs.

d. A concise statement of all uncontested legal issues.

    1. Me'Kong Delta is required to pay employees the minimum wage and overtime rates as required by FLSA and New York Labor Law. FLSA and New York Labor Law require that Me'Kong Delta pay an overtime rate of one-and-a-half times the regular rate of pay for each hour of work over forty hours a week.

    2. Me'Kong Delta is required to pay employees an extra hour of pay at the minimum wage if the "spread of hours" worked on a particular day is more than 10 hours per day.

    3. Me'Kong Delta is prohibited by FLSA from requiring minimum wage employees to purchase tools of their trade or give any money back to his or her employer.

    4. Me'Kong Delta is prohibited by New York Labor Law from making any deductions from an employee's wages except those permitted by the law.

5. Me'Kong Delta is required by FLSA and New York Labor Law to maintain in the workplace a display containing notices of employee rights to receive the minimum wage and overtime at a rate of one-and-a-half times their regular rate.

6. Me'Kong Delta is required by FLSA to notify Plaintiffs that they are tipped employees as defined by FLSA and compensated accordingly.

7. Me'Kong Delta is part of the "restaurant industry" within the meaning of the New York Department of Labor's Minimum Wage Order for the Restaurant Industry because it is an eating and drinking place that prepares and offers food and beverages for human consumption on its premises with catering and delivery services available to the public. 12 NYCRR § 137-3.1.

8. Because Me'Kong Delta operates in the "restaurant industry" within the meaning of the New York Department of Labor's Minimum Wage Order for the Restaurant Industry, Me'Kong Delta is obligated under state law to pay its tipped employees the reduced minimum wage rate under 12 NYCRR § 137-1.4.

e. A concise statement of all legal issues to be decided by the Court.

1. The Court will need to decide whether Me'Kong Delta properly compensated Plaintiffs as required by FLSA and New York Labor Law and, if it did not, the Court will need to decide the appropriate damages Plaintiffs are entitled to receive.

2. The Court will need to decide whether an employer's deductions for fines incurred by employees while working for the employer are prohibited deductions under New York law.

3. The Court will need to decide whether FLSA incorporates New York minimum wage rates when determining damages Plaintiffs are entitled to receive pursuant to FLSA.

4. The Court will need to decide whether equitable tolling of the statute of limitations is appropriate in this case.

f. Each party's concise statement of material disputed facts.

<u>Plaintiffs' concise statement of material disputed facts</u>

1. Plaintiffs assert that Plaintiffs have been employed as take-out order delivery personnel by Defendants Republic Restaurant Corp., Republic GC, LLC, Me'Kong Delta, Huy Chi Le, Linh Hue Le, and Liang Jin Lin at various times between 1997 through the present and, accordingly, are liable for all of Plaintiffs claims in this action.

2. Plaintiffs assert that Defendants Huy Chi Le and Linh Hue Le are employers within the meaning of the FLSA.

3. Plaintiffs assert that Defendants failed to keep full and accurate records of Plaintiff's hours and wages in violation of the FLSA and New York Labor Law. 29 U.S.C. § 211(c); N.Y. Lab. Law § 661.

4. Plaintiffs assert that they regularly worked for Defendants as many as six days a week and between sixty-five and seventy-two hours each week during most or all of their employment, during which time Defendants did not permit Plaintiffs to take breaks.

5. Plaintiffs assert that during non-meal times, when they were not delivering orders of food, Defendants required them either to deliver menus to customers' homes

and/or places of business or engage in "sidework" at the restaurant, which included among other things, filling sauces and preparing bags for delivery.

6. Plaintiffs assert that the weekly salary that Defendants paid to many of all of them was as low as approximately $175 per week.

7. Plaintiffs assert that Defendants did not notify any of them of FLSA's tip credit provisions as required by 29 U.S.C. § 203(m).

