UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEN Z. CHEN, et al., | |
| Plaintiffs, | |
| - against - | OPINION & ORDER |
| | 07 Civ. 3307 (LTS) (RLE) |
| REPUBLIC RESTAURANT GROUP, et al., | |
| Defendants. | |

RONALD L. ELLIS, United States Magistrate Judge:

## I.    BACKGROUND

By order dated March 26, 2008, the Court denied Defendants' request to compel discovery of Plaintiffs' tax returns. Although Defendants did not file a motion to reconsider they again ask the Court to compel the production of the returns as relevant to an *in pari delicto* defense, which, according to Defendants, would prevent or reduce Plaintiffs' right to liquidated damages under the Fair Labor Standards Act ("the FLSA"). Although this theory was not raised prior to the Court's original decision, the parties were allowed to make additional submissions on the issue. Having considered these submissions, Defendants' request is **DENIED**.

## III.    DISCUSSION

On May 5, 2008, the Parties signed a stipulation agreement conceding that, with respect to the eight named plaintiffs, Defendants willfully violated the FLSA and New York State Labor Law from April 30, 2001, until April 30, 2007. Defendants allege, however, that Plaintiffs asked them to underpay their salaries in order to be eligible for the Federal Earned Income Tax Credit ("EITC"), thereby making them complicit in the violation of the FLSA laws. According to

Defendants, the Plaintiffs' complicity in violating the FLSA would bar or reduce the payment of liquidated damages under an *in pari delicto* defense. (Def. Letter April 22, 2008.) They assert that production of Plaintiffs' income tax returns is essential to proving this allegation.

Plaintiffs argue that Defendants' conclusion is erroneous. They maintain that the EITC does not operate to create an incentive to earn less money on the record. According to Plaintiffs, at the relevant income levels, any reduction in EITC is more than offset by the additional earnings. *See* (Plf. Letter May 13, 2008 at 3-4.) Plaintiffs further argue that the proposed defense is not available because the only way for Defendants to avoid paying liquidated damages is to prove they acted in good faith. *Id*. at 4; 29 U.S.C. §§ 216(b), 260.

The Court need not reach the question whether the proposed *in pari delicto* defense is available to Defendants. Tax documents should not be provided for discovery purposes unless 1) they appear relevant to the subject matter of the action, and 2) that there is a compelling need for the documents because the information contained therein is not otherwise readily obtainable. *Smith v. Bader*, 83 F.R.D. 437 (S.D.N.Y. 1979) (*citing Cooper v. Hallgarten & Co.*, 34 F.R.D. 482, 484 (S.D.N.Y.1964)); *See also Ellis v. City of New York*, 243 F.R.D. 109, 111-112 (S.D.N.Y. 2007). The Court does not find Defendants' additional arguments compelling. Plaintiffs are low-income workers and it is likely that many may have qualified for the EITC regardless of any alleged scheme between the employer and employees. The evidence of the use of the EITC would not tend to prove the alleged defense.

2

## IV.    CONCLUSION

Having reviewed Defendants arguments, the Court finds that their request for Plaintiffs'

tax returns is not reasonably calculated to lead to the discovery of admissible evidence. FED. R.

CIV. P. 26. For the above reasons, Defendants' further request for Plaintiffs' tax returns is

**DENIED**.

**SO ORDERED this 18th day of June 2008**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

3