```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
                                                                   :
FEN Z. CHEN et al.,                                                :    07 Civ. 03307
                                                                   :
                    Plaintiffs,                                    :
                                                                   :
        -against-                                                  :
                                                                   :
REPUBLIC RESTAURANT CORP. et al.,                                  :
                                                                   :
                    Defendants.                                    :
------------------------------------------------------------------ x
```

**DEFENDANTS' OBJECTIONS TO THE COURT'S
<u>JUNE 18, 2008 ORDER PURSUANT TO FED. R. CIV. P. 72(A)</u>**

**McDERMOTT WILL & EMERY LLP**
340 Madison Avenue
New York, New York 10017
(212) 547-5400
*Attorneys for Defendants*

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ...................................................................................................... i

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

PROCEDURAL HISTORY ................................................................................................... 1

ARGUMENT ......................................................................................................................... 5

I. THE STANDARD UNDER FED. R. CIV. P. 72(A) ............................................... 5

II. THE COURT OVERLOOKED CASE LAW REGARDING PRODUCTION OF TAX RETURNS ....................................................................................................... 5

III. THE COURT DID NOT CONSIDER THE PROBATIVE EVIDENCE OF THE REQUESTS FOR REVISED W-2s ......................................................................... 8

CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

**CASES**         **PAGE(S)**

Catskill Development, L.L.C. et al. v. Park Place Entertainment Corp., No. 00-Civ-8660, 2002 U.S. Dist. LEXIS 3166 (S.D.N.Y. Feb. 20, 2002) .......................... 5, 8

Granite Partners, L.P. v. Bear, Stearns & Co., Inc., 17 F. Supp. 2d 275 (S.D.N.Y. 1998) ............................................................................................................................. 6

In re: America Motor Club, Inc., 129 B.R. 981 (Bankr. E.D.N.Y. 1991) ........................... 7

Pisacane v. Enichem America, Inc., No. 94-Civ-7843, 1996 U.S. Dist. LEXIS 9755 (S.D.N.Y. Jul. 12, 1996) ............................................................................................. 9

Rahman v. Smith & Wollensky Restaurant Group, Inc. et al., No. 06 Civ. 6198(LAK)(JCF), 2007 U.S. Dist. LEXIS 37642 (S.D.N.Y. May 24, 2007) ................ 6

Reich v. Diamond D. Trailer Mfg., Inc., No. 93-4197-SAC, 1993 U.S. Dist. LEXIS 18580 (D. Kan. Dec. 22, 1993) .................................................................................. 7

Smith v. Bader, 83 F.R.D. 437 (S.D.N.Y. 1979) ................................................................ 5

Sunrise Group, Ltd. v. Kent King Securities Co., Inc., No. 94 Civ. 5476(LMM)(AJP), 1995 U.S. Dist. LEXIS 7272 (S.D.N.Y. May 24, 1995) ................ 6

Tribune Co. et al. v. Purcigliotti et al., No. 93-Civ-7222, 1998 U.S. Dist. LEXIS 5155 (S.D.N.Y. Apr. 14, 1998) ............................................................................... 5, 8

**STATUTE**

Fed. R. Civ. P. 72(a) ...................................................................................................... 1, 5

## PRELIMINARY STATEMENT

Defendants Republic Restaurant Corp., (the "Restaurant"), Republic GC, LLC, Me'kong Delta, Inc., Huy Chi Le, Linh Hue Le and Liang Jin Lin, (collectively, "Defendants") respectfully submit this memorandum of law[1] pursuant to Rule 72(a) of the Federal Rules of Civil Procedure setting forth Defendants' objections to the Opinion and Order by the Honorable Magistrate Judge Ronald L. Ellis dated June 18, 2008 (the "June 18th Order") that denied Defendants' request to compel discovery of the tax returns of Plaintiffs Fen Z. Chen, Jin L. Dong, De Q. Lian, Dian Lin, Gong Y. Wang, Zhu K. Yong, Jin D. You And Cong D. Zheng (collectively, "Plaintiffs"). As demonstrated below, Defendants respectfully submit that the Court's ruling was contrary to law because it did not address any of the case law supporting Defendants' position to compel production of tax returns given that backpay is the heart of Plaintiffs' wage and hour case and that Defendants seek to prove Plaintiffs' misconduct in limiting their liquidated damages. In addition, the June 18th Order was clearly erroneous because it did not address material evidence that Plaintiffs submitted to Defendants which made Defendants' request even more reasonably calculated to lead to the discovery of admissible evidence. Accordingly, this Court should overturn the June 18th Order and compel Plaintiffs to produce their tax returns to Defendants.

