# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FEN Z. CHEN, et al.,

                Plaintiffs,

- against -

REPUBLIC RESTAURANT CORP., et al.,

                Defendants.

OPINION & ORDER

07 Civ. 3307 (LTS) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiffs Fen Z. Chen, Jin L. Dong, De Q. Lian, Dian Lin, Gong Y. Wang, Zhu K. Yong, Ji D. You, and Cong D. Zehng have brought an action for damages arising out of their employment as take-out food delivery personnel for Republic Restaurant Corporation, Republic GC, LLC, Me'Kong Delta, Inc., Huy Chi Le, Linh Hue Le, Liang Jin Lin, and Jane and John Doe for federal minimum wage and overtime violations under the Federal Labor Standards Act ("FLSA"); New York State minimum wage, overtime and "spread of hours" violations; equipment purchase and maintenance violations under the FLSA; and New York State unlawful deductions.

Before the Court are Defendants' request for Plaintiffs' tax returns and Plaintiffs' request to compel certain documents and interrogatories from Defendants. Defendants' request for Plaintiffs' tax returns is **DENIED** for lack of both relevance and compelling need. Plaintiffs' request to compel Document Request Number 2 is **DENIED** as overly broad. Plaintiffs' request to compel Document Request Number 22 and answers to Interrogatories number 7 and 11 is **GRANTED**.

## II. BACKGROUND

Plaintiffs are take-out deliverers for Republic Restaurant. The central dispute in this case concerns the number of hours worked by the Plaintiffs from April 2001 to the present. Defendants began using a sign-in sheet to keep track of take-out delivery employees' hours after April 2007. (Defs. Feb. 20 Letter to the Court at 1.) The sign-in sheets show that Plaintiffs currently work forty-five to fifty hours per week. *Id.* Plaintiffs claim, however, that their working hours were dramatically reduced after Defendants began using the sign-in procedure and maintain they worked around sixty-two hours per week before the procedure was put in place. *Id.*; (Plfs. Feb. 21 Letter to the Court.) Defendants contend that their business has remained steady over the relevant time period and therefore the sign-in sheet hours are a reasonable estimation of the hours worked by Plaintiffs before the sign-in procedure began.

## III. DISCUSSION

The current dispute arises from Defendants' request for Plaintiffs' tax returns. (Defs. Feb. 20 Letter to the Court.) Plaintiffs argue that tax returns are not relevant and that they have a Fifth Amendment right to refuse to testify about their tax returns in deposition. (Plfs. Feb. 21 Letter to the Court.) Plaintiffs also seek discovery of their own, and move to compel Defendants to produce certain documents and answer certain interrogatories. *Id.*

### A.  Tax Returns

Rule 26(c) authorizes courts, for good cause, to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters . . . " Fed.R.Civ.P. 26(c). "[T]he burden is upon the

2

party seeking non-disclosure or a protective order to show good cause." *Dove v. Atlantic Capital Corp.*, 963 F.2d 15, 19 (2d Cir.1992) (citations omitted).

Although tax returns are not privileged documents, Court's are reluctant to order their discovery in part because of the "private nature of the sensitive information contained therein, and in part from the public interest in encouraging the filing by taxpayers of complete and accurate returns." *See Smith v. Bader*, 83 F.R.D. 437, 438 (S.D.N.Y. 1979) (*citing Mitsui & Co. Inc. v. Puerto Rico Water Resources Authority*, 79 F.R.D. 72, 80 (D.P.R.1978); *Payne v. Howard*, 75 F.R.D. 465, 470 (D.D.C.1977); *Wiesenberger v. W. E. Hutton & Co.*, 35 F.R.D. 556, 557 (S.D.N.Y.1964)). In order to reconcile privacy concerns with liberal pretrial discovery, a two prong inquiry must be used when determining whether a party's tax returns should be produced for discovery. *Cooper v. Hallgarten & Co.*, 34 F.R.D. 482, 484 (S.D.N.Y.1964). Tax documents should not be provided for discovery purposes unless 1) they appear relevant to the subject matter of the action, and 2) that there is a compelling need for the documents because the information contained therein is not otherwise readily obtainable. *Smith v. Bader*, 83 F.R.D. 437 (S.D.N.Y. 1979) (*citing Cooper v. Hallgarten & Co.*, 34 F.R.D. 482, 484 (S.D.N.Y.1964)); *See also Ellis v. City of New York*, 243 F.R.D. 109, 111-112 (S.D.N.Y. 2007). For the following reasons, Defendants' request for Plaintiffs' tax returns is **DENIED**.

