# EXHIBIT C

# DAVIS POLK & WARDWELL

450 LEXINGTON AVENUE
NEW YORK, NY 10017
212 450 4000
FAX 212 450 3800

MENLO PARK
WASHINGTON, D.C.
LONDON
PARIS
FRANKFURT
MADRID
TOKYO
BEIJING
HONG KONG

WILLIAM MILLER
212 450 4815
WILLIAM.MILLER@DPW.COM

April 24, 2008

Re:   Fen Z. Chen, et al. v. Republic Restaurant Corp., et al. (07 CV 3307)

Honorable Ronald L. Ellis
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 1970
New York, New York 10007

Dear Judge Ellis:

My firm, along with the Asian American Legal Defense and Education Fund, represents Plaintiffs in the above-referenced matter. We write in response to Defendants' letter dated April 22, 2008 (the "April 22 Letter") requesting that the Court reconsider its March 26, 2008 ruling denying Defendants' request for an order compelling Plaintiffs to produce their individual tax returns (the "March 26 Order"). In the April 22 Letter, Defendants for the first time assert the defense of *in pari delicto*, stating that they "have learned that the practice of paying a set 'low salary' was in fact suggested by most of the Plaintiffs." Defendants' argument is flawed for several reasons and we respectfully request that the Court deny Defendants' request.

First, there is no support for Defendants' invocation of the *in pari delicto* doctrine in this context. The Supreme Court has indicated that the *in pari delicto* defense is available only where "as a direct result of his own actions, the plaintiff bears at least substantially equal responsibility for the violations he seeks to redress" and "preclusion of suit would not significantly interfere with the effective enforcement" of the laws giving rise to the cause of action. Bateman Eichler, Hill Richards, Inc. v. Berner, 472 U.S. 299, 310–11 (1985). Courts have acknowledged that employers generally wield more power than employees in the marketplace, which is why the protections of the Fair Labor Standards Act (the "FLSA") cannot be waived by employees. See Tony & Susan Alamo Found. v. Sec'y of Labor, 471 U.S. 290, 302 (1985) (noting that if the FLSA allowed workers to opt out of its provisions, "employers might be able to use superior bargaining power to coerce employees . . . to waive their protections under the Act"). Given the dynamic of the employer-employee relationship and the broad remedial purposes of the FLSA, it is unlikely that an employer could meet the evidentiary

Honorable Ronald L. Ellis       2       April 24, 2008

requirements for an *in pari delicto* defense in the context of violations of the FLSA, especially violations relating to the minimum wage and overtime. See Martin v. Tango's Rest., Inc., 969 F.2d 1319, 1325 (1st Cir. 1992) ("Given the policy of [the FLSA] to protect employees, more detailed findings and specific justification would be needed to support an *in pari delicto* defense, assuming that such a defense would ever be allowed."). Furthermore, courts in this circuit have rejected the application of *in pari delicto* in similar situations where, as here, the laws at issue "indicate, by their terms or by clear implication, a relatively greater duty for compliance on the part of the ... employer." Dziennik v. Sealift, Inc., No. 05–CV–4659 (DLI) (MDG), 2006 U.S. Dist. LEXIS 61860, at *21 (E.D.N.Y. Aug. 30, 2006) (rejecting the *in pari delicto* defense in the context of employment-related claims under maritime laws). For these reasons, it is not surprising that Defendants do not cite to a single case which applies the *in pari delicto* doctrine to the FLSA.

   Second, even if the *in pari delicto* doctrine could be applied in the FLSA context, Defendants have not alleged facts which would establish such a defense in this case. The Supreme Court held that the *in pari delicto* doctrine in the context of a private action under the federal securities laws can only be established where "as a direct result of his own actions, the plaintiff bears at least substantially equal responsibility <u>for the violations he seeks to redress</u>." Bateman, 472 U.S. at 310–11 (emphasis added). Here, Defendants allege that Plaintiffs conspired with Defendants to understate their wages to the federal government for the purpose of obtaining tax credits. Assuming Defendants' claims are true, which they are not, an agreement between Plaintiffs and Defendants to misreport wages to the government for the purpose of obtaining tax credits would not be the cause of any underpayment of wages in violation of the FLSA.[1] According to Defendants, Plaintiffs only asked Defendants to reduce the amount of wages reported to government, not to reduce the amount of wages they actually received. Therefore, the facts as alleged by Defendants could not support an *in pari delicto* defense.

   Third, the April 22 Letter fails to meet the criteria for a motion for reconsideration. As a first matter, pursuant to Local Civil Rule 6.3, a notice of motion for reconsideration must be served "within ten (10) days after the entry of the court's determination of the original motion." Defendants' motion for reconsideration was submitted twenty-seven days after the March 26 Order. Furthermore, Local Civil Rule 6.3 requires that a motion for reconsideration must "set[] forth concisely the matters or controlling decisions which counsel believes the court has overlooked." "This standard ... 'precludes a party from advancing new facts, issues or arguments not previously presented to the court.'" DeSmeth v. Samsung Am., No. 92–CV–3710 (SHS) (RLE), 1998 U.S. Dist. LEXIS 8804, at *3 (S.D.N.Y. June 11, 1998) (quoting Bank Leumi Trust

---

[1] It should be noted that no Plaintiff has testified that he is aware of the earned income tax credit or of the potential to receive tax credits as a result of earning wages below a certain threshold. Indeed, the portions of Plaintiffs' depositions that Defendants attached to the April 22 Letter do not support Defendants' allegations that Plaintiffs pressured Defendants to underreport their wages to the government and, in fact, include testimony that Plaintiffs were never informed that they could receive tax credits if they earned wages below a certain threshold.

Honorable Ronald L. Ellis              3              April 24, 2008

<u>Co. v. Istim, Inc.</u>, 902 F. Supp. 46 (S.D.N.Y. 1995)). Defendants never raised the *in pari delicto* doctrine in any of their letters to the Court preceding the March 26 Order. This failure cannot, however, be attributed to the discovery of facts learned after the March 26 Order. If Plaintiffs cooperated with Defendants to underreport their wages to the government as Defendants allege, then Defendants were aware of the purported facts underlying their *in pari delicto* defense at the time they took place.[2] The absence of the *in pari delicto* defense from Defendants' previous letters to the Court was not due to the absence of relevant information; rather, it appears that Defendants chose not to make that argument. Having lost on their other arguments, Defendants should not be given a second bite at the apple.

Finally, even if the *in pari delicto* doctrine was applicable to the FLSA and Defendants could present evidence to establish such a defense in this case, Defendants' requested relief is inappropriate because Defendants have failed to demonstrate a compelling need for Plaintiffs' tax returns. Plaintiffs' W-2 Forms, which were created by and are in the possession of Defendants, list the wages paid to Plaintiffs by Defendants as reported to the government. Plaintiffs' tax returns will not provide any additional information relevant to their purported *in pari delicto* defense. Therefore, Defendants' most recent request for Plaintiffs' tax returns should be denied for the same reasons Defendants' previous requests were denied in the March 26 Order.

In light of the foregoing, we respectfully request that the Court deny Defendants' request to reconsider the March 26 Order's ruling concerning Plaintiffs' tax returns.

                                                         Respectfully submitted,

                                                         William Miller

cc (by electronic delivery):    Joel Cohen, Esq.
                            Kenneth Kimerling, Esq.

<u>By Hand Delivery</u>

---

[2] Defendant Huy Chi Le also testified on February 21, 2008 about this alleged cooperation with Plaintiffs.