# EXHIBIT D

# McDermott
# Will&Emery

Boston  Brussels  Chicago  Düsseldorf  Houston  London  Los Angeles  Miami  Munich
New York  Orange County  Rome  San Diego  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Joel E. Cohen
Attorney at Law
jcohen@mwe.com
212.547.5566

April 28, 2008

**VIA HAND**

The Honorable Magistrate Judge Ronald L. Ellis
United States Magistrate Judge
United States Courthouse
Southern District of New York
500 Pearl Street, Room 1970
New York, New York 10007

Re:    Chen *et al.* v. Republic Restaurant Corp. *et al.*
       Index No. 07-Civ-3307

Dear Judge Ellis:

This firm represents Defendants in the above-referenced matter.  On April 22, 2008, Defendants submitted a letter requesting reconsideration of Your Honor's March 26, 2008 ruling concerning Plaintiffs' tax returns.  Plaintiffs submitted a response opposing Defendants request on April 24, 2008.  Defendants submit this reply-letter to address Plaintiffs' arguments, and to request an extension on the discovery deadline to allow the deposition of one more witness.

First, Plaintiffs state that Defendants cannot move for reconsideration under Local Civil Rule 6.3 because more than ten days have passed since the March 26th Order was issued.  However, nothing in Civil Rule 6.3 prevents the Court from granting an extension of time to file a motion for reconsideration at its own discretion "in the interest of justice."[1]  Donahue v. Pendleton Woolen Mills, Inc., 719 F. Supp. 149, 151 (S.D.N.Y. 1988).  Given the severe impact that any award of liquidated damages would have on Defendants, the interests of justice dictate that this Court reconsider its ruling concerning the necessity of Defendants obtaining Plaintiffs' tax returns.  We note that this motion is not a dispositive one, and only pertains to a discovery issue.  Moreover, while Defendants plead "unclean hands," which is synonymous with *in pari delicto*, as to why Plaintiffs were seeking lower hourly wages from Defendants (as opposed to tips -- about which Plaintiffs have a great deal of tax reporting leeway), Defendants originally thought

---

[1] Moreover, the Court may alternatively consider this request a motion for relief from an Order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)").  Because Defendants' main purpose in making this motion is to establish Plaintiffs' misconduct (a proper basis for a Rule 60(b) motion), this motion is proper and should be considered by the Court.  See Fed. R. Civ. P. 60(b)(3).  Because the parties are still in discovery, and this is a discovery-related motion, rather than a dispositive motion of the case at large, Defendants should not be precluded from obtaining such information relevant to support an *in pari delicto* defense.

The Honorable Magistrate Judge Ronald L. Ellis
April 28, 2008
Page 2

this was due to housing subsidies Plaintiffs may receive. Only after taking all of the Plaintiffs' depositions, as well as a discussion with an accountant who has experience in the restaurant industry on April 18, 2008, did we realize that the reason Plaintiffs would seek to have low hourly wages was due to "income tax credits." Defendants should not be penalized due to the fact that this factual theory did not fully materialize until after Defendants' motion was initially decided.

Plaintiffs state that Defendants are not entitled to obtain Plaintiffs' tax returns to assert an *in pari delicto* defense to minimize Plaintiffs' liquidated damages under the Fair Labor Standards Act ("FLSA") because there is no existing case law applying such a principle. To our knowledge, there is no contrary case law, and Plaintiffs cite none. The lack of prior precedent does not bar such a defense to be made in the FLSA context where appropriate.[2] The Court retains discretion to determine Plaintiffs' liquidated damages, if any. See 29 U.S.C. § 216; 29 U.S.C. § 260 ("the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed amount specified in section 216 of this title."); see also Reich v. Waldbaum, Inc., 52 F.3d 35 (2d Cir. 1995)(remanding for district court's determination of willfulness and liquidated damages); Young v. Cooper Cameron Corp., No. 04 Civ. 5968, 2006 U.S Dist. LEXIS 37030, at *23-24 (S.D.N.Y. June 6, 2006)(stating in dicta that court has discretion to award or deny liquidated damages).

Because the *in pari delicto* defense could influence such a finding, Defendants respectfully request that the Court allow discovery of Plaintiffs' tax returns because the Court may consider Defendants' *in pari delicto* defense in making its determination concerning liquidated damages – which are an equitable remedy. See Reich v. Diamond D. Trailer Mfg., Inc., No. 93-4197-SAC, 1993 U.S. Dist. LEXIS 18580, at *2 (Dist. Kan. Dec. 22, 1993)(striking jury demand because liquidated damages constitute equitable relief). It seems disingenuous that the employer be the sole recipient of what are essentially "punitive-type" damages where Plaintiffs had a direct hand in creating the unlawful pay scheme to begin with and will benefit from it in the end.

