# EXHIBIT E

# DAVIS POLK & WARDWELL

450 LEXINGTON AVENUE
NEW YORK, NY 10017
212 450 4000
FAX 212 450 3800

MENLO PARK
WASHINGTON, D.C.
LONDON
PARIS
FRANKFURT
MADRID
TOKYO
BEIJING
HONG KONG

EDWARD SHERWIN
212 450 4501
EDWARD.SHERWIN@DPW.COM

April 29, 2008

Re:     **Chen et al. v. Republic Restaurant Group et al. (07 Civ. 3307)**

The Honorable Ronald L. Ellis
United States Magistrate Judge
United States District Court for
    the Southern District of New York
500 Pearl Street, Room 1970
New York, New York  10007

Dear Judge Ellis:

My firm, along with the Asian American Legal Defense and Education Fund, represents Plaintiffs in the above-referenced matter. We write in response to Defendants' letter dated April 28, 2008 (the "April 28 Letter"), seeking a one-month extension of discovery and presenting further arguments in support of their motion for reconsideration of Your Honor's March 26, 2008, ruling denying Defendants' motion to compel production of Plaintiffs' tax returns.

With respect to Defendants' request for a third extension of the discovery deadline, we believe that such an extension is unnecessary because the further discovery Defendants propose to take—a Rule 30(b)(6) deposition of the Chinese Staff and Workers Association ("CSWA"), an organization that has provided assistance to Plaintiffs and other similarly situated workers—is not relevant to any of the issues in this case. CSWA originally referred Plaintiffs to their counsel, and Defendants have already deposed Josephine Lee, a CSWA staff member who met with the Plaintiffs before this action was commenced and subsequently provided translation and interpretation services at my firm's behest. CSWA has also produced to Defendants an agreement by and among Plaintiffs as to the distribution of any recovery in this case. (An English translation also produced to Defendants is provided at Tab A.) Defendants asked Ms. Lee numerous questions about this agreement, even though (1) CSWA is not a party to it and (2) how Plaintiffs divide any recovery is irrelevant to the merits of this case. We do not believe that further discovery from CSWA is warranted, so an extension for that purpose is unnecessary.

The Honorable Ronald L. Ellis       2       April 29, 2008

      Nevertheless, if such an extension is granted, Plaintiffs request that the settlement conference before Your Honor currently scheduled for May 8, 2008, be adjourned until after the close of discovery.  Plaintiffs do not believe that such a conference will be fruitful while further discovery is pending.

      With respect to Defendants' pursuit of Plaintiffs' tax returns, we write to clear up two misstatements in Defendants' April 28 letter.  First, Defendants state that only after taking all of Plaintiffs' depositions and consulting an accountant on April 18, 2008, did they surmise that "the reason Plaintiffs would seek to have low hourly wages was due to 'income tax credits.'"  Accordingly, they argue that "this factual theory did not fully materialize until after Defendants' motion was initially decided."  Plaintiffs' representations, however, are belied by the deposition testimony of defendant Huy Chi Le, who said of Plaintiffs on February 21, 2008, that "because they under report their income every year . . . [t]hey receive 6 to $7,000 in a tax refund."  Le Dep. 30:4-9 (See Tab B).  On the basis of Mr. Le's testimony, it is apparent that Defendants had formulated this theory long before Your Honor's ruling in this matter.

      Second, Defendants erroneously suggest that by asking former Republic delivery worker Rong Hau Shen about his tax filing status and his knowledge of tax credits during yesterday's deposition, Plaintiffs have opened the door to discovery of their income tax returns.  Plaintiffs merely asked Mr. Shen the same types of questions that Defendants have already asked of Plaintiffs during their depositions.  Plaintiffs have not sought, nor do they intend to seek, production of Mr. Shen's tax returns, nor did they ask Mr. Shen about the specific contents of his tax returns.  Therefore, it does not follow that by asking such questions, Plaintiffs have opened the door to discovery of their tax returns.  Moreover, the questions Plaintiffs asked of Mr. Shen are relevant to their opposition to Defendants' defense of *in pari delicto*, a defense which Plaintiffs expect Defendants to assert at trial regardless of whether they obtain discovery of Plaintiffs' tax returns.  In short, the questions posed to Mr. Shen have nothing to do with, and certainly did not open the door to, discovery of Plaintiffs' tax returns.

