# EXHIBIT G

# DAVIS POLK & WARDWELL

450 LEXINGTON AVENUE
NEW YORK, NY 10017
212 450 4000
FAX 212 450 3800

MENLO PARK
WASHINGTON, D.C.
LONDON
PARIS
FRANKFURT
MADRID
TOKYO
BEIJING
HONG KONG

EDWARD SHERWIN
212 450 4501
EDWARD.SHERWIN@DPW.COM

May 13, 2008

Re:    **Chen et al. v. Republic Restaurant Group et al. (07 Civ. 3307)**

The Honorable Ronald L. Ellis
United States Magistrate Judge
United States District Court for
    the Southern District of New York
500 Pearl Street, Room 1970
New York, New York 10007

Dear Judge Ellis:

My firm, along with the Asian American Legal Defense and Education Fund, represents Plaintiffs in the above-referenced matter. We write to clarify some of the issues raised at the settlement conference on May 8, 2008, with respect to Defendants' motion to compel Plaintiffs' tax returns, and to provide the additional information the Court requested regarding the operation of the Earned Income Tax Credit ("EITC") and the tip pool for delivery workers at Republic Restaurant ("Republic").

As an initial matter, we want to be clear about our understanding of the purported grounds for Defendants' *in pari delicto* defense. Defendants have alleged that Plaintiffs *asked* to be paid a salary (exclusive of tips) corresponding to a wage rate less than the minimum wage in order to obtain tax refunds from the government. *See* Letter from Joel E. Cohen to Judge Ellis, April 22, 2008, at 1 (the "April 22 Letter"). It is only by alleging that Plaintiffs participated in the wrongful conduct complained of in this lawsuit – not that they engaged in unrelated bad acts – that Defendants can purport to assert the *in pari delicto* defense. *See Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 310-11 (1985) (holding that the *in pari delicto* defense is available only where, *inter alia*, "as a direct of his own actions, the plaintiffs bears at least substantially equal responsibility *for the violations he seeks to redress*") (emphasis added).

The allegation that Plaintiffs asked to be paid less than the minimum wage is different from the allegation that Plaintiffs asked Defendants to pay them "off the books" so that they could under-report their income to the Internal Revenue Service ("IRS"). This type of collusion, common sense dictates, is much more frequent than the sort alleged by Defendants. Defendants, however, cannot assert an *in pari delicto* defense

The Honorable Ronald L. Ellis                    2                         May 13, 2008

based on such an allegation, because the violation Plaintiffs seek to redress is
Defendants' failure to pay the minimum wage and overtime, not Defendants' failure to
properly report their income. Also, as demonstrated below, much of Defendants'
deposition testimony focused on this irrelevant allegation. Nevertheless, Defendants
have often confused and conflated these two allegations, especially in their letter of May
1, 2008 (the "May 1 Letter"), which alleged that Plaintiffs wanted to "keep the 'on the
books' income low, so as to obtain the tax credit" and to "report wages that are low
enough to allow them to keep receiving valuable government subsidies." May 1 Letter at
2. It is for that reason that we ask the Court to be mindful of this distinction.

## I.   Defendants Have Not Shown a Compelling Need for Plaintiffs' Tax Returns To Assert Their *In Pari Delicto* Defense

As the Court noted in its March 26 order and opinion denying Defendants' motion
to compel (the "March 26 Order"), courts have created a two-prong test for determining
whether a party's tax returns should be discoverable: first, they must be relevant to the
subject matter of the action, and second, the party seeking discovery must have a
compelling need for the tax returns because the information therein is not otherwise
obtainable. March 26 Order at 3 (citing *Smith v. Bader*, 83 F.R.D. 437 (S.D.N.Y. 1979)).
Because Defendants have all of the information they need regarding Plaintiffs' wage and
tip income, they have not shown a compelling need for either the documents or an
affidavit with the same information, namely Plaintiffs' reported income and how much
they received in income tax credits.

To assert their purported defense, Defendants would need to adduce some
evidence that Plaintiffs asked to be paid below minimum wage, which they intend to do
through testimony. To demonstrate Plaintiffs' motivation for doing so, Defendants want
to show that Plaintiffs, in fact, qualified for and received the EITC. Defendants are
already able to do this, however, because they possess – and indeed, created – Plaintiffs'
W-2 forms for the relevant time periods. They have also asked Plaintiffs during their
depositions whether they received tax refunds from the government, *see* Dong Dep 7:7-
10; Lian Dep. 30:23-25; Wang Dep. 10:14-16; Zheng Dep. 51:10-14 (Tab A), and may
do so again at trial if allowed to assert this defense. Therefore, Defendants do not need
any more documents or information than they already have.

