# Exhibit A

# McDermott
# Will & Emery

Boston  Brussels  Chicago  Düsseldorf  London  Los Angeles  Miami  Munich

New York  Orange County  Rome  San Diego  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Leslie New
Associate
lnew@mwe.com
212.547.5621

February 7, 2008

**VIA EMAIL**

Mr. William Miller
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017

Re:     Chen *et al.* v. Republic Restaurant Corp. *et al.*
        Index No. 07-CV-03307 (LTS)(RLE)

Dear Will:

As you know, this firm represents Defendants in the above-referenced matter.  I am writing to bring to your attention several deficiencies in Plaintiffs' responses to Defendants' First Request for the Production of Documents (the "Request(s)").

**Request No. 22**

In Request No. 22, Defendants called for the production of telephone records from 2001 to date. Plaintiffs objected to this Request because Plaintiffs claim that: (i) telephone records are not likely to lead to the discovery of admissible evidence; (ii) the production of telephone records is unduly burdensome; and (iii) information contained in the telephone records is confidential.

As an initial matter, cellular and/or land-line telephone records are likely to lead to the discovery of admissible evidence in this action.  More specifically, Plaintiffs allege that they were required to work during the afternoons between the lunch and dinner shifts without being compensated properly for that time.  Defendants contend that Plaintiffs were generally given time off between shifts.  Thus, telephone records are relevant to our defense because they may demonstrate that they regularly received and placed phone calls during the afternoon, indicating that Plaintiffs were not in fact working during that time.  Moreover, obtaining these records is not unduly burdensome, as Plaintiffs – who are accountholders with the telephone companies – are entitled to obtain such records from their telephone companies.  Additionally, Plaintiffs likely receive monthly statements containing the requested information. Finally, the phone numbers indicated on these records (other than any telephone number associated with Republic, *e.g.*, 212.624.7172) can be redacted to alleviate Plaintiffs' concern with respect to confidentiality.

Mr. William Miller
February 7, 2008
Page 2

**Request No. 24**

In Request No. 24, Defendants called for the production of Plaintiffs' federal, state and local tax returns from 2001 to date. Plaintiffs objected to this Request because Plaintiffs claim that: (i) the Returns are not likely to lead to the discovery of admissible evidence; (ii) the production of tax returns is unduly burdensome; and (iii) information contained in the tax returns is confidential.

Defendants are entitled to Plaintiffs' federal, state and local income tax returns for the period of 2001 to date including all supporting documentation and attachments. Put simply, Plaintiffs are requesting backpay in this action, and tax returns are necessary to calculate Plaintiffs' damages. Defendants contend that Plaintiffs are claiming damages for sums of money that they may have already earned in cash and were not reported as income for the years at issue, which is relevant to our defense.

Presumably, obtaining Plaintiffs' tax returns is not unduly burdensome because Plaintiffs retain copies of their own tax returns (if they indeed filed them). In addition, any confidential information (*e.g.*, social security numbers or phone numbers) contained in the returns may be redacted prior to production to alleviate any concerns with respect to confidentiality.

**Plaintiffs' W-2s and Pay Stubs**

In response to some of the Requests, Plaintiffs produced W-2s and pay stubs for Fen Zhi Chen and Jin Long Dong. However, Plaintiffs have not produced such documents for the remaining six Plaintiffs. Defendants are entitled to W-2s and pay stubs from the remaining Plaintiffs to explore Plaintiffs' damages claims.

In sum, if we do not receive the foregoing documents by February 13, 2008, Defendants will not be able to take Plaintiffs' scheduled depositions and will be forced to move for an order to compel production of documents with respect to these issues.

Very truly yours,

Leslie New

cc:    Ken Kimerling, Esq.

NYK 1143627-1.079795.0011