# Exhibit B

# DAVIS POLK & WARDWELL

450 LEXINGTON AVENUE
NEW YORK, NY 10017
212 450 4000
FAX 212 450 3800

MENLO PARK
WASHINGTON, D.C.
LONDON
PARIS
FRANKFURT
MADRID
TOKYO
BEIJING
HONG KONG

WILLIAM MILLER
212 450 4815
WILLIAM.MILLER@DPW.COM

February 11, 2008

**Re:    Fen Z. Chen, et al. v. Republic Restaurant Corp., et al. (07 CV 3307)**

Ms. Leslie New
McDermott Will & Emery
340 Madison Avenue
New York, NY 10173-1922

Dear Leslie:

I am writing in response to your letter dated February 7, 2008 (the "February 7 Letter") regarding purported deficiencies in Plaintiffs' responses to Defendants' First Request for the Production of Documents (the "Request") in the above-referenced matter.

### Request No. 22

In the February 7 Letter, Defendants disagreed with Plaintiffs' objections to Request No. 22 calling for the production of Plaintiffs' telephone records from 2001 through the present on the basis that: (i) telephone records are not likely to lead to the discovery of admissible evidence; and (ii) the production of telephone records is unduly burdensome.[1]

Defendants note that cellular and landline telephone records would likely lead to the discovery of admissible evidence because Defendants allege that Plaintiffs were given time off from work during the afternoon between lunch and dinner shifts and evidence of phone calls made or received by Plaintiffs during this time would indicate that Plaintiffs were not working. We disagree with Defendants' assessment of the probative value of such records in three respects.

---

[1] Plaintiffs also objected to the request on the basis that the information contained in the telephone records is confidential. Defendants acknowledged the concern and stated that all telephone numbers other than Defendants' telephone number can be redacted.

Ms. Leslie New                                    2                          February 11, 2008

First, if Plaintiffs have landline telephones at their residences, such landline telephones would be used by people who live with Plaintiffs (e.g., family members, roommates) as well as Plaintiffs. The records for landline telephones would not indicate which individuals were making telephone calls at specific times. Accordingly, Defendants would be unable to state that Plaintiffs made or received calls on the landline telephone at specific times. Therefore, because landline telephone records would not provide any support to Defendants' contention that Plaintiffs were not working in the afternoon, such landline telephone records are not likely to lead to the discovery of admissible evidence. Accordingly, Plaintiffs will not produce any landline telephone records to Defendants.

Second, Request No. 22 calls for records from April 2001 through the present. However, Plaintiffs have not worked from 2:30 P.M. to 6:30 P.M. since the end of April 2007 due to a change in Defendants' practices. Therefore, telephone records from April 2007 through the present have no probative value and Plaintiffs will not produce any cellular telephone records from that time period.

Third, under the Fair Labor Standards Act and New York Labor Law, an employer is required to compensate an employee for time spent waiting to work if it benefits the employer. Skidmore v. Swift, 323 U.S. 134, 137 (1944); 12 N.Y.C.R.R. § 137–3.6. Regulations promulgated by the U.S. Department of Labor state:

> A stenographer who reads a book while waiting for dictation, a messenger who works a crossword puzzle while awaiting assignments, a fireman who plays checkers while waiting for alarms and a factory worker who talks to his fellow employees while waiting for machinery to be repaired are all working during their periods of inactivity. . . . [The wait time is work time because] the employee is unable to use the time effectively for his own purposes. It belongs to and is controlled by the employer. In all of these cases waiting is an integral part of the job. The employee is engaged to wait.

29 C.F.R. § 785.15. If Plaintiffs were waiting for deliveries and other assignments from Defendants, as we claim, Defendants are required to compensate Plaintiffs for that time, even if they were making and receiving telephone calls. Accordingly, evidence showing that Plaintiffs made and received calls on their cellular telephones during the afternoon will not establish that Plaintiffs were given that time off. Therefore, Plaintiffs' cellular telephone records from April 2001 through April 2007 have no probative value.

Although we do not believe that Plaintiffs' cellular telephone records have any probative value, we acknowledge that the scope of discovery is fairly broad.

