# Exhibit C

# McDermott
# Will & Emery

Boston  Brussels  Chicago  Düsseldorf  London  Los Angeles  Miami  Munich
New York  Orange County  Rome  San Diego  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Joel Cohen
Attorney at Law
jcohen@mwe.com
212.547.5566

February 20, 2008

**VIA HAND DELIVERY**

Honorable Ronald L. Ellis.
United States District Court Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1970
New York, NY 10007

      Re:    Chen *et al* v. Republic Restaurant Group, Inc. *et al*; 07 cv 03307

Dear Judge Ellis:

This firm represents Defendants in the above-referenced matter. We write to request that the Court compel Plaintiffs to answer certain questions at their depositions and to produce their tax returns. Specifically, at the first two Plaintiff depositions that were held yesterday, each deponent refused to answer any questions about their individual tax returns (*e.g.*, how much they reported in terms of cash tips and wages). Instead, they invoked their Fifth Amended Privilege because they claimed that answering these questions would incriminate them. Additionally, Plaintiffs' counsel objected to any questions concerning their tax returns, claiming that such questions are irrelevant. Finally, Plaintiffs have refused to produce their tax returns from the years 2001 to date, despite Defendants' document requests and supplemental letter requesting such documents.[1] For the following reasons, and those stated in our supplemental letter which is attached herein, we strongly believe that Plaintiffs should be compelled to: (i) produce their tax returns; and (ii) answer any questions relating to them.

As Your Honor is aware, this wage and hour litigation essentially boils down to a dispute over how many hours the eight Plaintiffs worked during the relevant time period (*i.e.*, April 2001 - present). Defendants claim that Plaintiffs worked on average of 45-50 hours per week, while Plaintiffs claim that they worked 62 hours per week. Since April 2007, Defendants have maintained sign-in and sign-out sheets, which demonstrate that Plaintiffs have worked about 45-50 hours per week, which Defendants contend correspond to the hours Plaintiffs worked even when no sign-in sheets were maintained. Plaintiffs claim that once the sign-in sheets were instituted, their hours were dramatically reduced and, thus, do not reflect their work hours between 2001 and April 2007.

To demonstrate that Plaintiffs' hours have remained unchanged, Defendants argue that its business has remained relatively constant, the number of delivery personnel has not changed and,

---

[1] Attached hereto are true and correct copies of Defendants' First Request for the Production Documents (see Document Request No. 24), Plaintiffs' responses to same, a letter from Defendants to Plaintiffs regarding the tax returns and Plaintiffs' response to such letter.

U.S. practice conducted through McDermott Will & Emery LLP.

340 Madison Avenue  New York, New York  10173-1922  Telephone: 212.547.5400  Facsimile: 212.547.5444  www.mwe.com

thus, the number of hours -- before and after the sign-in sheets -- has similarly remained the same. To prove this theory, Republic needs to demonstrate, among other things, that its volume of business has not changed. One way to do so is to show that Plaintiffs' tips were roughly the same before and after the sign-in sheets were instituted. Accordingly, the amount of tips that Plaintiffs have reported on their taxes is entirely relevant to demonstrate Republic's volume of business over the years. While Republic is obligated to report its employees' tips, it can only report what it knows. It is conceivable that Plaintiffs may report one amount of cash tips to Republic but a wholly different amount on their tax returns. Alternatively, Plaintiffs may altogether lie on their tax returns about how much they receive in tips. Accordingly, reviewing their tax returns and inquiring about them at depositions is highly relevant to this litigation.

In addition, another issues is whether Plaintiffs were aware of the Fair Labor Standards Act's overtime provisions prior to 2007 (which is relevant as to what the proper statute of limitation is). Plaintiff's prior employments and the pay practices at prior employers is thus relevant. So far, the two Plaintiffs who have been deposed claimed to be unable to name prior employers or identify them in any meaningful way. Their tax returns should identify their employers.

Finally, relating to the statute of limitations issue, Plaintiffs here claimed that they do not read, speak or understand English. When asked how they filed their tax returns, they claimed that they were filed by their accountants. The tax returns will either verify or disprove this testimony.

For the foregoing reasons, we respectfully request that the Court schedule a telephone conference about this matter so that it may be quickly resolved. As Your Honor is aware, discovery is scheduled to end on March 31, 2008. We appreciate your assistance in this regard.

Very truly yours,

Joel Cohen

cc:     William Miller, Esq. (via electronic mail)
        Ken Kimmerling, Esq. (via electronic mail)

NYK 1147248-1.079795.0011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------ x
FEN Z. CHEN, JIN L. DONG, DE Q. LIAN,    :
DIAN LIN, GONG Y. WANG, ZHU K.
YONG, JIN D. YOU and CONG D. ZHENG        :       INDEX NO.  07 CV 03307(LTS)(RLE)

            Plaintiffs,                   :