8. Plaintiffs assert that Defendants willfully and intentionally failed to pay Plaintiffs minimum and overtime compensation as required by both the FLSA and New York Labor Law. 29 U.S.C. §§ 206–207; N.Y. Lab. Law § 650 et seq.; 12 NYCRR § 137–1.3.

9. Plaintiffs assert that Defendants failed to reimburse Plaintiffs for expenses related to their employment in violation of FLSA and New York Labor Law. 29 U.S.C. § 201 et seq.; 29 C.F.R. § 531.35; N.Y. Lab. Law § 650 et seq.; 12 NYCRR § 137–2.5.

10. Plaintiffs assert that Plaintiffs were not reimbursed by Defendants for any legal fines or infractions that Plaintiffs incurred while riding their bikes to make deliveries for Defendants.

11. Plaintiffs assert that Plaintiffs were required to pay sixty dollars ($60) for their uniform jackets upon employment by Defendants.

12. Plaintiffs assert that Defendants willfully failed to display, in a place accessible to employees and in a visually conspicuous manner, the notices of employee rights to receive the minimum wage and overtime pay as required under FLSA and New York Labor Law. 29 U.S.C. § 201 et seq.; 29 C.F.R. § 516.4; N.Y. Lab. Law §

650 et seq.; 12 NYCRR § 137–2.3. In addition, Defendants failed to display a copy of §§ 193 and 196-d of the New York Labor Law regarding prohibition on illegal deductions from wages and the illegality of employers demanding or accepting any portion of employees' tips in violation of New York Labor Law. N.Y. Lab. Law § 198-d.

13. Plaintiffs assert that Defendants knowingly, intentionally, and willfully committed the acts alleged and knew that the nonpayment of minimum wage and overtime pay would financially injure the Plaintiffs.

<u>Defendants' concise statement of material disputed facts</u>

1. Defendants assert that Mc'Kong Delta is the only party who employed and compensated Plaintiffs in this action and, accordingly, is the only party against whom any alleged liability shall be asserted.

2. Defendants assert that Defendants Republic Restaurant Corp., Republic GC, LLC, Huy Chi Le, Linh Hue Le and Liang Jin Lin are not employers within the meaning of the FLSA.

3. Defendants assert that Plaintiffs worked on average about fifty (50) hours per week and dispute Plaintiffs' contention that Plaintiffs worked between sixty-five (65) and seventy-two (72) hours per week.

4. Defendants assert that it maintained some payroll records during the relevant time period.

5. Defendants assert that Plaintiffs were given one or two meals per shift during which time Plaintiffs took their breaks as required by the FLSA and N.Y. Labor Law.

6. Defendants assert that, during the relevant time period, Plaintiffs were rarely required to perform side-work (*e.g.*, deliver menus) in between shifts. In fact, most employees were not permitted to work in between shifts.

7. Defendants assert that Plaintiffs were reimbursed by Me'Kong Delta for any legal fines or infractions that Plaintiffs incurred while riding their bikes to make deliveries for Republic Restaurant.

8. Defendants assert that Plaintiffs were required to pay a sixty-dollar ($60) deposit for their uniform jackets upon employment with Me'Kong Delta as a measure to discourage theft. Deposits were returned to employees upon termination of their employment with Defendants.

9. Defendants assert that under the FLSA and N.Y. Labor Law, the black pants and white shirts that Defendants required Plaintiffs to wear during delivery shifts do not constitute uniforms for which Defendants must reimburse Plaintiffs because such articles of clothing may also be part of an employee's ordinary wardrobe. See 12 NYCRR § 137-3.13.

10. Defendants assert that the required notices of employee rights governing minimum wage, overtime requirements and illegal deductions were placed in the

      employee breakroom during the entire relevant time period. See 29 C.F.R. § 516.4; 12 N.Y. Lab. Law. § 198-d; NYCRR § 137-2.3.