## PROCEDURAL HISTORY

During discovery, Defendants moved to compel the production of Plaintiffs' tax returns. In an Order dated March 26, 2008, Judge Ellis denied Defendants' request, stating that Defendants had not shown a compelling reason for the production of the tax returns, and that the

---

[1] In connection with this Memorandum of Law, Defendants also submit the Affidavit of Joel E. Cohen, Esq., sworn to July 2, 2008 ("Cohen Aff."), and the exhibits attached thereto, which are the exhibits referred to throughout this Memorandum of Law as "Exhibit ("Ex.") __."

information contained in the tax returns was discoverable by other methods. (See Ex. A). On April 22, 2008, Defendants submitted a letter to Magistrate Judge Ellis, requesting that he reconsider his March 26, 2008 ruling that denied Defendants' motion to compel Plaintiffs' individual tax returns. (See Ex. B). More specifically, Defendants stated their intent to assert the *in pari delicto* defense at trial (which provides that a party who has a hand in wrongdoing cannot then seek relief stemming from the wrongdoing). Accordingly, Defendants sought Plaintiffs' tax returns to corroborate Defendants' theory that the Restaurant paid a low "on the books" salary to Plaintiffs in addition to cash salary at their request so that Plaintiffs could take advantage of several government subsidies and tax credits on their tax returns. (Id.). In response thereto, on April 24, 2008, Plaintiffs submitted a letter to Judge Ellis in opposition to Defendants' request based on the premise that the *in pari delicto* defense was inappropriate in cases under the Fair Labor Standards Act ("FLSA"). (See Ex. C).

On April 28, 2008, Defendants replied by stating that there is no controlling case law suggesting Defendants cannot assert an *in pari delicto* defense in the FLSA context, and that Defendants could not have asserted the *in pari delicto* defense sooner because the various government subsidies and tax credits, including the Earned Income Tax Credit ("EITC"), only became apparent during the Plaintiffs' depositions and following a meeting with an accountant in mid-April 2008, who advised counsel of the importance of the EITC as it relates to Plaintiffs' recovery of backpay in this case. (See Ex. D). In any case, at their depositions, most Plaintiffs invoked their Fifth Amendment Privilege and testified that they used accountants to prepare their tax returns, so they did not know the contents of their returns and could not testify to them. (Id.).

Plaintiffs responded to Defendants' on April 29, 2008 by stating that Defendants had been on notice of the *in pari delicto* theory since the deposition of Defendant Huy Chi Le. (See Ex.

E). In further support of its request for tax returns, Defendants stated on May 1, 2008 that because former delivery workers at the Restaurant corroborated the same pay practice that Defendants alleged was designed by Plaintiffs, there was evidence of Plaintiffs' wrongdoing to be discovered by Defendants through the production of Plaintiffs' tax returns. (See Ex. F).

On May 5, 2008, Judge Ellis held a conference (the "Conference") at which he entertained informal oral arguments concerning the Defendants' request for Plaintiffs' tax returns. (Cohen Aff. ¶3). At the conference, Plaintiffs took the position that discovery of the EITC would not assist Defendants in establishing their *in pari delicto* theory because the credits provided from the EITC do not encourage individuals to report a lower salary on their tax returns. (Id.). In response, Defendants argued that the tax returns would tend to prove that Plaintiffs had a hand in designing Defendants' unlawful pay practices so that they could report a lower salary on their tax returns to take advantage of the ETIC. (Id.). At the conference, Judge Ellis stated that he was inclined to agree that if Plaintiffs had some role in the wrongdoing for which they now seek relief, Defendants should have the ability to prove that at trial to limit Plaintiffs' recovery in this action. (Id.). At the end of the conference, Judge Ellis asked Plaintiffs to submit an explanation as to why the EITC was not likely to lead to the discovery of admissible evidence and told Defendants they could submit a letter in response. (Id.). A number of the Plaintiffs attended the conference with Judge Ellis along with their interpreter. (Id.).