### 1. Relevance

Defendants argue that the tax returns are relevant for a number of reasons. First, they claim that the tips Plaintiffs reported on their tax returns will show whether business volume has remained constant and, by extension, whether Plaintiffs hours have remained the same over the relevant time frame.

3

Plaintiffs counter that the volume of business conducted by Defendants is not a relevant inquiry because Plaintiffs were not contract employees hired only when there was work to be done, but regular employees of the restaurant. (Plfs. Feb. 21 Letter to the Court at 1.) They argue, therefore, that the actual hours worked by Plaintiffs prior to the sign-in sheet does not fluctuate with the volume of business. *Id.*

The Court agrees with Plaintiffs that the most direct evidence of business volume is sales because other, unrelated factors may influence tips. Moreover, Plaintiffs allege that, during slow periods, they performed tasks other than delivery, such as distributing restaurant menus in the delivery area. (Defs. Feb. 25 Letter to the Court at 3.) Reported tips cannot capture these hours.

Defendants also argue that Plaintiffs' tax returns will reveal the names of prior employers. With this information Defendants would be able to inquire into these employers' pay and employment practices, and obtain relevant information on when Plaintiffs may have gotten notice of relevant labor laws. Defendants claim that Plaintiffs were unable to identify prior employers in depositions. (Defs. Feb. 20 Letter to the Court at 2.) Plaintiffs argue that except for the names of prior employers, tax returns will not provide the information Defendants claim to be seeking. (Plfs. Feb. 21 Letter to the Court at 2.) Moreover, Plaintiffs maintain that some Plaintiffs were not asked this question in depositions and that other Plaintiffs did give the names of prior employers. Again, the Court agrees with the Plaintiffs. Discovery of tax returns to identify prior employers is overly broad, and discovery of the tax returns to inquire into hours worked by Plaintiffs at their prior place of employment and labor practices used by prior employers is not relevant as this information would not appear in the tax returns.

Finally, Defendants claim that tax returns will allow them to challenge Plaintiffs' claims

4

that they are unable to read English proficiently, and that, as a result, they were unable to read any labor practice postings written in English that were posted in the restaurant. Defendants argue that if Plaintiffs have sufficient proficiency in English to prepare their own tax returns, they have sufficient proficiency to read and comprehend labor notices in English. (Defs. Feb. 20 Letter to the Court at 2.) Plaintiffs claim that Defendants have no right to discover Plaintiffs' tax returns simply to prove that they can or cannot read and write in English. They assert that this rationale would make all of Plaintiffs' documents and writings discoverable. (Plfs. Feb. 21 Letter to the Court at 2.)

The Court finds that Defendants' request and the reasons therefore are not sufficiently relevant. They have not shown how viewing Plaintiffs' tax returns will exhibit their level of English comprehension. Nor have Defendants shown how the possible relevance of the tax return overcomes privacy and relevancy concerns voiced by Plaintiffs if compelled to produce their tax returns.

### 2. Compelling Need

Plaintiffs maintain that Defendants do not need their tax returns to prove sales volume because they posses, and have produced for Plaintiffs, their own records of take-out sales for every day since January 2001, and therefore already have data which directly corresponds to the relevant time period. *Id.* at 2.

The Court agrees, and finds no compelling need for Plaintiffs' tax returns as the same information could be found through alternative and less invasive means such as Defendants' sales records. Because the tax returns are neither relevant nor necessary, the Defendants' request for production is **DENIED**.

5

### 3. Fifth Amendment

In addition, Plaintiffs have asserted their absolute right to the Fifth Amendment privilege against self-incrimination, maintaining that this privilege cannot be weighed against an opposing party's need for underlying information. (Plfs. Feb. 21 Letter to the Court at 2.) The Court need not reach this issue as Defendants' request for production of Plaintiffs' tax returns is **DENIED** for the above reasons.

### B. Document and Interrogatory Production

Plaintiffs request that Defendants be compelled to produce two document requests and answer two interrogatory requests.