In addition, at today's deposition of former Republic delivery worker Rong Hau Chen ("Mr. Chen"), a non-party, *Plaintiffs inquired* into Mr. Chen's income tax returns, his knowledge of income "tax credits" for reporting a low income, and other questions related to this same issue. Having made the strategic decision to pursue this line of inquiry, Plaintiffs have opened the door to having their own tax return information discovered, an additional ground for Your Honor to reconsider the ruling on Defendants' request to compel production of Plaintiffs' tax returns at this

---

[2] Plaintiffs' reliance on Dziennik v. Sealift, Inc., No. 05 Civ. 4659, 2006 U.S. Dist. LEXIS 61860, at *21 (E.D.N.Y. Aug. 30, 2006) is misplaced. In Dziennik, the basis for the holding was that the plaintiffs decided to remain employed by defendants knowing that defendants did not comply with certain maritime law requirements. In this case, Plaintiffs did not idly stand by; rather, they *actively requested and helped design* Defendants' unlawful pay practices, making Dziennik distinguishable on its facts. Moreover, Plaintiffs' reliance on such cases, which hold that employee acquiescence does not avoid Defendants' FLSA liability, misses the point. Defendants are not arguing that they have not violated the FLSA – *they have already admitted that*. The relevance of the *in pari delicto* defense goes to the equitable remedy of liquidated damages.

The Honorable Magistrate Judge Ronald L. Ellis
April 28, 2008
Page 3

stage of discovery. Given this latest development, Defendants should be able to discover information about Plaintiffs' own tax returns and tax credits in the "interest of justice." To hold otherwise would be a great injustice to Defendants.

Plaintiffs also argue that Defendants have not established a compelling need for Plaintiffs' tax returns. In fact, courts in this circuit have ordered production of tax returns when relevant to establishing actual backpay, a party's misconduct or other defenses, which are the very reasons Defendants have sought Plaintiffs' tax returns throughout discovery. See, e.g., Rahman v. Smith & Wollensky Restaurant Group, Inc. et al., No. 06 Civ. 6198(LAK)(JCF), 2007 U.S. Dist. LEXIS 37642, at *23-24 (S.D.N.Y. May 24, 2007)(ordering production of tax returns to show backpay); Sunrise Group, Ltd. v. Kent King Securities Co., Inc., No. 94 Civ. 5476(LMM)(AJP), 1995 U.S. Dist. LEXIS 7272, at *5 (S.D.N.Y. May 24, 1995)(order production of tax returns to establish defense); In re: Am. Motor Club, Inc., 129 B.R. 981, 989 (Bankr. E.D.N.Y. 1991)(ordering production of tax returns to show misconduct). Defendants cannot determine how many Plaintiffs used the tax credit and how much the tax credit was actually worth to Plaintiffs without inspecting Plaintiffs' actual tax returns, as most Plaintiffs testified that their tax returns were prepared by their accountants. In fact, to obtain this information, Plaintiffs' accountants may have to testify to establish the value of the tax credits received by Plaintiffs.

For the foregoing reasons, Defendants request that this Court reconsider its ruling regarding Plaintiffs' tax returns, or, in the alternative, that this Court minimize Plaintiffs' liquidated damages given the evidence provided at Plaintiffs' depositions which indicated Plaintiffs' active role in designing the restaurant's payment scheme that is now the basis for Plaintiffs' lawsuit.

In addition, Defendants request an extension of one month for discovery in this case to allow Defendants time to depose one more witness. By way of background, Defendants took the deposition of Josephine Lee ("Ms. Lee"), who works as an interpreter at the Chinese Staff & Workers Association ("CSWA"), the agency that referred Plaintiffs' case to the Asian American Legal Defense & Education Fund and also regularly assists Plaintiffs' counsel with interpretation. Defendants subpoenaed Ms. Lee because the Plaintiffs identified her at their depositions as their primary contact at the CSWA.

At her deposition, Ms. Lee claimed to be unable to testify concerning many of the pertinent issues involved in this case, including CSWA's role in Plaintiffs' litigation decisions, and, most importantly, its role in drafting an agreement (that was signed by all of the Plaintiffs) describing the use of counsel as well as payouts to be made from the proceeds of this litigation. Most of the Plaintiffs identified Ms. Lee as the person involved with the agreement, but Ms. Lee denied knowledge of the details of the agreement.

In sum, Defendants seek to subpoena a Rule 30(b)(6) witness from the CSWA, whom Defendants anticipate is Wing Lam, the Director of the CSWA, to clarify this specific issue. Accordingly, Defendants request a one-month extension for discovery to depose this specific Rule 30(b)(6) witness.

The Honorable Magistrate Judge Ronald L. Ellis
April 28, 2008
Page 4

Thank you in advance for your consideration of the foregoing issues.

Respectfully submitted,

Joel E. Cohen

cc:     William Miller
        Ken Kimerling