      With respect to Defendants' other arguments regarding their motion for reconsideration, we stand on our letter of April 24, 2008.

      Thank you for your consideration of the foregoing issues.

                         Sincerely yours,

                         Edward Sherwin

cc (by electronic        Joel Cohen, Esq.
delivery):              Kenneth Kimerling, Esq.

By Hand Delivery

A

*(TRANSLATION)*
*LAWYER WORK PRODUCT*

### Letter Authorization and Agreement

We are the food delivery workers from the Republic Restaurant. For a long period of time, the employer did not pay minimum wage and overtime wage to us and treated us unfairly. So we together asked a lawyer to help us legally to fight for our right and for justice. Also, we received assistance and help from Chinese Staff & Workers' Association.

In order to guarantee that the case proceed smoothly, Republic workers organized to help the lawyer we retained to pursue our backwages from the Republic Restaurant and its owners. Workers together unanimously agree to elect representatives Lin Dian, Chen Fen Zhi and You Jin Dong. They are authorized to represent the workers to pursue minimum wage and overtime pay. If there is an important matter, and the representative thought it required all the workers to decide, then all of these decisions would be based on majority ruling. Also, we authorize the representatives and our lawyers to deduct or withhold certain amounts from the backpay:

- 15% as donation use,
- 5% as a fund to reward those plaintiff who are active,
- Deduct 10 % as the travel expense for the representatives;

Those who worked more than 5 year received $10,000 more than others. How to use and distribute this money from the fund should be decided by the representatives. Also we agree to authorize our lawyer to put all the backwages received into the escrow account. Then, our lawyers and representatives will base on this agreement, deduct vary expenses and donation. The left over money will be divided and distributed equally to all the beneficiaries.

Sign:                                        February 25th, 2007

Lian De Qing                    Dian Lin
Dong Jing Long                  Wang Gong Yi
Zheng Cong Dian                 Chen Fen Zhi
Zhu Kong Yong                   You Jin Dong

onfidential Treatment Requested By Plaintiffs

Republic_Prod_0000960

B

29

1                       Huy Chi Le

2    mean, that was in March, April of 2007.

3                 (In English) More or less.

4                 (Through interpreter) More or less.

5    In 2006, around the summer of 2006, I made a

6    change so that all the employees were paid hourly

7    and also that they were paid on a weekly basis.

8                 (In English) Yes.

9                 (Through interpreter) And was also

10   based on the amount of time each delivery person

11   worked and their work schedule is on a three-week

12   cycle.

13                And from that three-week cycle, I

14   calculate that their average working time is

15   54 hours.  So that's why in June of 2006, I

16   started to make changes because I realize that my

17   previous method was not correct.

18                I got a lot of pressure from my

19   employees, they did not want to be paid weekly.

20                (In English) Yeah.

21                (Through interpreter) Their reason

22   is because a lot of employees receive benefits

23   from the government, like food stamps --

24                (In English) Medicaid.

25                (Through interpreter) Medicaid

30

1          Huy Chi Le

2          (In English) Lower income house.

3          (Through interpreter) Lower income

4    housing.  And also because they under report

5    their income every year, they've received 6 to

6    $7,000 low income --

7          (In English) I can say refund.

8          (Through interpreter) They receive 6

9    to $7,000 in a tax refund, approximately 6 or

10   $7,000.

11         Therefore, many, many reasons which

12   led to me sitting here today that as I sit here

13   today, I'm very angry and I'm also very heart

14   broken because these people have been in my

15   employ for many years.

16         MR. KIMERLING:  Let's take a break.

17         MR. MILLER:  Yes.

18         (Recess from the record.)

19         MR. MILLER:  Back on the record.

20   BY MR. MILLER:

21     Q.    You stated that the restaurant has

22   not delivered menus since the first two years of

23   its operation?

24     A.    (In English) Absolutely.

25     Q.    So what year did the restaurant stop