In their letters to the court and at the May 8 hearing, Defendants have raised the
question whether Plaintiffs' tip income was properly reported to the IRS. *See. e.g.*, April
22 Letter at 1; May 1 Letter at 2. Because the tips earned by the Plaintiffs are unrelated
to the wages owed them by Defendants, this question is wholly irrelevant to the issue of
whether Plaintiffs asked Defendants to pay them wages (exclusive of tips) at a rate below
the minimum wage. Nevertheless, Defendants argued at the hearing that this issue was
relevant, that Defendants innocently under-reported Plaintiffs' tip income to the IRS on
their W-2 forms, and that Plaintiffs should be penalized in this case for allegedly failing
to correct Defendants' misrepresentations to the IRS regarding tip income. Your Honor
expressed interest in this issue, which is why we offered to explain that Defendants do
not have a compelling need for Plaintiffs' tax returns because, due to the operation of a
tip pool, they know exactly how much Plaintiffs earned in tip income.

The Honorable Ronald L. Ellis                3                May 13, 2008

Like many other workers in the food-service industry, the delivery workers at
Republic pooled the tips they earned from delivering food to customers, equally dividing
such tips at the end of each shift. *See* Huy Chi Le Dep. 100:23-101:4 (Tab B); Lin Dep.
145:17-24 (Tab D); Shen Dep. 57:4-24 (Tab E). The head delivery worker, defendant Jia
Liang Lin,[1] shared in the tip pool on account of the fact that he also made deliveries. Lin
Dep. 145:19-21 ("[T]he tips income will still be distributed among ten of us, no
difference.") (Tab D); Shen Dep. 57:25-58:6 (Tab E). Because all of the delivery
workers shared equally in the tip pool, and because the head delivery worker received
one equal share, the restaurant's management knew precisely how much each delivery
worker earned in tips. *See* Huy Chi Le Dep. 126:13-15 ("So I know how much credit
card – credit card tips amounted to and, also, their total amount in tips. And I am
responsible to report it for them.") (Tab B); Lin Hue Le Dep. 57:23-58:7, 86:19-87:13
(Tab C). Therefore, Defendants have not shown that they have a compelling need for
Plaintiffs' tax returns or any specific information contained therein.[2]

## II. Defendants' *In Pari Delicto* Defense Is Implausible as a Matter of Fact, So Discovery of Plaintiffs' Tax Returns Is Unnecessary

Defendants' argument that Plaintiffs wanted to receive less income than they were
legally entitled to, but more than made up the difference through increased tax credits, is
rendered implausible by the manner in which the EITC works.[3] Fundamentally, the
amount of money a worker receives from the EITC depends on his income. During the
"phase in" stage, the amount of the EITC *increases* in direct proportion to the worker's
income, ostensibly to encourage workers to earn more (not less) income. For a worker
with two or more children, the credit is worth approximately 40 percent of earned
income. Thus, a worker who earned $5,000 last year would receive a credit of $2,010,
but a worker who earned $10,000 would receive $4,010.

Once the worker has earned enough money to be entitled to the maximum EITC
permitted by law, he enters a "plateau" stage where he continues to receive the maximum
allowable EITC, even if his income continues to rise. Last year, a worker with two or
more children would receive maximum allowable credit, $4,716, upon earning $11,750.
Thus, a worker who earned $12,000 and a worker who earned $15,000, both sitting atop
the plateau, would have received the same maximum credit last year.

Once the worker exceeds a certain threshold, however, the amount of the credit
begins to decline. Last year, a single worker with two or more children would enter this

---

[1] This defendant is named in the caption as Liang Jin Lin but identified himself at his deposition as
Jia Liang Lin. The latter name will be used through the course of this letter.

[2] Moreover, Plaintiffs do not concede that their tax returns are relevant to the question of whether
they asked Defendants to pay them a low set salary – in effect, to pay them less than the minimum wage –
in order to obtain the EITC. The fact that Plaintiffs had low incomes and were therefore entitled to the
EITC does not make the existence of this purported "agreement" between Plaintiffs and Defendants any
more or less likely. Instead, this fact is merely the logical result of Defendants' admitted failure to comply
with laws requiring the payment of a minimum wage.