Ms. Leslie New                          3                    February 11, 2008

Therefore, Plaintiffs will produce to Defendants, in redacted form, all cellular telephone records currently in Plaintiffs' possession for the period of April 2001 through April 2007. However, Plaintiffs will not produce to Defendants any cellular telephone records not currently in Plaintiffs' possession for the period of April 2001 through April 2007 because the burden of requesting such records from the telephone companies greatly outweighs the probative value of those records for three reasons. First, Defendants have requested Plaintiffs' cellular telephone records from as far back as seven years ago. It is very likely that the telephone companies will charge Plaintiffs a fee for these records.[2] Second, it is likely that Plaintiffs have used numerous cellular telephone companies during the course of the past seven years which will require requests of multiple telephone companies by each Plaintiff. Third, given that Plaintiffs do not speak English, the process of requesting such records will be extremely time consuming. For these reasons, the burden of requesting Plaintiffs' cellular telephone records from the telephone companies greatly outweighs the probative value of those records. If Defendants wish to request Plaintiffs' cellular telephone records from the telephone companies pursuant to a court order, Plaintiffs will not object to such a request provided it is made in conjunction with a confidentiality order prohibiting the disclosure of Plaintiffs' personal information.

### Request No. 24

In the February 7 Letter, Defendants disagreed with Plaintiffs' objection to Request No. 24 of the Request calling for the production of Plaintiffs' federal, state, and local tax returns from 2001 through the present date on the basis that such tax returns are not likely to lead to the discovery of admissible evidence.[3] Defendants contend that tax returns are necessary to calculate Plaintiffs' damages because Plaintiffs are claiming damages for sums of money that they may have earned in cash and were not reported as income for the years at issue. It is unclear to us how Plaintiffs' tax returns will provide information regarding cash not reported as income; if Plaintiffs did not report cash as income, as Defendants claim, then such unreported amounts, by definition, would not appear on Plaintiffs' tax returns. Rather, Plaintiffs' tax returns will include the amounts listed on Plaintiffs' W-2s, which Defendants created and have produced to Plaintiffs. Because Plaintiffs' tax returns will not provide any information regarding unreported cash income received by Plaintiffs, Plaintiffs object to Request No. 24 on the basis that such tax returns are not likely to lead to the discovery of admissible evidence.

---

[2] For example, Verizon Wireless charges $25.00 for every six months of records. This would result in fees of approximately $350 for seven years of records for each Plaintiff.

[3] Plaintiffs also objected to the request on the basis that the information contained in the telephone records is confidential. Defendants acknowledged the concern and stated that all telephone numbers other than Defendants' telephone number can be redacted.

Ms. Leslie New                        4                        February 11, 2008

**Plaintiffs' W-2s and Pay Stubs**

      In the February 7 Letter, Defendants noted that Plaintiffs have produced W-2s and pay stubs for Fen Zhi Chen and Jin Long Dong but have not produced W-2s and pay stubs for the other six Plaintiffs.  The other six Plaintiffs do not have W-2s or pay stubs in their possession.  Accordingly, Plaintiffs have produced all of Plaintiffs' W-2s and pay stubs in their possession.[4]

      We will produce Plaintiffs' cellular telephone records which they currently possess for the period April 2001 through April 2007 as soon as possible.  However, it is unlikely that we will produce these documents by February 13, 2008.  Defendants are free to cancel the scheduled depositions of Plaintiffs.  However, Plaintiffs will take the deposition of Defendant Huy Chi Le as the 30(b)(6) representative of Defendants Me'Kong Delta, Inc., Republic GC, LLC, and Republic Restaurant Corp. on February 21, 2008, the deposition of Defendant Lin Hue Le on March 3, 2008, and the deposition of Defendant Liang Jin Lin on March 10, 2008, as you proposed on January 31, 2008 and we agreed on February 2, 2008.

      Please contact me at (212) 450-4815 or at the email address listed above at your convenience if you have any questions.

                                 Sincerely,

                                 William Miller

cc:    Kenneth Kimerling, Esq.

<u>By Electronic Delivery</u>

---

[4] It should be noted that Defendants are the creators of Plaintiffs' W-2s and pay stubs and, therefore, are the best source for such documents.