        -against-                         :       DEFENDANTS' FIRST REQUEST
                                                  FOR PRODUCTION OF DOCUMENTS
REPUBLIC    RESTAURANT    CORP., :
REPUBLIC GC, LLC, ME'KONG DELTA,
INC., HUY CHI LE, LINH HUE LE and :
LIANG JIN LIN,
                  Defendants.   :
------------------------------------ x
```

Pursuant to Rule 34 of the Federal Rules of Civil Procedure ("FRCP"), defendants The

Republic Restaurant Corp., Republic GC, LLC, Me'Kong Delta, Inc., Huy Chi Le, Linh Hue Le,

and Liang Jin Lin (collectively, the "Defendants"), by and through their attorneys, McDermott

Will & Emery LLP, respectfully request that Plaintiffs Fen Z. Chen, Jin L. Dong, De Q. Lian,

Dian Lin, Gong Y. Wang, Zhu K. Yong, Jin D. You, and Cong D. Zheng, (collectively, the

"Plaintiffs") produce, within thirty (30) days at 340 Madison Avenue, New York, New York

10173, the following designated documents and tangible things within Plaintiffs' possession,

custody and/or control.

## DEFINITIONS

Unless otherwise specifically indicated, the terms listed below shall have the following

meanings in the text of these Requests for Production, in the Definitions themselves, and in the

Instructions:

1.      The terms "Plaintiffs" or "Plaintiff" refer to plaintiffs Fen Z. Chen, Jin L. Dong, De Q. Lian, Dian Lin, Gong Y. Wang, Zhu K. Yong, Jin D. You, and Cong D. Zheng and to any agent, employee or person acting on their behalf.

2.      The term "Defendants" refers to The Republic Restaurant Corp., Republic GC, LLC (which entity no longer exists), Me'Kong Delta, Inc., Huy Chi Le, Linh Hue Le, and Liang Jin Lin and to any agent, employee or person acting on their behalf.

3.      The term "Amended Complaint" refers to the Complaint filed by Plaintiffs, on May 16, 2007, in the United States District Court for the Southern District of New York, Index No. 07 CV 03307.

4.      The terms "to date" or "to the present time" mean to and including the date of the answer to this request for production of documents.

5.      The terms "relate to" or "relating to" as used herein shall be interpreted broadly and shall include, but not be limited to, the following meanings: relevant to, containing, recording, discussing, mentioning, noting, supporting, memorializing, summarizing, analyzing, commenting upon, describing, demonstrating, reflecting, regarding, evidencing, concerning, pertaining and/or constituting, *in whole or in part*, the matters set forth.

6.      The term "person(s)" means all individuals and entities, including without limitation, all natural persons, sole proprietorships, associations, companies, partnerships, joint ventures, corporations and any governmental bodies or agencies.

7.      The term "and," "or" and "and/or" are used herein in their general conjunctive sense and are not intended to limit the scope of any requests. The terms shall be construed as broadly as possible to encompass all matters set forth.

8.      The use of the singular form of any word includes the plural and vice versa.

9.    The term "document(s)" refers to, and includes, but is not limited to:

a.    the original and any copy of any writings, drawings, graphs, charts, records, ledgers, memoranda, e-mails, reports, financial reports, notes, checks, punch cards, magnetic tapes, discs, data cells, drums, printouts and other data compilations from which information can be obtained (translated if necessary, by the Plaintiffs into usable form) and all other forms of data compilation including all forms of computer storage and retrieval;

b.    the original and any copy, regardless of origin or location, of any book, pamphlet, periodical, manual, letter, memorandum, e-mail, report, record, study, messages (including reports, notes, memoranda of telephone conversations, conferences and any other type of meeting), analyses, bulletins, notices, instructions, minutes of all other communications, handwritten note, working paper, chart, paper, envelope, graph, index, diary, transcript, questionnaires, surveys, stenographic note, tape disc, tape or other recordings, data sheet, or data processing card, however produced or reproduced, including drafts and copies bearing notations or marks not found on the original; and

c.    any graphic matter of any kind or nature whether written, printed, typed or by other medium, including charts, graphs, pictures, photographs, sketches, and illustrations.

10.    The term "communication(s)" refers to any verbal conversation or written statement from one person to another including, but not limited to, any correspondence, e-mail, memorandum, interview, conference, meeting, or telephone conversation.

## INSTRUCTIONS

1.    Responses to these requests shall be supplemented and/or amended as required by FRCP 26(e). These requests shall be deemed to impose a continuing duty upon Plaintiffs to properly serve upon Defendants supplemental and/or amended responses if Plaintiffs discover or acquire further documents and/or things responsive to these requests.

2.    Unless specifically noted in a particular request, there are no time limits on any of the documents requested herein.

3.     If Plaintiffs are aware of a responsive document or thing (or a group of documents or things) that once existed, but has been destroyed, Plaintiffs are required to specifically identify such document or thing, when the document or thing was destroyed, the reason for destruction and the circumstances under which destruction occurred.  This Request is to be regarded as continuing.  Plaintiffs are requested to provide, by way of supplemental responses, any other additional documents that they or any person on their behalf may hereafter obtain, which will augment or add to the documents previously provided.  Such additional documents shall be served upon counsel for Defendants no later than two (2) weeks after receipt by Plaintiffs. Nothing herein shall constitute a waiver of right to bar at trial any documents not produced in a timely fashion or to seek any other appropriate sanction in the event that any document described herein is not produced in accordance with this Request.

4.     In the event that any portion of any numbered request is objected to for any reason, Plaintiffs must supply in a timely fashion copies of all documents that are not objectionable.

5.     In the event that any document called for, or any portion of such a document, is withheld on the basis of any claim or privilege or any other objection, that document shall be identified by providing the following information: (i) a brief description of the document and any attachments or appendices and the subject matter of the document and any attachments or appendices; (ii) the author of the document and the position and title of the author; (iii) the addressee, if any, of the document and the position or title of the addressee; (iv) the date of the document; (v) the number of pages in the document; (vi) all persons to whom the document was distributed, shown or explained; (vii) the location and present custodian of the document;

- 4 -

(viii) the identification of the paragraph of this Request to which the document relates; and (ix) a statement in detail of the nature of the privilege asserted with respect to each document.

## DOCUMENTS TO BE PRODUCED

1.    Any and all documents (as defined in Definition 9(a)-(c) above) relating to Plaintiffs' employment at Republic including, without limitation, all employment applications, job descriptions, time sheets or records of hours worked, and other records, pay stubs, notes, calendars, schedules, written policies, handbooks and performance evaluations and/or performance reviews.

2.    Any and all documents (as defined in Definition 9(a)-(c) above) relating to Plaintiffs' allegation, as contained in Paragraphs 7, 8, 9, 10, 11, 12, 13, 14, and 15 of the Amended Complaint, that Plaintiff Fen Z. Chen has been employed as a delivery person at Republic since March 1997, Jin L. Dong since June 2000, De Q. Lian since July 2004, Dian Lin since June 2005, Gong Y. Wang since January 2005, Zhu K. Yong since October 2001, Jin D. You since October 2004, and Cong D. Zheng since January 2005.

3.    Any and all documents (as defined in Definition 9(a)-(c) above) relating to Plaintiffs' allegation, as contained in Paragraph 20, that defendant Linh Hue Le "supervises the kitchen staff, including all take-out delivery personnel, at Republic" and that he "had the power to hire and fire Plaintiffs who worked for Republic" and to "control the terms and conditions of their employment, determine the rate and method of any compensation provided to Plaintiffs and maintain employment records."

4.    Any and all documents (as defined in Definition 9(a)-(c) above) relating to Plaintiffs' allegation, as contained in Paragraph 22, that defendant Liang Jin Lin is "the foreman at Republic," that she "had the power to hire and fire Plaintiffs who worked for Republic" and to

- 5 -

"control the terms and conditions of their employment, determine the rate and method of any compensation provided to Plaintiffs and maintain employment records."

5.      Any and all documents (as defined in Definition 9(a)-(c) above) relating to Plaintiffs' allegation, as contained in Paragraph 33 of the Amended Complaint, that "Plaintiffs regularly worked for Defendants as many as six days a week, and more than sixty-five hours each week, during most or all of their employment."