11. Defendants assert that at all times during the relevant time period, Defendants acted in good faith and with reasonable belief that they lawfully complied with the FLSA and N.Y. Labor Law.

g. A concise statement by each plaintiff and each counterclaimant of the legal basis of each cause of action asserted, including citations to all statutes, Federal Rules of Civil Procedure, other rules and case law intended to be relied upon by such plaintiff or counterclaimant.

    1. Count 1: Plaintiffs assert a cause of action for federal minimum wage and overtime violations because Defendants willfully and intentionally failed to compensate Plaintiffs the applicable minimum hourly wage and to pay overtime for their hours over forty hours a week in violation of 29 U.S.C. § 201 et seq. Due to Defendants' violations of the FLSA, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages, unpaid overtime compensation, and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA. 29 U.S.C. § 216(b).

    2. Count 2: Plaintiffs assert a cause of action for New York state minimum wage, overtime, and "spread of hours" violations because Defendants willfully and intentionally failed to compensate Plaintiffs the applicable minimum hourly wage, including overtime pay and "spread of hours" pay in violation of N.Y. Lab. Law §§ 650 et seq. and supporting regulations and orders of the New York State

Department of Labor. Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages, unpaid overtime and "spread of hours" compensation, and an amount equal to one quarter of their unpaid compensation in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to N.Y. Lab. Law § 663.

3. Count 3: Plaintiffs assert a cause of action for FLSA violations because Defendants willfully and intentionally required Plaintiffs to purchase and maintain bicycles required for Defendants' work and provide a sixty dollar deposit for, and pay for the washing and drying of, the uniforms that Defendants required Plaintiffs to wear during their employment such that Plaintiffs' compensation was below the minimum wage in violation of 29 U.S.C. § 201 et seq. and 29 C.F.R. § 531.35. Due to these violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, damages equal to the amount paid for the purchase and maintenance of bicycles and uniforms required for Defendants' work, to the extent that such payments cut into the minimum or overtime wages required, and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action pursuant to the FLSA. 29 U.S.C. § 216(b).

4. Count 4: Plaintiffs assert a cause of action for unlawful deductions in violation of New York Labor Law because Defendants willfully and intentionally made unauthorized deductions from Plaintiffs' wages by requiring Plaintiffs to purchase and maintain bicycles required for Defendants' work and provide a sixty dollar

deposit for, and pay for the washing and drying of, the uniforms that Defendants required Plaintiffs to wear during their employment in violation of N.Y. Lab. Law §§ 193(1) and 198-b and 12 NYCRR § 137-2.5. Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unauthorized deductions and an amount equal to one quarter or their unauthorized deductions in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action pursuant to N.Y. Lab. Law § 198.

h. Each party's concise statement of the legal basis of each defense asserted or expected to be asserted by such party, including citations to all statutes, Rules, and other applicable regulatory and judicial authority intended to be relied on by such party.

1. No liquidated or punitive damages should be awarded because during the relevant time period, Defendants acted in good faith and with reasonable belief that the pay arrangement complied with the FLSA within the meaning of the Portal-to-Portal Act, 29 U.S.C. § 260, and N.Y. Labor Law.

2. If any alleged violations are found, Defendants acted in good faith and with reasonable belief that they were in compliance with the FLSA and the N.Y. Labor Law.

3. Plaintiffs' claims for additional compensation must be reduced by compensation already paid to Plaintiffs, including those periods not compensable under the FLSA.

    4.    Plaintiffs' claims are barred in whole or in part by the equitable doctrine of laches, waiver, estoppel and/or unclean hands.

    5.    If Plaintiffs are entitled to any attorneys' fees, then, as a matter of equity, the Court must take into consideration the fact that Plaintiffs are receiving *pro bono* representation and have not incurred any legal fees in this action.

i. A concise statement of the measure of proof and on whom the burden of proof falls as to each cause of action or defense.