On May 13, 2008, Plaintiffs submitted a letter to Judge Ellis in which they alleged that the EITC would not reveal whether or not Plaintiffs had a role in artificially lowering their reported wages to get tax benefits. (See Ex. G). On May 16, 2008, Defendants submitted a response identifying several compelling reasons why the production of Plaintiffs' tax returns was necessary. (See Ex. H). More specifically, during the week of May 13, 2008 (*i.e.*,

- 3 -

approximately one week after the conference before Judge Ellis), Defendants received requests sent by certified mail from each Plaintiff to the Restaurant for "revised W-2 forms" dating back to 2005. (Id.). In the requests, Plaintiffs stated that they realized the Restaurant's W-2 calculations were incorrect, although they did not indicate how. (Id.). Significantly, Plaintiffs knew the contents of their W-2s since 2005, so the timing of their requests indisputably placed their credibility into question and supports Defendants' suspicion that Plaintiffs in fact declared lower earnings on their tax returns, thus supporting Defendants' position that Plaintiffs had a role in Defendants' pay practices by suppressing their earnings in order to receive tax credits and other government subsidies. Defendants attached Plaintiffs' requests to their May 13, 2008 letter. (Id.). In addition, on May 19, 2008, Defendants submitted a supplemental letter affirming to Judge Ellis that more Plaintiffs had sent written requests for revised W-2s for the years 2005 through 2007 and also attaching these additional requests. (See Ex. I).

Despite the newly-acquired evidence corroborating that Plaintiffs likely had reported lower earnings on their tax returns (and thus supporting Defendants' assertions concerning their reported earnings), on June 18, 2008, this Court issued the June 18th Order wherein the Court denied Defendants' request for Plaintiffs' tax returns on the vague basis that they were not reasonably calculated to lead to the discovery of admissible evidence. (See Ex. J). The only rationale provided by Judge Ellis in the June 18th Order was his assumption that because Plaintiffs were "low-income workers," they likely would have qualified for the EITC regardless of their complicity in designing and requesting Defendants' unlawful pay practices. (Id.). Notably, Judge Ellis provided no factual basis or legal reasoning for his assumption, nor any case law supporting his ruling. (Id.).

## ARGUMENT

I. **THE STANDARD UNDER FED. R. CIV. P. 72(A)**

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, a party may object to the decision of a Magistrate Judge and request that the District Court Judge assigned to the case review the Magistrate's ruling. FED. R. CIV. P. 72(a). The District Court may overturn any part of a Magistrate's ruling that is "contrary to law" or "clearly erroneous." Id. "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Tribune Co. et al. v. Purcigliotti et al., No. 93-Civ-7222, 1998 U.S. Dist. LEXIS 5155, at * 12 (S.D.N.Y. Apr. 14, 1998). "Findings are clearly erroneous when the reviewing court is firmly convinced the lower court decided an issue in error." Catskill Dev., L.L.C. et al. v. Park Place Entm't Corp., No. 00-Civ-8660, 2002 U.S. Dist. LEXIS 3166, at *16-17 (S.D.N.Y. Feb. 20, 2002). For the reasons set forth below, Defendants respectfully request that this Court sustain Defendants' objections to the June 18th Order and compel the production of Plaintiffs' tax returns.

II. **THE COURT OVERLOOKED CASE LAW REGARDING PRODUCTION OF TAX RETURNS**

In denying Defendants' request to compel discovery of Plaintiffs' tax returns, the Court found that the requested tax returns were not reasonably calculated to lead to the discovery of admissible evidence. (See Ex. J). To obtain the production of tax returns, the Court evaluates whether the documents are relevant to the subject matter of the action and whether there is a compelling need for the documents because the information contained therein is not otherwise readily obtainable. Id. at 2 (citing Smith v. Bader, 83 F.R.D. 437 (S.D.N.Y. 1979)). Defendants respectfully submit that in denying Defendants' request to compel the discovery of Plaintiffs' tax returns, the Court misapplied the relevant case law. In the June 18th Order, the Court concluded

that Defendants' request for Plaintiffs' tax returns was not reasonably calculated to lead to the discovery of admissible evidence to support Defendants' *in pari delicto* defense. (See Ex. J). In the present case, both prongs of this test are easily satisfied.