### 1. Document Request No. 2

Plaintiffs' second document request asks for "any and all Documents concerning any shareholders of Republic Restaurant Corporation and Me'Kong Delta, Incorporated and members of Republic GC, LLC . . ." *Id.*, Ex. 3. They argue that this information is necessary to ascertain the degree of control the various shareholders and members have in the business since the claim is against individual employers. *Id.* at 3. Defendants counter that the request is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence and should be denied under N.Y. Business Corp. Law § 624(b), which allows only shareholders of record to inspect business records as related to shareholder interests. (Defs. Feb. 25 Letter to the Court at 2.) The Court finds that Plaintiffs' request is overly broad in that a narrower request would facilitate the discovery of the necessary information from Defendants regarding shareholder and member control in the Defendant businesses. Plaintiffs' request is **DENIED**.

2.  **Document Request No. 22**

Plaintiffs' twenty-second document request asks for "any and all Documents concerning the payment of minimum wages or overtime pay to and hours worked by employees of the Restaurant other than Plaintiffs." (Plfs. Feb. 21 Letter to the Court, Ex. 3.) Plaintiffs claim that these documents are necessary to prove willfulness on the part of Defendants. A showing of willfulness extends the limitations period from two years to three years. 29 U.S.C. § 255(a). To show "willfulness" under the Fair Labor Standards Act, an employee must demonstrate "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Court have found that wage records of non-plaintiff employees can be relevant to "the extent the records suggest that [a defendant] violated the FLSA's overtime requirements with respect to numerous other ... employees ... and [c]onversely, if the records show that all other employees were paid correctly under the FLSA, that fact could support an argument that any FLSA violation in plaintiff's case was not willful." *See, e.g., Wright v. Aargo Sec. Servs.*, 99 Civ. 9115 (CSH), 2000 U.S. Dist. LEXIS 2572 (S.D.N.Y. March 7, 2000).

Defendants argue that this inquiry is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because employees other than the Plaintiffs are not the subject of this suit and that moreover, Defendants have already conceded that they were not in strict compliance with wage an hour laws. (Defs. Feb. 25 Letter to the Court.)

Although Defendants have conceded that they were not in strict compliance with the FLSA and other requirements, they have not conceded to willfulness. As these records could

7

establish a degree of willfulness on Defendants' part by showing other past FLSA violations or lack thereof with other employees, Plaintiffs request for these records is **GRANTED**.

    3.    **Interrogatory No. 7**

Interrogatory number seven requests Defendants to "identify all Persons who have made complaints to any of the Defendants or their agents relating to or regarding the payment of wages, including the payment of minimum wage, overtime premiums, or the distribution of tips." (Plfs. Feb. 21 Letter to the Court, Ex. 3.) Defendants argue that their objection should stand because the request is neither limited to the applicable statute of limitations, nor to the individuals responsible for payment of wages and tips, nor to the employees who are the subject of the complaint. (Defs. Feb. 25 Letter to the Court at 3.) Plaintiffs counter, and the Court agrees, that their request is relevant because these complaints could show Defendants were aware of their obligations under the FLSA; that these employees could give information regarding Defendants' responses to their complaints; and that this information could speak to the willfulness of the employer's violations. *Id.* at 4. For these reasons, Plaintiffs' request is **GRANTED**.

    4.    **Interrogatory No. 11**

Interrogatory number 11 requests Defendants to "identify all persons employed at the Restaurant from April 2001 through the present, including their position and dates of employment." *Id.*, Ex. 3. Defendants argue that their objection should be upheld because the request is not limited to the statute of limitations period applicable to the amended complaint, nor to the employees who are the subject of the complaint. (Defs. Feb. 25 Letter to the Court at 3.) They claim that delivery personnel and employees worked in separate areas of the restaurant and

that many of the disputed hours in this case are alleged to have been spent working outside of the premises. For that reason, Defendants claim that other employees would not be able to substantiate any claims made by Plaintiffs.

Plaintiffs counter, and the Court agrees, that there is a reasonable likelihood that present and former employees would be able to substantiate or disprove the Plaintiffs' claims. Moreover, the Defendants have listed the names of a supervisor and former delivery person in their defense and should not be allowed to prevent Plaintiffs from accessing other employees for their own claims. For these reasons, Plaintiffs' request is **GRANTED**.

## IV.  CONCLUSION

For the above reasons, Defendants' request for Plaintiffs' tax returns is **DENIED** for lack of both relevance and compelling need. Plaintiffs' request to compel Document Request Number 2 is **DENIED** as overly broad. Plaintiffs' requests to compel Document Request Number 22 and answers to Interrogatories number 7 and 11 are **GRANTED**.

**SO ORDERED this 26th day of March 2008**
**New York, New York**

_____
**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

9