[3] The following explanation of the EITC is derived from Internal Revenue Service Publication
596, *Earned Income Credit (EIC)* (2007), *available at* http://www.irs.gov/pub/irs-pdf/p596.pdf.

The Honorable Ronald L. Ellis                    4                    May 13, 2008

"phase out" stage if he earned $15,400 or more. For every extra dollar the worker earned, he would lose about 21.06 cents from the EITC. Thus, a single worker with two or more children who earned $20,000 would receive a credit of $3,740 (for total cash intake of $23,740), but the same worker earning $25,000 would receive a credit of $2,687 (for total cash intake of $27,687). Finally, upon earning $37,783, the same worker's credit would have phased out entirely, and he would not be eligible for the EITC.[4]

Under no scenario could a worker improve his total cash intake – earned income plus the EITC – by asking or agreeing to receive a lower wage from his employer.[5] During the "phase in" period, the EITC actually grows with income, and during the "phase out" stage, any reduction in the EITC is more than offset by the extra dollar of income, even considering payroll and other taxes on that income. While the cut-off points and percentages may change, this same basic pattern holds true regardless of the worker's marital status or the number of qualifying children he has. Therefore, it is utterly implausible that a worker would agree to accept a lower hourly wage in order to increase his income tax credit, since he would be worse off overall by doing so. While one individual, or several, might mistakenly believe he could more than offset a reduction in income with an increase in the EITC, it is highly implausible to argue, as Defendants do, *see* May 1 Letter at 3, that an entire immigrant community would suffer from this delusion without anyone realizing it.

The factual basis for this purported defense is also undermined by Defendants' deposition testimony. Defendant Lin Hue Le testified that the head delivery worker, defendant Jia Liang Lin, told her to pay the delivery workers a flat salary of $700 per month based not on Plaintiffs' requests, but on Lin's knowledge of the market rate for delivery workers. *See* Lin Hue Le Dep. 127:3-21, 133:18-134:11 (Tab C). Furthermore, Ms. Le did not testify that the delivery workers asked to be paid below the minimum wage in order to obtain tax credits, but rather that the delivery workers asked her merely not to report the full amount of wages that they had earned. *See id.* 128:5-8, 131:17-22 (Tab C). Defendants Huy Chi Le and Jia Liang Lin similarly testified that the workers sought to under-report their income. *See* Huy Chi Le Dep. 125:20-126:3 (Tab B); Lin Dep. 42:23-43:5 (Tab D). As noted earlier, however, that allegation is not relevant to Defendants' *in pari delicto* defense or any other aspect of this litigation.

### III.    Defendants' *In Pari Delicto* Defense Is Unavailable as a Matter of Law, So They Do Not Have a Compelling Need for Plaintiffs' Tax Returns

Finally, Defendants are not entitled to discovery of Plaintiffs' tax returns in support of their *in pari delicto* defense to liquidated damages because they cannot show either relevance or a compelling need for such discovery where, as here, the defense simply does not apply. As explained below, the statutes are clear that (1) if the employer does not satisfy an affirmative defense of good faith and reasonableness, liquidated

---

[4] For married workers filing jointly with two or more children, the "phase out" stage begins $2,000 later, at $17,400, and ends $2,000 later, at $39,783.

[5] Defendants' statement that "the tax credit . . . is worth more than the additional hourly wages they give up by having a set 'salary,'" April 22 Letter at 1, is therefore untrue.

The Honorable Ronald L. Ellis                    5                    May 13, 2008

damages "shall" be awarded; and (2) if the employer does prove this affirmative defense, then – and only then – does a court have discretion whether or not to award liquidated damages. The decisions of the Second Circuit and of Judge Swain are equally clear that, absent proof of the employer's good faith, liquidated damages are mandatory.

The availability of liquidated damages under FLSA is governed by two statutes, the first of which provides that such damages "shall" be granted, and the second of which provides a limited exception to that rule. The first statute provides, in relevant part:

> Any employer who violates the provisions of section 206 or section 207 of this title [relating to the minimum wage and overtime pay, respectively] *shall be liable* to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and *in an additional equal amount as liquidated damages*.

29 U.S.C. § 216(b) (emphasis added). The second statute, providing a limited exception to this rule, provides *in full*:

> In any action commenced prior to or on after May 14, 1947 to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended [29 U.S.C. 201 et seq.], *if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938*, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.