6.      Any and all documents (as defined in Definition 9(a)-(c) above) relating to Plaintiffs' allegation, as contained in Paragraph 34 of the Amended Complaint, that "Plaintiffs normally worked a shift of eleven and one-half hours to as many as twelve and one-half hours per day," and that typical shifts worked were "11:30 AM to 11:00 PM or 11:30 AM to 12:00 AM, during which times Defendants did not permit Plaintiffs to take breaks."

7.      Any and all documents (as defined in Definition 9(a)-(c) above) relating to Plaintiffs' allegation, as contained in Paragraph 35 of the Amended Complaint, that during non-meal times, when Plaintiffs were not delivering food orders, Defendants required Plaintiffs to deliver menus or engage in "sidework" at the restaurant.

8.      Any and all documents (as defined in Definition 9(a)-(c) above) relating to Plaintiffs' allegation, as contained in Paragraph 36 of the Amended Complaint, that "[b]efore July 2006, Defendants compensated Plaintiffs by paying them a salary at bi-monthly intervals; after July 2006, Defendants compensated Plaintiffs by paying them a salary at weekly intervals."

9.      Any and all documents (as defined in Definition 9(a)-(c) above) relating to Plaintiffs' allegation, as contained in Paragraph 37of the Amended Complaint, regarding the fact that the "weekly salary that Defendants paid to many or all of the Plaintiffs was as low as $175 per week," which "resulted in an hourly wage as low as approximately $2.43 per hour."

- 6 -

10.    Any and all documents (as defined in Definition 9(a)-(c) above) relating to Plaintiffs' allegation, as contained in Paragraph 38 of the Amended Complaint, that Defendants "would pay a portion of Plaintiff's compensation by check and the remaining portion in cash."

11.    Any and all documents (as defined in Definition 9(a)-(c) above) relating to Plaintiffs' allegation, as contained in Paragraph 39 of the Amended Complaint, regarding whether "Defendants willfully and intentionally understated the number of hours Plaintiffs worked per pay period on Plaintiffs' paycheck to give the appearance that Plaintiffs were compensated in compliance with the FLSA and New York Labor Law when, in fact, Defendants failed to satisfy their obligation to pay minimum wage required by both the FLSA and New York Labor Law."

12.    Any and all documents (as defined in Definition 9(a)-(c) above) relating to Plaintiffs' allegation, as contained in Paragraph 40 of the Amended Complaint, that Defendants "were not legally entitled to claim a tip credit under the FLSA" because "Defendants did not notify Plaintiffs of the FLSA's tip credit provisions."

13.    Any and all documents (as defined in Definition 9(a)-(c) above) relating to Plaintiffs' allegation, as contained in Paragraphs 42, 43, 60 and 64 of the Amended Complaint, that "Plaintiffs regularly worked between sixty-five and seventy-two hours each week during most or all of their employment," and that despite this fact, "Defendants willfully and intentionally failed to pay Plaintiffs overtime compensation as required by both the FLSA and New York Labor Law."

14.    Any and all documents (as defined in Definition 9(a)-(c) above) relating to Plaintiffs' allegation, as contained in Paragraphs 45 and 64 of the Amended Complaint, that "Plaintiffs routinely worked a 'spread of hours' of approximately eleven and one-half hours to as

many as twelve and one-half hours per day," and that despite this fact, "Defendants willfully and intentionally failed to pay Plaintiffs an extra hour's pay at the minimum wage."

15.     Any and all documents (as defined in Definition 9(a)-(c) above) relating to Plaintiffs' allegation, as contained in Paragraph 49 of the Amended Complaint, that Plaintiffs had to pay for any legal violations incurred by Plaintiffs during the course of their work as delivery personnel.

16.     Any and all documents (as defined in Definition 9(a)-(c) above) relating to Plaintiffs' allegation, as contained in Paragraphs 50, 68 and 72 of the Amended Complaint, that Plaintiffs had to "provide a sixty dollar deposit for, and pay for the washing and drying of the uniforms that Defendants required Plaintiffs to wear during their employment."

17.     Any and all documents (as defined in Definition 9(a)-(c) above) relating to Plaintiffs' allegation, as contained in Paragraphs 51, 68 and 72 of the Amended Complaint, that Defendants would fine Plaintiffs thirty dollars if they did not turn on the safety light attached to their bicycle helmet prior to making a delivery."

18.     Any and all documents (as defined in Definition 9(a)-(c) above) relating to Plaintiffs' allegation, as contained in Paragraph 54 of the Amended Complaint, that "Defendants willfully failed to display, in a place accessible to employees and in a visually conspicuous manner, the notices of employee rights" regarding minimum wage and overtime pay and a copy of the New York Labor Law regarding the "prohibition on illegal deductions from wages and the illegality of employers demanding or accepting any portion of employees' tips."

19.     Any and all documents (as defined in Definition 9(a)-(c) above) relating to Plaintiffs' allegation, as contained in Paragraph 55 of the Amended Complaint, that "Defendants failed to keep full and accurate records of Plaintiffs' hours and wages in order to avoid liability."

20.    Any and all documents (as defined in Definition 9(a)-(c) above) relating to Plaintiffs' allegation, as contained in Paragraphs 56, 57, and 58 of the Amended Complaint, that Defendants "knowingly, intentionally and willfully committed the acts alleged herein," that Defendants "knew that the nonpayment of minimum wage, overtime pay, and spread-of-hours pay would financially injury Plaintiffs," and that "Defendants knowingly and intentionally took unlawful deductions from Plaintiffs."

21.    Any and all documents (as defined in Definition 9(a)-(c) above) relating to Plaintiffs' allegation, as contained in Paragraphs 61, 65, 69 and 73 of the Amended Complaint that "Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiffs."

22.    Any and all documents (as defined in Definition 9(a)-(c) above) relating to any records of incoming and outgoing telephone calls made from or received by Plaintiffs' on their cellular telephone(s) and/or land-line telephone(s) from April 2001 through and including the present.

23.    Any and all documents (as defined in Definition 9(a)-(c) above) relating to any damages Plaintiffs are seeking in this action, including, but not limited to, unpaid wages, unpaid overtime wages, liquidated damages, compensatory damages, damages for economic, physical and emotional pain, suffering and/or inconvenience, pre-judgment interest, post-judgment interest, attorney's fees and costs.  This request includes, but is not limited to, all financial records concerning losses of salary and benefits or any other financial losses.

24.    Copies of Plaintiffs' federal, state and local income tax returns for the period 2001 to date, including all supporting documentation and attachments, and for any and all subsequent years as they become available during the course of this litigation.

25.    Any and all notes, records or other documents prepared by or maintained by Plaintiffs, whether in electronic or written form, concerning the events that are the subject of the Amended Complaint.

26.    Any and all documents (as defined in Definition 9(a)-(c) above) that Plaintiffs, or any person acting on their behalf, filed with or otherwise gave or produced or received from the United States Department of Labor (the "US DOL"), the New York State Department of Labor ("NYSDOL"), the National Labor Relations Board (the "NLRB"), the Equal Employment Opportunity Commission ("EEOC"), New York State Division of Human Rights ("SDHR"), New York City Commission on Human of Rights ("CCHR") or any similar federal, state or local government agency including, but not limited to, all documents relating to any charge filed with the US DOL, the NYSDOL, the NLRB, the EEOC, the SDHR, the CCHR, or other similar agency relating to the allegations contained in the Amended Complaint.

27.    Any and all documents (as defined in Definition 9(a)-(c) above) that Plaintiffs, or any person acting on their behalf, received from the US DOL, NYSDOL, NLRB, EEOC, SDHR, CCHR or any similar agency, including, but not limited to, all documents relating to the allegations contained in the Amended Complaint.

28.    Any and all documents (as defined in Definition 9(a)-(c) above) relating to any claim or complaint of wage and hour violations made by any Plaintiff at any time, at any previous and/or current employer, including the Defendants, other than the Amended Complaint.

29.    Any and all documents (as defined in Definition 9(a)-(c) above) relating to any communications between Plaintiffs and any other person that relate to the allegations in the Amended Complaint.

30.    All other documents (as defined in Definition 9(a)-(c) above) written by Plaintiffs, received by Plaintiffs and/or in Plaintiffs' possession, custody or control relating, directly or indirectly, to any of the allegations in the Amended Complaint.

31.    Any and all other documents (as defined in Definition 9(a)-(c) above) not heretofore expressly requested that Plaintiffs believe support the allegations in the Amended Complaint or their claims for damages.

32.    Any and all documents (as defined in Definition 9(a)-(c) above) reviewed by/or relied upon by Plaintiffs in preparation of the Amended Complaint.

33.    Any and all documents (as defined in Definition 9(a)-(c) above) that Plaintiffs intend to or may introduce at the trial of this action, or in support of or in opposition to a motion for summary judgment in this action.