    1. Count 1: If a Defendant-employer fails to maintain records in accordance with the FLSA's record-keeping requirements, the burden of proof shifts from the employee to the employer. See Reich v. S. New Eng. Telcoms. Corp., 121 F.3d 58, 67 (2d Cir. 1997). Employees are only required to establish that they "have in fact performed work for which they were improperly compensated and produce sufficient evidence to show the amount and extent of that work 'as a matter of just and reasonable inference.' Upon meeting this burden, the burden shifts to the employer . . . to produce evidence of the 'precise amount of work performed' or evidence to 'negative the reasonableness of the inference to be drawn from the employee's evidence' . . . ." Id. (quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687–88 (1946)).

    2. Count 2: The measure of proof and burden of proof for Count 2 is the same as the measure of proof and burden of proof for Count 1 as described above.

    3. Count 3: The measure of proof and burden of proof for Count 3 is the same as the measure of proof and burden of proof for Count 1 as described above.

    4. Count 4: The measure of proof and burden of proof for Count 4 is the same as the measure of proof and burden of proof for Count 1 as described above.

j. Whether and to what extent amendments to pleadings and/or the addition or substitution of parties will be required, and proposed deadlines therefor.

    1. The deadline for any amendments to the pleadings and the addition or substitution of parties shall be 60 days after the date of the initial pre-trial conference, or upon showing of good cause as determined by the Court.

k. A statement as to whether all parties consent to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).

    1. The parties do not consent to trial of the case by a magistrate judge.

l. What, if any, changes should be made in the timing, form or requirements for disclosures under Fed. R. Civ. P. 26(a), including a statement as to when any disclosures required under Fed. R. Civ. P. 26(a)(1) were made or will be made.

    1. All disclosures required under Fed. R. Civ. P. 26(a)(1) should be made by 21 days after the date of the initial pre-trial conference.

m. The subjects on which disclosure may be needed and a proposed discovery cut-off date.

    1. Discovery will be needed on issues of Plaintiffs' wages, hours, deductions, and conditions of employment.

    2. Discovery will also be needed on Plaintiffs' tax returns during the relevant time period.

    3. The proposed discovery cut-off date is 180 days after the date of the initial pre-trial conference.

n. Whether and to what extent expert evidence will be required, and proposed deadlines for expert discovery.

   1. Plaintiffs do not intend to call upon any expert witness to testify, but reserve their right to do so should the need arise during the course of discovery.

   2. Defendants do not intend to call upon any expert witness to testify, but reserve their right to do so should the need arise during the course of discovery.

o. What, if any, changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure of the Local Rules of court, and what other limitations should be imposed.

   1. None.

p. The status of settlement discussions and the prospects for settlement of the action in whole or in part, <u>provided</u> that the Preliminary Pre-Trial Statement shall not disclose to the Court specific settlement offers or demands.

   1. The parties are currently engaging in settlement negotiations, having met on May 11, 2007 and July 12, 2007.

q. A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days expected to be needed for presentation of that party's case.

   1. Parties agree that this case should be tried without a jury.

   2. Plaintiffs expect to need three to five days to present their case at trial.

   3. Defendants expect to need three to five days to present their case at trial.

r. Any other orders that should be entered by the Court under Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) or (c).

   1. None.

Dated: New York
August 16, 2007

DAVIS POLK & WARDWELL

By: _____
Jonathan L. Adler (JA 7424)
450 Lexington Avenue
New York, New York 10017
212.450.4190

Kenneth Kimerling (KK 5762)
ASIAN AMERICAN LEGAL DEFENSE AND
EDUCATION FUND
99 Hudson Street
New York, New York 10013
212.966.5932

*Attorneys for Plaintiffs*

McDERMOTT WILL & EMERY LLP

By: _____
Joel Cohen (JEC 5312)
Leslie J. New (LN 4522)

340 Madison Avenue
New York, New York 10173
212.547.5400

*Attorneys for Defendants*

SO ORDERED;

Dated:  New York, New York
August 16, 2007

_____
LAURA TAYLOR SWAIN
United States District Judge

15