First, Plaintiffs' tax returns are relevant to the subject matter of the action because they are probative of Plaintiffs' complicity in asking the Restaurant to keep their official earnings low and receive the majority of their real earnings in unreported cash and cash tips so that Plaintiffs could take advantage of government benefits such as, but not limited to, the EITC. Under the *in pari delicto* defense, Plaintiffs' recovery would be limited by the fact that Plaintiffs themselves had a hand in the improper pay practices that are at issue in this case, which ultimately benefited them. See Granite Partners, L.P. v. Bear, Stearns & Co., Inc., 17 F. Supp. 2d 275, 308 (S.D.N.Y. 1998)(barring recovery for breach of fiduciary duty claim under *in pari delicto* due to "equal fault" of parties).

In this action, Defendants have already admitted that they did not comply with the FLSA and New York Labor Law ("NYLL") by paying Plaintiffs a low salary on the books (as opposed to hourly wages) and paying a supplemental salary in cash that went unreported. In Defendant Huy Chi Le's deposition, he stated that Plaintiffs requested that the Restaurant artificially deflate their reported wages so that Plaintiffs could claim a lower salary on their tax returns and receive the EITC, as well as other subsidies such as Medicare and Medicaid. (See Ex. E). Indeed, courts in this circuit have ordered the production of tax returns when relevant to establishing backpay or a party's misconduct. See, e.g., Rahman v. Smith & Wollensky Restaurant Group, Inc. et al., No. 06 Civ. 6198(LAK)(JCF), 2007 U.S. Dist. LEXIS 37642, at *23-24 (S.D.N.Y. May 24, 2007)(ordering production of tax returns to show backpay); Sunrise Group, Ltd. v. Kent King Securities Co., Inc., No. 94 Civ. 5476(LMM)(AJP), 1995 U.S. Dist. LEXIS 7272, at *5

(S.D.N.Y. May 24, 1995)(ordering production of tax returns to establish defense); In re: Am. Motor Club, Inc., 129 B.R. 981, 989 (Bankr. E.D.N.Y. 1991)(ordering production of tax returns to show misconduct). These cases allowed discovery of tax returns in the same circumstances that Defendants presently seek production of Plaintiffs' tax returns in the present case; yet, the June 18th Order did not address any of them. Because Plaintiffs seek equitable relief in the form of liquidated damages, their tax returns are likely to lead to the discovery of admissible evidence. See Reich v. Diamond D. Trailer Mfg., Inc., No. 93-4197-SAC, 1993 U.S. Dist. LEXIS 18580, at *2 (D. Kan. Dec. 22, 1993)(stating liquidated damages under the FLSA are an equitable remedy). Accordingly, this Court should compel the production of Plaintiffs' tax returns.

Also, Defendants' need for Plaintiffs' tax returns is compelling because the information contained therein is not obtainable from any other source. Plaintiffs' W-2s are inadequate to prove Defendants' theory because the determination of each individual's EITC eligibility is based on the household's entire income, which includes salaries earned by other members of the Plaintiffs' households and other outside income earned by Plaintiffs. Moreover, Plaintiffs invoked their Fifth Amendment Privilege at their depositions concerning their tax returns, so it was impossible to discover this information through that discovery device. Further, to the extent Defendants were able to ask any questions regarding tax credits and governmental subsidies during depositions, many Plaintiffs indicated that they did not have personal knowledge concerning the contents of their tax returns because they claimed they turned over their W-2s to their accountants to prepare their tax returns. (Ex. F at 2). Thus, Defendants seek Plaintiffs' tax returns as a last-resort to prove that Plaintiffs were taking advantage of their "lower" earnings by claiming EITC eligibility (and perhaps other subsidies) and to prove the amount of the EITC

sought. Because this information is not available to Defendants through any other source, Defendants request that this Court grant its request for Plaintiffs' tax returns.[2]