29 U.S.C. § 260 (emphasis added).

In their letter to Your Honor dated April 28, 2008 (the "April 28 Letter"), and again at the hearing on May 8, 2008, counsel for Defendants quoted selectively and, we believe, misleadingly, from Section 260, stating only that "the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title." However, counsel for Defendants failed to note that, under Section 260, this grant of discretion is triggered only "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938." In other words, without the employer's good faith, damages are mandatory, but with (and only with) good faith, they become discretionary.

The Honorable Ronald L. Ellis                6                                May 13, 2008

The case law on this point is equally clear. The Second Circuit has explained that FLSA "does not authorize the court to decline to award liquidated damages, in whole or in part, unless the employer has established its good-faith, reasonable-basis defense." *Brock v. Wilamowsky*, 833 F.2d 11, 20 (2d Cir. 1987); *see also Reich v. S. New Eng. Telecomm'ns Corp.*, 121 F.3d 58, 71 (2d Cir. 1997) ("[D]ouble damages are the norm, single damages the exception.") (citations and internal quotation marks omitted).

Judge Swain's decisions are consistent with this conclusion. Defendants have cited *Young v. Cooper Cameron Corp.*, No. 04 Civ. 5968 (LTS)(GWG), 2006 U.S. Dist. LEXIS 37030, at *23-24 (S.D.N.Y. June 6, 2006), for the proposition that a "court has discretion to award or deny liquidated damages." April 28 Letter, at 2. However, Defendants again omitted that this discretion exists only where the defendant has met his burden of proving good faith. As Magistrate Judge Gorenstein wrote:

> An employer who violates the FLSA's overtime provision shall be liable to the employee for unpaid overtime and an additional equal amount as liquidated damages. Such liquidated damages are considered compensatory rather than punitive in nature. They constitute compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages. Nonetheless, the FLSA provides that liquidated damages "may" be avoided, in the court's "sound discretion," if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not in violation of the Act. Thus, even assuming that the employer meets its burden in this regard, the district court nonetheless may, in the exercise of its discretion, award liquidated damages under the express language of the statute.

2006 U.S. Dist. LEXIS 37030, at *23-24 (internal punctuation and citations omitted). The defendant in *Young* appealed Magistrate Judge Gorenstein's report and recommendation to Judge Swain, who adopted it in its entirety. *Young v. Cooper Cameron Corp.*, No. 04 Civ. 5968 (LTS)(GWG), 2007 U.S. Dist. LEXIS 71315 (S.D.N.Y. Sept. 25, 2007). In relevant part, Judge Swain concluded that because the defendant "had failed to carry its heavy burden of demonstrating that its classification decision was made in good faith," the plaintiff was, "as Judge Gorenstein recommends, entitled to judgment as a matter of law on the liquidated damages issue." *Id.* at *4-5.[6]

---

[6] At the hearing on May 8, Your Honor noted that neither Plaintiffs nor Defendants have cited much case law on the question of whether *in pari delicto* is a defense to an award of liquidated damages. The reasons for this are clear: No court has ever held that *in pari delicto* is a defense to liquidated damages under the FLSA or New York Labor Law, and no court has ever had occasion to hold explicitly that the defense is not available because few defendants have been so brazen as to assert that defense in such clear contradiction to the plain language of the relevant statutes.

The Honorable Ronald L. Ellis                 7                    May 13, 2008

        In this case, Defendants have stipulated that they have willfully violated the
FLSA by failing to pay Plaintiffs the minimum wage and overtime.  Therefore, they will
be unable to show that they acted in good faith or had reasonable grounds to believe that
they did not violate the FLSA.  Because they will be unable to make this showing, the
Court does not have discretion, pursuant to Section 260, not to award the full amount of
liquidated damages.  And thus, as the defense of *in pari delicto* is not relevant to the
award of liquidated damages, Defendants do not have compelling need for discovery in
aid of that defense.[7]

        Just as the Court initially denied Defendants' motion to compel because they had
not asserted a legally justifiable basis for such discovery, the Court should now deny
Defendants' motion for reconsideration on the grounds that the newly asserted reason for
such discovery is also factually and legally bankrupt.  The effect of such a ruling would
not be to unduly tie Judge Swain's hands, or to deny her information relevant to her role
as the finder of fact in this case.  Rather, consistent with her decision recognizing the
mandatory nature of liquidated damages, an order denying Defendants' motion will only
prevent Judge Swain from having to deal with this irrelevant non-issue.

        Thank you for your consideration of the foregoing issues.