34.    Any and all documents (as defined in Definition 9(a)-(c) above) submitted to, or reviewed or created by, any expert witness that Plaintiffs intend to call as a witness or with whom they have consulted as a potential expert witness.

Dated: New York, New York
      December 27, 2007

MCDERMOTT WILL & EMERY LLP

By: _____
    Joel E. Cohen (JEC 5312)
    Leslie New (LN4522)
    340 Madison Avenue
    New York, New York  10173
    (212) 547-5621

    Attorneys for Defendants

To:
Jonathan L. Adler (JA-7424)
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017
(212) 450-4190

Kenneth Kimerling (KK-5762)
Asian American Legal Defense and
Education Fund
99 Hudson Street
New York, New York 10013
(212) 966-5932

NYK 1136572-1.079795.0011

- 11 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FEN Z. CHEN, JIN L. DONG, DE Q. LIAN, DIAN LIN,
GONG Y. WANG, ZHU K. YONG, JIN D. YOU, and
CONG D. ZHENG,

                              Plaintiffs,

               - against -

REPUBLIC RESTAURANT CORP., REPUBLIC GC, LLC,
ME'KONG DELTA, INC., HUY CHI LE, LINH HUE LE,
and LIANG JIN LIN,

                             Defendants.

No. 07-CV-03307 (LTS) (RLE)

**OBJECTIONS AND
RESPONSES TO
DEFENDANTS' FIRST
REQUEST FOR THE
PRODUCTION OF
DOCUMENTS**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs

hereby object to Defendants' First Request for the Production of Documents (the

"Request"), dated December 27, 2007, as follows:

GENERAL OBJECTIONS TO THE REQUEST

      1.     Plaintiffs object to the Request to the extent it purports to impose burdens or

duties upon Plaintiffs that exceed the requirements and permissible scope of discovery

under the Federal Rules of Civil Procedure and the Local Rules of the Southern District.

      2.     Plaintiffs object to the Request to the extent that it purports to seek

documents and information that are protected by the attorney-client privilege, the work

product doctrine, or any other applicable privilege or immunity against disclosure.

      3.     Plaintiffs object to the Request to the extent that it seeks documents and

information that are not in the possession, custody, or control of Plaintiffs or are already

in the possession of Defendants.

      4.     Plaintiffs object to the Request to the extent that it seeks documents and

information that are not relevant to the claim or defense of any party.

5.    Plaintiffs object to the Request to the extent that it is unduly broad, ambiguous, and burdensome.

6.    Plaintiffs object to the Request to the extent that it states a legal conclusion and assumes facts.    Any statement herein that Plaintiffs will provide information responsive to a particular request or interrogatory is not a representation or admission as to any legal conclusion stated in the request or interrogatory.

7.    Plaintiffs object to the Request to the extent that it seeks information known by persons or entities other than Plaintiffs and to the extent that other entities have responsive information to the Request, that information is available to Defendants directly from those other entities.

8.    In providing answers to the Request propounded by Defendants, Plaintiffs do not concede that any of the information provided is relevant or material to the subject matter of this litigation, or reasonably calculated to lead to the discovery of admissible evidence.    Plaintiffs reserve the right to object to the admissibility at trial of any of the information provided in response to the Request.

9.    Any statement herein that Plaintiffs will provide information responsive to a particular request or interrogatory is not a representation that such information exists or is within Plaintiffs' possession, custody, or control.    Rather, such a statement indicates that, if Plaintiffs have such responsive information within their possession, custody, or control, and the providing of the information is not otherwise objected to, Plaintiffs will provide it subject to Plaintiffs' general and specific objections.

10.    Discovery is still underway in this action.    Nevertheless, Plaintiffs have made a good faith effort to respond to the Request at this time.    Plaintiffs' responses

2

herein are necessarily preliminary and based solely on the information that is available to Plaintiffs on the date of this response.    Plaintiffs reserve the right to amend or supplement their responses and objections to the Request as discovery progresses in this action.

    11.    No objection or limitation, or lack thereof, made in the responses and objections shall be deemed an admission by Plaintiffs as to the existence or non-existence of information.

    12.    Responses are made subject to and without waiving the foregoing objections.

3

## OBJECTIONS TO SPECIFIC DOCUMENT REQUESTS

1.    Any and all documents (as defined in Definition 9(a)-(c) above) relating to Plaintiffs' employment at Republic including, without limitation, all employment applications, job descriptions, time sheets or records of hours worked, and other records, pay stubs, notes, calendars, schedules, written policies, handbooks and performance evaluations and/or performance reviews.

**Objections and Response**:    Plaintiffs object to Request No. 1 as vague,

ambiguous, and overbroad.    Plaintiffs also object on the grounds that it seeks

information not in the possession of Plaintiffs.    Subject to and without waiving the

general and specific objections, Plaintiffs will produce any responsive documents to

Request No. 1 in their possession, custody, and control which are not protected by the

attorney-client privilege or the work product doctrine.

2.    Any and all documents (as defined in Definition 9(a)-(c) above) relating to Plaintiffs' allegation, as contained in Paragraphs 7, 8, 9, 10, 11, 12, 13, 14, and 15 of the Amended Complaint, that Plaintiff Fen Z. Chen has been employed as a delivery person at Republic since March 1997, Jin L. Dong since June 2000, De Q. Lian since July 2004, Dian Lin since June 2005, Gong Y. Wang since January 2005, Zhu K. Yong since October 2001, Jin D. You since October 2004, and Cong D. Zheng since January 2005.

**Objections and Response**:    Plaintiffs object to Request No. 2 as vague,

ambiguous, and overbroad.    Plaintiffs also object on the grounds that it seeks

information not in the possession of Plaintiffs.    Subject to and without waiving the

general and specific objections, Plaintiffs will produce any responsive documents to

Request No. 2 in their possession, custody, and control which are not protected by the

attorney-client privilege or the work product doctrine.

3.    Any and all documents (as defined in Definition 9(a)-(c) above) relating to Plaintiffs' allegation, as contained in Paragraph 20, that defendant Linh Hue Le "supervises the kitchen staff, including all take-out delivery personnel, at Republic" and that he "had the power to hire and fire Plaintiffs who worked for Republic" and to "control the terms and conditions of their employment, determine the rate and method of any compensation provided to Plaintiffs and maintain employment records."

**Objections and Response**:    Plaintiffs object to Request No. 3 as vague,

4

ambiguous, and overbroad.    Plaintiffs also object on the grounds that it seeks

information not in the possession of Plaintiffs.    Subject to and without waiving the

general and specific objections, Plaintiffs will produce any responsive documents to

Request No. 3 in their possession, custody, and control which are not protected by the

attorney-client privilege or the work product doctrine.

    4.    Any and all documents (as defined in Definition 9(a)-(c) above) relating to Plaintiffs' allegation, as contained in Paragraph 22, that defendant Liang Jin Lin is "the foreman at Republic," that she "had the power to hire and fire Plaintiffs who worked for Republic" and to "control the terms and conditions of their employment, determine the rate and method of any compensation provided to Plaintiffs and maintain employment records."

    **Objections and Response**:    Plaintiffs object to Request No. 4 as vague,

ambiguous, and overbroad.    Plaintiffs also object on the grounds that it seeks

information not in the possession of Plaintiffs.    Subject to and without waiving the

general and specific objections, Plaintiffs will produce any responsive documents to

Request No. 4 in their possession, custody, and control which are not protected by the

attorney-client privilege or the work product doctrine.

    5.    Any and all documents (as defined in Definition 9(a)-(c) above) relating to Plaintiffs' allegation, as contained in Paragraph 33 of the Amended Complaint, that "Plaintiffs regularly worked for Defendants as many as six days a week, and more than sixty-five hours each week, during most or all of their employment."

    **Objections and Responses**:    Plaintiffs object to Request No. 5 as vague,

ambiguous, and overbroad.    Plaintiffs also object on the grounds that it seeks

information not in the possession of Plaintiffs.    Subject to and without waiving the

general and specific objections, Plaintiffs will produce any responsive documents to

Request No. 5 in their possession, custody, and control which are not protected by the

attorney-client privilege or the work product doctrine.

    6.    Any and all documents (as defined in Definition 9(a)-(c) above) relating to