### III. THE COURT DID NOT CONSIDER THE PROBATIVE EVIDENCE OF THE REQUESTS FOR REVISED W-2s

In addition, the Court's ruling was "clearly erroneous" in that it did not address the newly-acquired evidence of Plaintiffs' requests for revised W-2s during the week of May 13, 2008 that further supports the need for the production of Plaintiffs' tax returns. See Exs. H & I. Plaintiffs themselves put their reported wages at issue by requesting these revised W-2s three years after they swore to the accuracy of their contents in their tax returns. At the conference, Judge Ellis stated that he was inclined to order the production of Plaintiffs' tax returns, and Plaintiffs were present at the conference. (Cohen Aff. ¶3). Thus, the timing of Plaintiffs' requests for revised W-2s suggests that after Plaintiffs learned of Judge Ellis' inclination to require production of their tax returns, they sought to protect themselves in the event they had to produce their tax returns by requesting revised W-2s so that they could explain why the reported numbers on their tax returns were lower than expected. Curiously, Judge Ellis ignored this newly-acquired evidence in his decision, despite its highly probative value. Catskill Dev., 2002 U.S. Dist. LEXIS 3166, at *29 (sustaining objection because magistrate failed to give any weight to material evidence presented by objecting party); Tribune Co., 1998 U.S. Dist. LEXIS 5155, at * 23 (re-evaluating documents presented to lower court and sustaining objections to lower court's order).

---

[2] Alternatively, as Defendants have previously suggested, Defendants are amenable to Plaintiffs and/or their accountants providing sworn, signed affidavits disclosing the amounts they claimed as income on their tax returns for the years 2001 through 2007, and the amounts they received in income tax credits for those years as a result of their reported wages. For the Court's reference, Plaintiffs claimed that their accountants prepared their tax returns for them. (See Ex. H).

The June 18th Order summarily stated that "Plaintiffs are low-income workers and it is likely that many may have qualified for the EITC regardless of any alleged scheme between the employer and employees." (See Ex. J at 2). However, Judge Ellis did not state the basis for this assumption, and the tax returns will show how much of the EITC Plaintiffs received, thus profiting from the unlawful pay practices at issue, as well as showing Plaintiffs' propensity to fabricate what they actually earned when it suits their ultimate pecuniary interest. Judge Ellis' failure to provide any reasoning on Defendants' important discovery request warrants this Court sustaining Defendants' objections to the June 18th Order. Pisacane v. Enichem Am., Inc., No. 94-Civ-7843, 1996 U.S. Dist. LEXIS 9755, at *7, 16 (S.D.N.Y. Jul. 12, 1996)(sustaining objections and remanding decision to magistrate because of magistrate's failure to provide any reasoning for denying discovery request). Because the June 18th Order made assumptions that were never in the record, ignored newly-acquired evidence and, in fact, contradicted the case law cited by Defendants supporting the production of tax returns to show misconduct or earnings, Defendants request that this Court sustain Defendants' objections and compel production of Plaintiffs' tax returns.[3]

---

[3] Reading between the lines, we believe Judge Ellis felt protective of Plaintiffs based on their portrayal as poor unsophisticated immigrants being taken advantage of by their employer. In fact, Defendants intend to prove at trial that while they violated the law (and have since changed their practices to comply with the law), this particular immigrant community is well-versed in how to "manipulate the system" by taking cash off the books, not reporting cash tips (i.e., the bulk of their income) and receiving government subsidies due to their alleged "poverty-level earnings." All of the Plaintiffs have their own accountants who help them manipulate the system and despite the portrayal of them as "victims." Thus, they not only participated in but insist on the unlawful pay practices at issue and profit from them. It is Defendants' position that Plaintiffs are therefore not entitled to equitable liquidated damages from unlawful pay practices they insist on and profit from.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court sustain Defendants' objections and compel production of Plaintiffs' tax returns.

Dated: New York, New York
July 2, 2008

Respectfully submitted,

McDERMOTT WILL & EMERY LLP

By: _____
Joel E. Cohen (JEC 5312)
340 Madison Avenue
New York, New York 10173-1922
(212) 547-5400
*Attorneys for Defendants*
Republic Restaurant Group *et al.*

NYK 1167437-1.079795.0011

- 10 -