                                        Sincerely yours,

                                        Edward Sherwin

Attachments
cc w/ attachments (by          Joel Cohen, Esq.
electronic delivery):          Kenneth Kimerling, Esq.

By Hand Delivery

---

[7] The relevant state law also provides that the court "shall" award liquidated damages, though only
"upon a finding that the employer's failure to pay the wage required by this article was willful."  N.Y.
Labor Law § 198(1-a).  Because Defendants have stipulated that their failure to pay the minimum wage or
overtime was willful, an award of liquidated damages is mandatory under unambiguous language of the
statute.  *See Moon v. Kwon*, 248 F. Supp. 2d 201, 235 (S.D.N.Y. 2002) ("[T]he standard for willfulness for
purposes of the FLSA statute of limitations does not appreciably differ from the standard applicable under
New York law when determining whether to award liquidated damages . . . .").

# Exhibit A

ORIGINAL

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
FEN Z. CHEN, JIN L. DONG, DE Q. LIAN,
DIAN LIN, GONG Y. WANG, ZHUK YONG,
JIN D. YOU and CONG D. ZHENG,

                    Plaintiffs,

            -against-                    07 CV 03307
                                         (LTS) (RLE)

REPUBLIC RESTAURANT CORP., REPUBLIC
GC, LLC, ME'KONG DELTA, INC., HUY CHI
LE, LINH HUE LE and LIANG JIN LIN,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

                    March 11, 2008
                    11:56 A.M.

        Deposition of Plaintiff, by JIN

LONG DONG, taken by Defendants, pursuant to

Notice, at the offices of McDermott Will &

Emery LLP, 340 Madison Avenue, New York, New

York 10017-4613, before Charisse Romeo, a

Shorthand Reporter and Notary Public within

and for the State of New York.



**CLASSIC REPORTING, INC.**
**TOTAL LITIGATION SUPPORT**

ARTA PASCULLO, President

13 West 36th Street • New York, New York 10018
Tel: (212) 268-2590 • Fax: (212) 268-2596

7

J. Dong

1

2        Q.    Have you got money back from the

3    government because your income is below a

4    certain level?

5        A.    Whatever amount my accountant

6    told me to file the report, I just followed.

7        Q.    Okay.  But my question is, do you

8    get money back from the government because

9    your income is too low?

10       A.    Yes.

11       Q.    And did your accountant ever

12    explain to you that you get money back from

13    the government if your reported income is

14    below a certain level?

15       A.    No.

16       Q.    No?

17       And in terms of since you worked

18    for Republic Restaurant, do you make more

19    money from what Republic pays you or do you

20    make more money from tips?

21       A.    Yes, more in check.

22       Q.    More in check than in tips?

23       A.    For example, if my salary is

24    $300 --

25       Q.    Yes.

# ORIGINAL

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
FEN Z. CHEN, JIN L. DONG, DE Q. LIAN,
DIAN LIN, GONG Y. WANG, ZHUK YONG,
JIN D. YOU and CONG D. ZHENG,

                 Plaintiffs,

     -against-           07 CV 03307
                      (LTS) (RLE)

REPUBLIC RESTAURANT CORP., REPUBLIC
GC, LLC, ME'KONG DELTA, INC., HUY CHI
LE, LINH HUE LE and LIANG JIN LIN,

                 Defendants.
------------------------------------x

                 March 11, 2008
                 1:24 P.M.

         Deposition of Plaintiff, by DE

QING LIAN, taken by Defendants, pursuant to

Notice, at the offices of McDermott Will &

Emery LLP, 340 Madison Avenue, New York, New

York 10017-4613, before Charisse Romeo, a

Shorthand Reporter and Notary Public within

and for the State of New York.



**CLASSIC REPORTING, INC.**
**TOTAL LITIGATION SUPPORT**

ARTA PASCULLO, President

13 West 36th Street • New York, New York 10018
Tel: (212) 268-2590 • Fax: (212) 268-2596

30

1                      D. Lian

2     does somebody help you?

3           A.    Every year the employer will

4     issue me a W-2 form.

5           Q.    Yes.

6           A.    Then I present it to my

7     accountant, who helped me to file the income

8     tax report.

9           Q.    Does the W-2 form reflect all of

10    the taxes, all of the tips that you earned?

11          A.    No.

12          Q.    Who is your accountant, by the

13    way?

14          A.    Jian Hua, J-I-A-N, H-U-A,

15    accounting firm.