Plaintiffs' allegation, as contained in Paragraph 34 of the Amended Complaint, that "Plaintiffs normally worked a shift of eleven and one-half hours to as many as twelve and one-half hours per day," and that typical shifts worked were "11:30 AM to 11:00 PM or 11:30 AM to 12:00 AM, during which times Defendants did not permit Plaintiffs to take breaks."

**Objections and Responses**:    Plaintiffs object to Request No. 6 as vague,

ambiguous, and overbroad.    Subject to and without waiving these objections or the

general objections, Plaintiffs will produce any responsive documents to Request No. 6 in

their possession, custody, and control which are not protected by the attorney-client

privilege or the work product doctrine.

7.    Any and all documents (as defined in Definition 9(a)-(c) above) relating to Plaintiffs' allegation, as contained in Paragraph 35 of the Amended Complaint, that during non-meal times, when Plaintiffs were not delivering food orders, Defendants required Plaintiffs to deliver menus or engage in "sidework" at the restaurant.

**Objections and Responses**:    Plaintiffs object to Request No. 7 as vague,

ambiguous, and overbroad.    Plaintiffs also object on the grounds that it seeks

information not in the possession of Plaintiffs.    Subject to and without waiving the

general and specific objections, Plaintiffs will produce any responsive documents to

Request No. 7 in their possession, custody, and control which are not protected by the

attorney-client privilege or the work product doctrine.

8.    Any and all documents (as defined in Definition 9(a)-(c) above) relating to Plaintiffs' allegation, as contained in Paragraph 36 of the Amended Complaint, that "[b]efore July 2006, Defendants compensated Plaintiffs by paying them a salary at bi-monthly intervals; after July 2006, Defendants compensated Plaintiffs by paying them a salary at weekly intervals."

**Objections and Responses**:    Plaintiffs object to Request No. 8 as vague,

ambiguous, and overbroad.    Plaintiffs also object on the grounds that it seeks

information not in the possession of Plaintiffs.    Subject to and without waiving the

general and specific objections, Plaintiffs will produce any responsive documents to

Request No. 8 in their possession, custody, and control which are not protected by the

attorney-client privilege or the work product doctrine.

9.    Any and all documents (as defined in Definition 9(a)-(c) above) relating to
Plaintiffs' allegation, as contained in Paragraph 37 of the Amended Complaint, regarding
the fact that the "weekly salary that Defendants paid to many or all of the Plaintiffs was
as low as $175 per week," which "resulted in an hourly wage as low as approximately
$2.43 per hour."

**Objections and Responses**:    Plaintiffs object to Request No. 9 as vague,

ambiguous, and overbroad.    Plaintiffs also object on the grounds that it seeks

information not in the possession of Plaintiffs.    Subject to and without waiving the

general and specific objections, Plaintiffs will produce any responsive documents to

Request No. 9 in their possession, custody, and control which are not protected by the

attorney-client privilege or the work product doctrine.

10.    Any and all documents (as defined in Definition 9(a)-(c) above) relating to
Plaintiffs' allegation, as contained in Paragraph 38 of the Amended Complaint, that
Defendants "would pay a portion of Plaintiff's compensation by check and the remaining
portion in cash."

**Objections and Responses**:    Plaintiffs object to Request No. 10 as vague,

ambiguous, and overbroad.    Plaintiffs also object on the grounds that it seeks

information not in the possession of Plaintiffs.    Subject to and without waiving the

general and specific objections, Plaintiffs will produce any responsive documents to

Request No. 10 in their possession, custody, and control which are not protected by the

attorney-client privilege or the work product doctrine.

11.    Any and all documents (as defined in Definition 9(a)-(c) above) relating to
Plaintiffs' allegation, as contained in Paragraph 39 of the Amended Complaint, regarding
whether "Defendants willfully and intentionally understated the number of hours
Plaintiffs worked per pay period on Plaintiffs' paycheck to give the appearance that
Plaintiffs were compensated in compliance with the FLSA and New York Labor Law
when, in fact, Defendants failed to satisfy their obligation to pay minimum wage required
by both the FLSA and New York Labor Law."

**Objections and Responses**:    Plaintiffs object to Request No. 11 as vague,

ambiguous, and overbroad.    Plaintiffs also object on the grounds that it seeks

information not in the possession of Plaintiffs.    Subject to and without waiving the

general and specific objections, Plaintiffs will produce any responsive documents to

Request No. 11 in their possession, custody, and control which are not protected by the

attorney-client privilege or the work product doctrine.

12.    Any and all documents (as defined in Definition 9(a)-(c) above) relating to
Plaintiffs' allegation, as contained in Paragraph 40 of the Amended Complaint, that
Defendants "were not legally entitled to claim a tip credit under the FLSA" because
"Defendants did not notify Plaintiffs of the FLSA's tip credit provisions."

**Objections and Responses**:    Plaintiffs object to Request No. 12 as vague,

ambiguous, and overbroad.    Plaintiffs also object on the grounds that it seeks

information not in the possession of Plaintiffs.    Subject to and without waiving the

general and specific objections, Plaintiffs will produce any responsive documents to

Request No. 12 in their possession, custody, and control which are not protected by the

attorney-client privilege or the work product doctrine.

13.    Any and all documents (as defined in Definition 9(a)-(c) above) relating to
Plaintiffs' allegation, as contained in Paragraphs 42, 43, 60 and 64 of the Amended
Complaint, that "Plaintiffs regularly worked between sixty-five and seventy-two hours
each week during most or all of their employment," and that despite this fact,
"Defendants willfully and intentionally failed to pay Plaintiffs overtime compensation as
required by both the FLSA and New York Labor Law."

**Objections and Responses**:    Plaintiffs object to Request No. 13 as vague,

ambiguous, and overbroad.    Plaintiffs also object on the grounds that it seeks

information not in the possession of Plaintiffs.    Subject to and without waiving the

general and specific objections, Plaintiffs will produce any responsive documents to

Request No. 13 in their possession, custody, and control which are not protected by the

attorney-client privilege or the work product doctrine.

8

14.  Any and all documents (as defined in Definition 9(a)-(c) above) relating to Plaintiffs' allegation, as contained in Paragraphs 45 and 64 of the Amended Complaint, that "Plaintiffs routinely worked a 'spread of hours' of approximately eleven and one-half hours to as many as twelve and one-half hours per day," and that despite this fact, "Defendants willfully and intentionally failed to pay Plaintiffs an extra hour's pay at the minimum wage."

**Objections and Responses**:  Plaintiffs object to Request No. 14 as vague,

ambiguous, and overbroad.   Plaintiffs also object on the grounds that it seeks

information not in the possession of Plaintiffs.   Subject to and without waiving the

general and specific objections, Plaintiffs will produce any responsive documents to

Request No. 14 in their possession, custody, and control which are not protected by the

attorney-client privilege or the work product doctrine.

15.  Any and all documents (as defined in Definition 9(a)-(c) above) relating to Plaintiffs' allegation, as contained in Paragraph 49 of the Amended Complaint, that Plaintiffs had to pay for any legal violations by Plaintiffs during the course of their work as delivery personnel.

**Objections and Responses**:  Plaintiffs object to Request No. 151 as vague,

ambiguous, and overbroad.   Plaintiffs also object on the grounds that it seeks

information not in the possession of Plaintiffs.   Subject to and without waiving the

general and specific objections, Plaintiffs will produce any responsive documents to

Request No. 15 in their possession, custody, and control which are not protected by the

attorney-client privilege or the work product doctrine.

16.  Any and all documents (as defined in Definition 9(a)-(c) above) relating to Plaintiffs' allegation, as contained in Paragraphs 50, 68 and 72 of the Amended Complaint, that Plaintiffs had to "provide a sixty dollar deposit for, and pay for the washing and drying of the uniforms that Defendants required Plaintiffs to wear during their employment."

**Objections and Responses**:  Plaintiffs object to Request No. 16 as vague,

ambiguous, and overbroad.   Plaintiffs also object on the grounds that it seeks

information not in the possession of Plaintiffs.   Subject to and without waiving the

9

general and specific objections, Plaintiffs will produce any responsive documents to

Request No. 16 in their possession, custody, and control which are not protected by the

attorney-client privilege or the work product doctrine.

     17.   Any and all documents (as defined in Definition 9(a)-(c) above) relating to
Plaintiffs' allegation, as contained in Paragraphs 51, 68 and 72 of the Amended
Complaint, that Defendants would fine Plaintiffs thirty dollars if they did not turn on the
safety light attached to their bicycle helmet prior to making a delivery."

     **Objections and Responses**:   Plaintiffs object to Request No. 17 as vague,