16          Q.    Where are they located?

17          A.    It is located in Chinatown.

18          Q.    And has your accountant ever

19    explained that if you report income below a

20    certain level, the government will pay you

21    money?

22          A.    This I don't understand.

23          Q.     Do you get money back from the

24    government?

25          A.    Yes.

CLASSIC REPORTING, INC., 212-268-2590

# ORIGINAL

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
FEN Z. CHEN, JIN L. DONG, DE Q. LIAN,
DIAN LIN, GONG Y. WANG, ZHUK YONG,
JIN D. YOU and CONG D. ZHENG,

                    Plaintiffs,

        -against-                        07 CV 03307
                                         (LTS) (RLE)

REPUBLIC RESTAURANT CORP., REPUBLIC
GC, LLC, ME'KONG DELTA, INC., HUY CHI
LE, LINH HUE LE and LIANG JIN LIN,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

                    March 11, 2008
                    2:22 P.M.

        Deposition of Plaintiff, by GONG

YI WANG, taken by Defendants, pursuant to

Notice, at the offices of McDermott Will &

Emery LLP, 340 Madison Avenue, New York, New

York 10017-4613, before Charisse Romeo, a

Shorthand Reporter and Notary Public within

and for the State of New York.



ARTA PASCULLO, President

**CLASSIC REPORTING, INC.**
**TOTAL LITIGATION SUPPORT**
13 West 36th Street • New York, New York 10018
Tel: (212) 268-2590 • Fax: (212) 268-2596

10

1                           G. Wang

2        you report income on your taxes below a

3        certain level, that the government gives you

4        back money, extra money?

5                 MR. ADLER:  Objection to form.

6        A.    No.

7                 MR. COHEN:  Just so that we're

8                 clear, let him know that he needs to

9                 answer verbally.  I know the translator

10                can interpret shakes of the head, but

11                he should answer verbally.

12                THE WITNESS:  Okay.  Sorry.

13                MR. COHEN:  No problem.

14       Q.    Do you get money back from the

15       government from taxes?

16       A.    Yes.

17       Q.    By the way, are you married?

18       A.    Yes, I am.

19       Q.    Do you have children?

20       A.    Yes.

21       Q.    Is your testimony that prior to

22       this lawsuit, every weekday that you worked

23       between 2:30 and 5:30 in the afternoon?

24       A.    Yes.

25       Q.    Is it your testimony that you

1

# ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
FEN Z. CHEN, JIN L. DONG, DE Q. LIAN,
DIAN LIN, GONG Y. WANG, ZHUK YONG,
JIN D. YOU and CONG D. ZHENG,

                    Plaintiffs,

          -against-                    07 CV 03307
                                       (LTS) (RLE)

REPUBLIC RESTAURANT CORP., REPUBLIC
GC, LLC, ME'KONG DELTA, INC., HUY CHI
LE, LINH HUE LE and LIANG JIN LIN,

                    Defendants.
------------------------------------x

                    March 11, 2008
                    9:55 A.M.

          Deposition of Plaintiff, by CONG

DIAN ZHENG, taken by Defendants, pursuant to

Notice, at the offices of McDermott Will &

Emery LLP, 340 Madison Avenue, New York, New

York 10017-4613, before Charisse Romeo, a

Shorthand Reporter and Notary Public within

and for the State of New York.



**CLASSIC REPORTING, INC.**
**TOTAL LITIGATION SUPPORT**

ARTA PASCULLO, President

13 West 36th Street • New York, New York 10018
Tel: (212) 268-2590 • Fax: (212) 268-2596

51

```
 1                        C. Zheng
 2          Q.    That's right?
 3          A.    Yes.
 4          Q.    Do you receive any government
 5   subsidies?
 6          A.    No.
 7          Q.    Do you live in government
 8   subsidized housing?
 9          A.    No.
10          Q.    Do you receive money back on
11   taxes because you declare income that is below
12   a certain level?
13                MR. ADLER:  Object to form.
14          A.    Yes.  Yes.
15          Q.    And do you do your taxes by
16   yourself or do you have an accountant?
17          A.    Accountant.
18          Q.    Who is your accountant?
19          A.    It was on the second floor of
20   Broadway.  That was at 21 East Broadway,
21   second floor.
22          Q.    But you don't know the name?
23          A.    I don't remember.
24          Q.    And how long have they been doing
25   your taxes?
```

CLASSIC REPORTING, INC., 212-268-2590