ambiguous, and overbroad.   Plaintiffs also object on the grounds that it seeks

information not in the possession of Plaintiffs.   Subject to and without waiving the

general and specific objections, Plaintiffs will produce any responsive documents to

Request No. 17 in their possession, custody, and control which are not protected by the

attorney-client privilege or the work product doctrine.

     18.   Any and all documents (as defined in Definition 9(a)-(c) above) relating to
Plaintiffs' allegation, as contained in Paragraph 54 of the Amended Complaint, that
"Defendants willfully failed to display, in a place accessible to employees and in a
visually conspicuous manner, the notices of employee rights" regarding minimum wage
and overtime pay and a copy of the New York Labor Law regarding the "prohibition on
illegal deductions from wages and the illegality of employers demanding or accepting
any portion of employees' tips."

     **Objections and Responses**:   Plaintiffs object to Request No. 18 as vague,

ambiguous, and overbroad.   Plaintiffs also object on the grounds that it seeks

information not in the possession of Plaintiffs.   Subject to and without waiving the

general and specific objections, Plaintiffs will produce any responsive documents to

Request No. 18 in their possession, custody, and control which are not protected by the

attorney-client privilege or the work product doctrine.

     19.   Any and all documents (as defined in Definition 9(a)-(c) above) relating to
Plaintiffs' allegation, as contained in Paragraph 55 of the Amended Complaint, that
"Defendants failed to keep full and accurate records of Plaintiffs' hours and wages in
order to avoid liability."

**Objections and Responses**:    Plaintiffs object to Request No. 19 as vague,

ambiguous, and overbroad.    Plaintiffs also object on the grounds that it seeks

information not in the possession of Plaintiffs.    Subject to and without waiving the

general and specific objections, Plaintiffs will produce any responsive documents to

Request No. 19 in their possession, custody, and control which are not protected by the

attorney-client privilege or the work product doctrine.

20.    Any and all documents (as defined in Definition 9(a)-(c) above) relating to
Plaintiffs' allegation, as contained in Paragraphs 56, 57, and 58 of the Amended
Complaint, that Defendants "knowingly, intentionally and willfully committed the acts
alleged herein," that Defendants "knew that the nonpayment of minimum wage, overtime
pay, and spread-of-hours pay would financially injury [sic] Plaintiffs," and that
"Defendants knowingly and intentionally took unlawful deductions from Plaintiffs."

**Objections and Responses**:    Plaintiffs object to Request No. 20 as vague,

ambiguous, and overbroad.    Plaintiffs also object on the grounds that it seeks

information not in the possession of Plaintiffs.    Subject to and without waiving the

general and specific objections, Plaintiffs will produce any responsive documents to

Request No. 20 in their possession, custody, and control which are not protected by the

attorney-client privilege or the work product doctrine.

21.    Any and all documents (as defined in Definition 9(a)-(c) above) relating to
Plaintiffs' allegation, as contained in Paragraphs 61, 65, 69 and 73 of the Amended
Complaint that "Defendants have failed to make a good faith effort to comply with the
FLSA with respect to compensation of Plaintiffs."

**Objections and Responses**:    Plaintiffs object to Request No. 21 as vague,

ambiguous, and overbroad.    Plaintiffs also object on the grounds that it seeks

information not in the possession of Plaintiffs.    Subject to and without waiving the

general and specific objections, Plaintiffs will produce any responsive documents to

Request No. 21 in their possession, custody, and control which are not protected by the

attorney-client privilege or the work product doctrine.

22.    Any and all documents (as defined in Definition 9(a)-(c) above) relating to any records of incoming and outgoing telephone calls made from or received by Plaintiffs' on their cellular telephone(s) and/or land-line telephone(s) from April 2001 through and including the present.

**Objections and Responses**:    Plaintiffs object to Request No. 22 as vague,

ambiguous, and overbroad, and seeking information that is no relevant to the claims or

defenses in this action, or reasonably calculated to lead to the discovery of admissible

evidence concerning the subject matter of the action.    Plaintiffs also object to Request

No. 22 on the grounds that it is unduly burdensome.    Plaintiffs further object on the

grounds that records regarding Plaintiffs' cellular telephone(s) and/or land-line

telephone(s) contain confidential personal information that is not relevant to the claims or

defenses in this action.

23.    Any and all documents (as defined in Definition 9(a)-(c) above) relating to any damages Plaintiffs are seeking in this action, including, but not limited to, unpaid wages, unpaid overtime wages, liquidated damages, compensatory damages, damages of economic, physical and emotional pain, suffering and/or inconvenience, pre-judgment interest, post-judgment interest, attorney's fees and costs.    This request includes, but is not limited to, all financial records concerning losses of salary and benefits or any other financial losses.

**Objections and Responses**:    Plaintiffs object to Request No. 23 as vague,

ambiguous, and overbroad.    Plaintiffs also object on the grounds that it seeks

information protected by attorney-client privilege and the work product doctrine.

Subject to and without waiving the general and specific objections, Plaintiffs will

produce any responsive documents to Request No. 23 in their possession, custody, and

control which are not protected by the attorney-client privilege or the work product

doctrine.

24.    Copies of Plaintiffs' federal, state and local income tax returns for the period 2001 to date, including all supporting documentation and attachments, and for any and all subsequent years as they become available during the course of this litigation.

12

**Objections**:   Plaintiffs object to Request No. 24 as vague, ambiguous, and

overbroad, and seeking information that is not relevant to the claims or defenses in this

action, or reasonably calculated to lead to the discovery of admissible evidence

concerning the subject matter of this action.   Plaintiffs also object on the grounds that it

is unduly burdensome to produce tax returns which were filed more than five years prior

to the commencement of this action.   Plaintiffs further object on the grounds that tax

returns contain confidential personal information that is not relevant to the claims or

defenses in this action.

25.   Any and all notes, records or other documents prepared by or maintained by
Plaintiffs, whether in electronic or written form, concerning the events that are the subject
of the Amended Complaint.

**Objections and Responses**:   Plaintiffs object to Request No. 25 as vague,

ambiguous, and overbroad.   Subject to and without waiving the general and specific

objections, Plaintiffs will produce any responsive documents to Request No. 25 in their

possession, custody, and control which are not protected by the attorney-client privilege

or the work product doctrine.

26.   Any and all documents (as defined in Definition 9(a)-(c) above) that
Plaintiffs, or any person acting on their behalf, filed with or otherwise gave or produced
or received from the United States Department of Labor (the "US DOL"), the New York
State Department of Labor ("NYSDOL"), the National Labor Relations Board (the
"NLRB"), the Equal Employment Opportunity Commission ("EEOC"), New York State
Division of Human Rights ("SDHR"), New York City Commission on Human of Rights
[sic] ("CCHR") or any similar federal, state or local government agency including, but
not limited to, all documents relating to any charge filed with the US DOL, the NYSDOL,
the NLRB, the EEOC, the SDHR, the CCHR, or other similar agency relating to the
allegations contained in the Amended Complaint.

**Objections and Responses**:   Plaintiffs object to Request No. 26 as vague,

ambiguous, and overbroad.   Plaintiffs also object on the grounds that it seeks

information protected by attorney-client privilege and the work product doctrine.

Subject to and without waiving the general and specific objections, Plaintiffs will

produce any responsive documents to Request No. 26 in their possession, custody, and

control which are not protected by the attorney-client privilege or the work product

doctrine.

27.    Any and all documents (as defined in Definition 9(a)-(c) above) that
Plaintiffs, or any person acting on their behalf, received from the US DOL, NYSDOL,
NLRB, EEOC, SDHR, CCHR, or any similar agency, including, but not limited to, all
documents relating to the allegations contained in the Amended Complaint.

**Objections and Responses**:    Plaintiffs object to Request No. 27 as vague,

ambiguous, and overbroad, and seeking information that is not relevant to the claims or

defenses in this action, or reasonably calculated to lead to the discovery of admissible

evidence concerning the subject matter of this action.    Subject to and without waiving

the general and specific objections, Plaintiffs will produce any responsive documents to

Request No. 27 in their possession, custody, and control which are not protected by the

attorney-client privilege or the work product doctrine.

28.    Any and all documents (as defined in Definition 9(a)-(c) above) relating to
any claim or complaint of wage and hour violations made by any Plaintiff at any time, at
any previous and/or current employer, including the Defendants, other than the Amended
Complaint.

**Objections and Responses**:    Plaintiffs object to Request No. 28 as vague,

ambiguous, and overbroad, and seeking information that is not relevant to the claims or

defenses in this action, or reasonably calculated to lead to the discovery of admissible

evidence concerning the subject matter of this action.    Subject to and without waiving

the general and specific objections, Plaintiffs will produce any responsive documents to

Request No. 28 in their possession, custody, and control which are not protected by the

attorney-client privilege or the work product doctrine.

29.    Any and all documents (as defined in Definition 9(a)-(c) above) relating to

14

any communications between Plaintiffs and any other person that relate to the allegations in the Amended Complaint.

**Objections and Responses**:    Plaintiffs object to Request No. 29 as vague,

ambiguous, and overbroad.    Plaintiffs also object on the grounds that it seeks

information protected by attorney-client privilege and the work product doctrine.

Subject to and without waiving the general and specific objections, Plaintiffs will

produce any responsive documents to Request No. 29 in their possession, custody, and

control which are not protected by the attorney-client privilege or the work product

doctrine.

30.    All other documents (as defined in Definition 9(a)-(c) above) written by Plaintiffs, received by Plaintiffs and/or in Plaintiffs' possession, custody or control relating, directly or indirectly, to any of the allegations in the Amended Complaint.

**Objections and Responses**:    Plaintiffs object to Request No. 30 as vague,

ambiguous, and overbroad.    Plaintiffs also object on the grounds that it seeks

information protected by attorney-client privilege and the work product doctrine.

Subject to and without waiving the general and specific objections, Plaintiffs will

produce any responsive documents to Request No. 30 in their possession, custody, and

control which are not protected by the attorney-client privilege or the work product

doctrine.

31.    Any and all other documents (as defined in Definition 9(a)-(c) above) not heretofore expressly requested that Plaintiffs believe support the allegations in the Amended Complaint or their claims for damages.

**Objections and Responses**:    Plaintiffs object to Request No. 31 as vague,

ambiguous, and overbroad.    Plaintiffs also object on the grounds that it seeks

information protected by attorney-client privilege and the work product doctrine.

Subject to and without waiving the general and specific objections, Plaintiffs will

produce any responsive documents to Request No. 31 in their possession, custody, and control which are not protected by the attorney-client privilege or the work product doctrine.

32.    Any and all documents (as defined in Definition 9(a)-(c) above) reviewed by/or relied upon by Plaintiffs in preparation of the Amended Complaint.

**Objections and Responses**:    Plaintiffs object to Request No. 32 as vague, ambiguous, and overbroad.    Plaintiffs also object on the grounds that it seeks information protected by attorney-client privilege and the work product doctrine. Subject to and without waiving the general and specific objections, Plaintiffs will produce any responsive documents to Request No. 32 in their possession, custody, and control which are not protected by the attorney-client privilege or the work product doctrine.

33.    Any and all documents (as defined in Definition 9(a)-(c) above) that Plaintiffs intend to or may introduce at the trial of this action, or in support of or in opposition to a motion for summary judgment in this action.

**Objections and Responses**:    Plaintiffs object to Request No. 33 as vague, ambiguous, and overbroad.    Plaintiffs also object on the grounds that it seeks information protected by attorney-client privilege and the work product doctrine. Subject to and without waiving the general and specific objections, Plaintiffs will produce any responsive documents to Request No. 33 in their possession, custody, and control which are not protected by the attorney-client privilege or the work product doctrine.

34.    Any and all documents (as defined in Definition 9(a)-(c) above) submitted to, or reviewed or created by, any expert witness that Plaintiffs intend to call as a witness or with whom they have consulted as a potential expert witness.

**Objections and Responses**:    Plaintiffs object to Request No. 34 as vague,

ambiguous, and overbroad.   Plaintiffs also object on the grounds that it seeks

information protected by attorney-client privilege and the work product doctrine.

Plaintiffs have not consulted any potential expert witnesses and currently do not intend to

call any expert witnesses at trial.   If, at a later date, Plaintiffs consult potential expert

witnesses or determine that expert witnesses will be called at trial, subject to and without

waiving the general and specific objections, Plaintiffs will produce any responsive

documents to Request No. 34 in their possession, custody, and control which are not

protected by the attorney-client privilege or the work product doctrine.


Dated:    New York, NY
          January 25, 2008


William Miller (WM-9975)
Jonathan Adler (JA-7424)
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017


KENNETH KIMERLING (KK-5762)
ASIAN AMERICAN LEGAL DEFENSE
AND EDUCATION FUND
99 Hudson Street
New York, N.Y. 10013

Attorneys for Plaintiffs


17

# McDermott
# Will&Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Munich
New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Leslie New
Associate
lnew@mwe.com
212.547.5621

February 7, 2008

**VIA EMAIL**

Mr. William Miller
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017

Re:    Chen *et al.* v. Republic Restaurant Corp. *et al.*
       Index No. 07-CV-03307 (LTS)(RLE)

Dear Will:

As you know, this firm represents Defendants in the above-referenced matter. I am writing to bring to your attention several deficiencies in Plaintiffs' responses to Defendants' First Request for the Production of Documents (the "Request(s)").

**Request No. 22**

In Request No. 22, Defendants called for the production of telephone records from 2001 to date. Plaintiffs objected to this Request because Plaintiffs claim that: (i) telephone records are not likely to lead to the discovery of admissible evidence; (ii) the production of telephone records is unduly burdensome; and (iii) information contained in the telephone records is confidential.

As an initial matter, cellular and/or land-line telephone records are likely to lead to the discovery of admissible evidence in this action. More specifically, Plaintiffs allege that they were required to work during the afternoons between the lunch and dinner shifts without being compensated properly for that time. Defendants contend that Plaintiffs were generally given time off between shifts. Thus, telephone records are relevant to our defense because they may demonstrate that they regularly received and placed phone calls during the afternoon, indicating that Plaintiffs were not in fact working during that time. Moreover, obtaining these records is not unduly burdensome, as Plaintiffs – who are accountholders with the telephone companies – are entitled to obtain such records from their telephone companies. Additionally, Plaintiffs likely receive monthly statements containing the requested information. Finally, the phone numbers indicated on these records (other than any telephone number associated with Republic, *e.g.*, 212.624.7172) can be redacted to alleviate Plaintiffs' concern with respect to confidentiality.

Mr. William Miller
February 7, 2008
Page 2

**Request No. 24**

In Request No. 24, Defendants called for the production of Plaintiffs' federal, state and local tax returns from 2001 to date. Plaintiffs objected to this Request because Plaintiffs claim that: (i) the Returns are not likely to lead to the discovery of admissible evidence; (ii) the production of tax returns is unduly burdensome; and (iii) information contained in the tax returns is confidential.

Defendants are entitled to Plaintiffs' federal, state and local income tax returns for the period of 2001 to date including all supporting documentation and attachments. Put simply, Plaintiffs are requesting backpay in this action, and tax returns are necessary to calculate Plaintiffs' damages. Defendants contend that Plaintiffs are claiming damages for sums of money that they may have already earned in cash and were not reported as income for the years at issue, which is relevant to our defense.

Presumably, obtaining Plaintiffs' tax returns is not unduly burdensome because Plaintiffs retain copies of their own tax returns (if they indeed filed them). In addition, any confidential information (*e.g.*, social security numbers or phone numbers) contained in the returns may be redacted prior to production to alleviate any concerns with respect to confidentiality.

**Plaintiffs' W-2s and Pay Stubs**

In response to some of the Requests, Plaintiffs produced W-2s and pay stubs for Fen Zhi Chen and Jin Long Dong. However, Plaintiffs have not produced such documents for the remaining six Plaintiffs. Defendants are entitled to W-2s and pay stubs from the remaining Plaintiffs to explore Plaintiffs' damages claims.

In sum, if we do not receive the foregoing documents by February 13, 2008, Defendants will not be able to take Plaintiffs' scheduled depositions and will be forced to move for an order to compel production of documents with respect to these issues.

Very truly yours,

Leslie New

cc:    Ken Kimerling, Esq.

# DAVIS POLK & WARDWELL

450 LEXINGTON AVENUE
NEW YORK, NY 10017
212 450 4000
FAX 212 450 3800

MENLO PARK
WASHINGTON, D.C.
LONDON
PARIS
FRANKFURT
MADRID
TOKYO
BEIJING
HONG KONG

WILLIAM MILLER
212 450 4815
WILLIAM.MILLER@DPW.COM

February 11, 2008

**Re:    Fen Z. Chen, et al. v. Republic Restaurant Corp., et al. (07 CV 3307)**

Ms. Leslie New
McDermott Will & Emery
340 Madison Avenue
New York, NY 10173-1922

Dear Leslie:

I am writing in response to your letter dated February 7, 2008 (the "February 7 Letter") regarding purported deficiencies in Plaintiffs' responses to Defendants' First Request for the Production of Documents (the "Request") in the above-referenced matter.

**Request No. 22**

In the February 7 Letter, Defendants disagreed with Plaintiffs' objections to Request No. 22 calling for the production of Plaintiffs' telephone records from 2001 through the present on the basis that: (i) telephone records are not likely to lead to the discovery of admissible evidence; and (ii) the production of telephone records is unduly burdensome.[1]

Defendants note that cellular and landline telephone records would likely lead to the discovery of admissible evidence because Defendants allege that Plaintiffs were given time off from work during the afternoon between lunch and dinner shifts and evidence of phone calls made or received by Plaintiffs during this time would indicate that Plaintiffs were not working. We disagree with Defendants' assessment of the probative value of such records in three respects.

---

[1] Plaintiffs also objected to the request on the basis that the information contained in the telephone records is confidential. Defendants acknowledged the concern and stated that all telephone numbers other than Defendants' telephone number can be redacted.

First, if Plaintiffs have landline telephones at their residences, such landline telephones would be used by people who live with Plaintiffs (e.g., family members, roommates) as well as Plaintiffs. The records for landline telephones would not indicate which individuals were making telephone calls at specific times. Accordingly, Defendants would be unable to state that Plaintiffs made or received calls on the landline telephone at specific times. Therefore, because landline telephone records would not provide any support to Defendants' contention that Plaintiffs were not working in the afternoon, such landline telephone records are not likely to lead to the discovery of admissible evidence. Accordingly, Plaintiffs will not produce any landline telephone records to Defendants.

Second, Request No. 22 calls for records from April 2001 through the present. However, Plaintiffs have not worked from 2:30 P.M. to 6:30 P.M. since the end of April 2007 due to a change in Defendants' practices. Therefore, telephone records from April 2007 through the present have no probative value and Plaintiffs will not produce any cellular telephone records from that time period.

Third, under the Fair Labor Standards Act and New York Labor Law, an employer is required to compensate an employee for time spent waiting to work if it benefits the employer. Skidmore v. Swift, 323 U.S. 134, 137 (1944); 12 N.Y.C.R.R. § 137–3.6. Regulations promulgated by the U.S. Department of Labor state:

> A stenographer who reads a book while waiting for dictation, a messenger who works a crossword puzzle while awaiting assignments, a fireman who plays checkers while waiting for alarms and a factory worker who talks to his fellow employees while waiting for machinery to be repaired are all working during their periods of inactivity. . . . [The wait time is work time because] the employee is unable to use the time effectively for his own purposes. It belongs to and is controlled by the employer. In all of these cases waiting is an integral part of the job. The employee is engaged to wait.

29 C.F.R. § 785.15. If Plaintiffs were waiting for deliveries and other assignments from Defendants, as we claim, Defendants are required to compensate Plaintiffs for that time, even if they were making and receiving telephone calls. Accordingly, evidence showing that Plaintiffs made and received calls on their cellular telephones during the afternoon will not establish that Plaintiffs were given that time off. Therefore, Plaintiffs' cellular telephone records from April 2001 through April 2007 have no probative value.

Although we do not believe that Plaintiffs' cellular telephone records have any probative value, we acknowledge that the scope of discovery is fairly broad.

Ms. Leslie New                         3                    February 11, 2008

Therefore, Plaintiffs will produce to Defendants, in redacted form, all cellular telephone records currently in Plaintiffs' possession for the period of April 2001 through April 2007. However, Plaintiffs will not produce to Defendants any cellular telephone records not currently in Plaintiffs' possession for the period of April 2001 through April 2007 because the burden of requesting such records from the telephone companies greatly outweighs the probative value of those records for three reasons. First, Defendants have requested Plaintiffs' cellular telephone records from as far back as seven years ago. It is very likely that the telephone companies will charge Plaintiffs a fee for these records.[2] Second, it is likely that Plaintiffs have used numerous cellular telephone companies during the course of the past seven years which will require requests of multiple telephone companies by each Plaintiff. Third, given that Plaintiffs do not speak English, the process of requesting such records will be extremely time consuming. For these reasons, the burden of requesting Plaintiffs' cellular telephone records from the telephone companies greatly outweighs the probative value of those records. If Defendants wish to request Plaintiffs' cellular telephone records from the telephone companies pursuant to a court order, Plaintiffs will not object to such a request provided it is made in conjunction with a confidentiality order prohibiting the disclosure of Plaintiffs' personal information.

**Request No. 24**

In the February 7 Letter, Defendants disagreed with Plaintiffs' objection to Request No. 24 of the Request calling for the production of Plaintiffs' federal, state, and local tax returns from 2001 through the present date on the basis that such tax returns are not likely to lead to the discovery of admissible evidence.[3] Defendants contend that tax returns are necessary to calculate Plaintiffs' damages because Plaintiffs are claiming damages for sums of money that they may have earned in cash and were not reported as income for the years at issue. It is unclear to us how Plaintiffs' tax returns will provide information regarding cash not reported as income; if Plaintiffs did not report cash as income, as Defendants claim, then such unreported amounts, by definition, would not appear on Plaintiffs' tax returns. Rather, Plaintiffs' tax returns will include the amounts listed on Plaintiffs' W-2s, which Defendants created and have produced to Plaintiffs. Because Plaintiffs' tax returns will not provide any information regarding unreported cash income received by Plaintiffs, Plaintiffs object to Request No. 24 on the basis that such tax returns are not likely to lead to the discovery of admissible evidence.

---

[2] For example, Verizon Wireless charges $25.00 for every six months of records. This would result in fees of approximately $350 for seven years of records for each Plaintiff.

[3] Plaintiffs also objected to the request on the basis that the information contained in the telephone records is confidential. Defendants acknowledged the concern and stated that all telephone numbers other than Defendants' telephone number can be redacted.

Ms. Leslie New                          4                    February 11, 2008

**Plaintiffs' W-2s and Pay Stubs**

In the February 7 Letter, Defendants noted that Plaintiffs have produced W-2s and pay stubs for Fen Zhi Chen and Jin Long Dong but have not produced W-2s and pay stubs for the other six Plaintiffs. The other six Plaintiffs do not have W-2s or pay stubs in their possession. Accordingly, Plaintiffs have produced all of Plaintiffs' W-2s and pay stubs in their possession.[4]

We will produce Plaintiffs' cellular telephone records which they currently possess for the period April 2001 through April 2007 as soon as possible. However, it is unlikely that we will produce these documents by February 13, 2008. Defendants are free to cancel the scheduled depositions of Plaintiffs. However, Plaintiffs will take the deposition of Defendant Huy Chi Le as the 30(b)(6) representative of Defendants Me'Kong Delta, Inc., Republic GC, LLC, and Republic Restaurant Corp. on February 21, 2008, the deposition of Defendant Lin Hue Le on March 3, 2008, and the deposition of Defendant Liang Jin Lin on March 10, 2008, as you proposed on January 31, 2008 and we agreed on February 2, 2008.

Please contact me at (212) 450-4815 or at the email address listed above at your convenience if you have any questions.

Sincerely,

William Miller

cc:    Kenneth Kimerling, Esq.

By Electronic Delivery

---

[4] It should be noted that Defendants are the creators of Plaintiffs' W-2s and pay stubs and, therefore, are the best source for such documents.